1  Thomas R. Burke (CA State Bar No. 141930)
       ThomasBurke@dwt.com
2  DAVIS WRIGHT TREMAINE LLP
   505 Montgomery Street, Suite 800
3  San Francisco, California  94111
   Telephone:     (415) 276-6500
4  Facsimile:     (415) 276-6599

5  Ronald London (D.C. Bar No. 456284) (*pro hac vice*)
       RonaldLondon@dwt.com
6  DAVIS WRIGHT TREMAINE LLP
   1919 Pennsylvania Avenue, N.W., Suite 800
7  Washington, D.C.  20006-3401
   Telephone:     (202) 973-4200
8  Facsimile:     (202) 973-4499

9  Brendan N. Charney (CA State Bar No. 293378)
       BrendanCharney@dwt.com
10 DAVIS WRIGHT TREMAINE LLP
   865 S. Figueroa Street, Suite 2400
11 Los Angeles, California  90017
   Telephone:     (213) 633-6800
12 Facsimile:     (213) 633-6899

13 Attorneys for Defendants
   REVEAL FROM THE CENTER FOR INVESTIGATIVE
14 REPORTING; MATT SMITH; and AMY WALTERS

15

16              IN THE UNITED STATES DISTRICT COURT

17              THE NORTHERN DISTRICT OF CALIFORNIA

PLANET AID, INC.,                    | Case No. 3:17-cv-03695-MMC

              Plaintiff,             | Assigned to the Hon. Maxine M. Chesney

       v.                            | **DEFENDANTS' ANSWER TO COMPLAINT**

REVEAL, CENTER FOR INVESTIGATIVE
REPORTING,                           | Action Filed:      August 25, 2016
                                     | Action Transferred:   June 28, 2017
              Defendant.

*(left margin, vertical)* DAVIS WRIGHT TREMAINE LLP

Defendants Reveal from the Center For Investigative Reporting ("CIR"), Matt Smith ("Smith") and Amy Walters ("Walters") (collectively, "Defendants"), by their undersigned attorneys Davis Wright Tremaine LLP, as and for their Answer to Plaintiffs' Complaint, allege as follows:

## I.        RESPONSE TO PLAINTIFFS' "PRELIMINARY STATEMENT"

1.        To the extent the allegations set forth in Paragraph 1 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

2.        Defendants deny that either Plaintiff Planet Aid, Inc. ("Planet Aid") or Plaintiff Lisbeth Thomsen ("Thomsen") were a "target" of any "scheme" by Defendants.  As to the remaining allegations in Paragraph 2 of the Complaint, Defendants admit on information and belief that Planet Aid is incorporated as a non-profit; at the time of the filing of the Complaint, Planet Aid had been in existence for at least eighteen years; that Planet Aid's purported mission is represented in Paragraph 2 of the Complaint; that Thomsen works with Development Aid from People to People Malawi ("DAPP Malawi"); that Planet Aid and DAPP Malawi are affiliated, including through contract; and that Thomsen has worked on purported aid projects in Malawi. Except as expressly admitted, Defendants deny the allegations of Paragraph 2 of the Complaint.

3.        Defendants deny any "scheme" by Defendants.  As to the remaining allegations of Paragraph 3 of the Complaint, which purport to characterize unspecified articles and reports allegedly published or broadcast by Defendants, Defendants admit that CIR published articles and broadcast reports concerning Planet Aid and DAPP Malawi which referred to Thomsen; state that the articles and reports speak for themselves; and respectfully refer the Court to the articles and reports attached as Exhibits A-H to the Complaint for the contents thereof.  Defendants further admit, on information and belief, that Food for Progress involves grants of public funds by the U.S. government for foreign aid to Africa, including Malawi.  To the extent the remaining allegations set forth in Paragraph 3 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

DAVIS WRIGHT TREMAINE LLP

allegations of fact, Defendants deny the remaining allegations set forth in Paragraph 3 of the Complaint.

4.   In response to the allegations of Paragraph 4 of the Complaint which purport to characterize unspecified articles and reports allegedly published or broadcast by Defendants, Defendants admit that CIR published articles and broadcast reports concerning Planet Aid and DAPP Malawi which referred to Thomsen; state that the articles and reports speak for themselves; and respectfully refer the Court to the articles and reports attached as Exhibits A-H to the Complaint for the contents thereof.  Defendants further admit that Kandani Ngwira ("Ngwira"), who assisted on several of the articles and reports, was convicted of violating Section 26(1) of the Malawi Corrupt Practices Act.  Defendants further admit that Plaintiffs and/or Plaintiffs' agents claimed to Defendants that certain portions of the articles and reports were false, including through a statement by Andrew Rice on January 10, 2016 and through a letter from Planet Aid's litigation counsel on January 20, 2017. To the extent the remaining allegations set forth in Paragraph 4 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny the allegations of Paragraph 4 of the Complaint.

5.   To the extent the allegations set forth in Paragraph 5 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

6.   To the extent the allegations set forth in Paragraph 6 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants admit that Ngwira, who assisted on several of the articles and reports, was convicted of violating Section 26(1) of the Malawi Corrupt Practices Act.  As to the allegations concerning the past alleged actions of unspecified "sources", Defendants admit that Jackson Mtimbuka's employment with DAPP Malawi was severed in February, 2010.  Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 of the Complaint concerning the

DAVIS WRIGHT TREMAINE LLP

1    alleged arrest of, and/or alleged "legal action" against, an unspecified source, and on that basis

2    deny, specifically and generally, each and every such allegation therein. Except as expressly

3    admitted, Defendants deny the allegations of Paragraph 6 of the Complaint, including the

4    allegations that Defendants "relied on sources they should have known were suspect."

5           7.      In response to the allegations of Paragraph 7 of the Complaint, which purport to

6    characterize unspecified articles and reports allegedly published or broadcast by Defendants,

7    Defendants admit that CIR published articles and broadcast reports concerning Planet Aid and

8    DAPP Malawi which referred to Thomsen; state that the articles and reports speak for themselves;

9    and respectfully refer the Court to the articles and reports attached as Exhibits A-H to the

10    Complaint for the contents thereof.

11           8.      In response to the allegations of Paragraph 8 of the Complaint, which purport to

12    characterize unspecified articles and reports allegedly published or broadcast by Defendants,

13    Defendants admit that CIR published articles and broadcast reports concerning Planet Aid and

14    DAPP Malawi which referred to Thomsen; state that the articles and reports speak for themselves;

15    and respectfully refer the Court to the articles and reports attached as Exhibits A-H to the

16    Complaint for the contents thereof.

17           9.      In response to the allegations of Paragraph 9 of the Complaint, which purport to

18    characterize unspecified articles and reports allegedly published or broadcast by Defendants,

19    Defendants admit that CIR published articles and broadcast reports concerning Planet Aid and

20    DAPP Malawi which referred to Thomsen; state that the articles and reports speak for themselves;

21    and respectfully refer the Court to the articles and reports attached as Exhibits A-H to the

22    Complaint for the contents thereof. Except as expressly admitted, Defendants deny the allegations

23    of Paragraph 9 of the Complaint.

24          10.      In response to the allegations of Paragraph 10 of the Complaint, which purport to

25    characterize unspecified articles and reports allegedly published or broadcast by Defendants,

26    Defendants admit that CIR published articles and broadcast reports concerning Planet Aid and

27    DAPP Malawi which referred to Thomsen; state that the articles and reports speak for themselves;

28    and respectfully refer the Court to the articles and reports attached as Exhibits A-H to the

DAVIS WRIGHT TREMAINE LLP

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

Complaint for the contents thereof.  To the extent the allegations set forth in Paragraph 10 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants admit that UNICEF decided to cut off funding to DAPP Malawi.  Except as expressly admitted, Defendants deny the allegations of Paragraph 10 of the Complaint.

11.     In response to the allegations of Paragraph 11 of the Complaint, which purport to characterize unspecified articles and reports allegedly published or broadcast by Defendants, Defendants admit that CIR published articles and broadcast reports concerning Planet Aid and DAPP Malawi which referred to Thomsen; state that the articles and reports speak for themselves; and respectfully refer the Court to the articles and reports attached as Exhibits A-H to the Complaint for the contents thereof.  To the extent the allegations set forth in Paragraph 11 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants admit that USDA officials have stated that the USDA takes allegations of wrongdoing seriously and that USDA staff has referred allegations concerning Planet Aid to the USDA's Inspector General.  Defendants further admit that U.S. Representative Betty McCollum has called for an investigation of Planet Aid and its affiliates. Except as expressly admitted, Defendants deny the allegations of Paragraph 11 of the Complaint.

12.     Defendants deny the allegations of Paragraph 12 of the Complaint.

## II.    RESPONSE TO PLAINTIFFS' ALLEGATIONS CONCERNING JURISDICTION AND VENUE

13.     In response to the allegations set forth in Paragraph 13 of the Complaint, Defendants do not dispute that this Court has subject matter jurisdiction over this action.

14.     To the extent the allegations set forth in Paragraph 14 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants admit, in response to the allegations of Paragraph 14 of the Complaint which purport to characterize unspecified articles and reports allegedly published or broadcast by Defendants, that CIR published articles on the Internet and

DAVIS WRIGHT TREMAINE LLP

broadcast reports concerning Planet Aid and DAPP Malawi which referred to Thomsen; state that the articles and reports speak for themselves; and respectfully refer the Court to the articles and reports attached as Exhibits A-H to the Complaint for the contents thereof.  Defendants further admit that Smith and Walters contacted two Planet Aid employees in Maryland, but deny that any interviews were conducted in Maryland.  Except as expressly admitted, Defendants deny the allegations of Paragraph 14 of the Complaint, including the allegation that "Defendants…took steps to ensure that their conduct would cause damage and injury" to Planet Aid, in Maryland or elsewhere.

15. To the extent the allegations set forth in Paragraph 15 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 15 of the Complaint and refer the Court to the Opinion and Order by the Honorable George L. Russell, III, U.S. District Judge of the District of Maryland, holding that Defendants are not subject to personal jurisdiction in the District of Maryland and transferring this case from the District of Maryland to the Northern District of California (ECF Nos. 21 and 22, respectively).

16. In response to the allegations set forth in Paragraph 16 of the Complaint, Defendants deny that venue is proper in the District of Maryland, and refer the Court to the Opinion and Order by the Honorable George L. Russell, III, U.S. District Judge of the District of Maryland, transferring this case from the District of Maryland to the Northern District of California (ECF Nos. 21 and 22, respectively).  Defendants do not dispute that venue is proper in the Northern District of California.

III.    **RESPONSE TO ALLEGATIONS CONCERNING THE PARTIES**

17. Defendants admit, on information and belief, that Planet Aid was incorporated in Massachusetts in 1997; is recognized by the IRS as a not-for-profit organization; and that Planet Aid's purported mission is represented in Paragraph 17 of the Complaint.  Except as expressly admitted, Defendants deny the allegations of Paragraph 17 of the Complaint.

DAVIS WRIGHT TREMAINE LLP

1    18.    Defendants lack sufficient knowledge or information sufficient to form a belief as

2  to the truth of the allegations set forth in Paragraph 18 of the Complaint and on that basis deny,

3  specifically and generally, each and every allegation therein.

4    19.    In response to the allegations of Paragraph 19 of the Complaint, Defendants admit

5  that Planet Aid has worked with a variety of organizations, including DAPP Malawi.  Except as

6  expressly admitted, Defendants deny the allegations of Paragraph 19 of the Complaint.

7    20.    In response to the allegations set forth in Paragraph 20 of the Complaint,

8  Defendants admit that Planet Aid is affiliated with the Federation for Associations connected to

9  the International Humana People to People Movement, which has accepted payment from

10  organizations including Planet Aid, DAPP Malawi, and ADPP Mozambique.  Defendants lack

11  sufficient knowledge or information sufficient to form a belief as to whether the Federation for

12  Associations connected to the International Humana People to People Movement is a bona fide

13  non-profit organization.  Except as expressly admitted, Defendants deny the allegations of

14  Paragraph 20 of the Complaint.

15    21.    Defendants admit that Thomsen has worked with DAPP Malawi as the Country

16  Director in Malawi.  Except as expressly admitted, Defendants deny the allegations of Paragraph

17  21 of the Complaint.

18    22.    In response to the allegations set forth in Paragraph 22 of the Complaint,

19  Defendants admit that Thomsen is a resident of Malawi, though Defendants lack sufficient

20  knowledge or information sufficient to form a belief as to the precise number of years Thomsen

21  has resided in Malawi.  Defendants further admit that Thomsen is among the individuals and/or

22  entities that have supervised the activities of DAPP Malawi.  Except as expressly admitted,

23  Defendants deny the allegations of Paragraph 22 of the Complaint.

24    23.    Defendants admit that CIR is a non-profit corporation incorporated and

25  headquartered in California that conducts ongoing investigative reporting projects for publication

26  and broadcast to the public, and partners with other journalistic organizations on certain occasions

27  in order to do so.

28

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

DAVIS WRIGHT TREMAINE LLP

24. In response to the allegations of Paragraph 24 of the Complaint, which purport to characterize alleged statements about CIR on CIR's website, Defendants admit that CIR's website contains statements about CIR; state that the website speaks for itself; and respectfully refer the Court to CIR's website, available at www.revealnews.org/about-us, for the contents thereof.

25. To the extent the allegations set forth in Paragraph 25 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26. Defendants admit that Smith is a reporter for CIR. In response to the remaining allegations of Paragraph 26 of the Complaint, which purport to characterize alleged statements about Smith on CIR's website, Defendants admit that CIR's website contains statements about Smith; state that the website speaks for itself; and respectfully refer the Court to CIR's website, available at www.revealnews.org/author/matt-smith, for the contents thereof.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants admit that Walters was and is a reporter for CIR. In response to the remaining allegations of Paragraph 28 of the Complaint, which purport to characterize alleged statements about Walters on CIR's website, Defendants admit that CIR's website contains statements about Walters; state that the website speaks for itself; and respectfully refer the Court to CIR's website, available at www.revealnews.org/author/amywalters, for the contents thereof.

29. In response to the allegations of Paragraph 29 of the Complaint, which purport to characterize an alleged report by the ombudsman for an unspecified news organization, Defendants admit that the National Public Radio ("NPR") Ombudsman issued a report concerning a three-part investigative series reported by Laura Sullivan and produced by Walters ("Ombudsman Report") and that NPR published an Editor's Note responding to the Ombudsman Report; state that the Ombudsman Report and Editor's Note speaks for themselves; and respectfully refer the Court to the Ombudsman Report and the Editor's Note, available respectively at http://www.npr.org/sections/ombudsman/2013/08/09/186943929/s-dakota-indian-

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

DAVIS WRIGHT TREMAINE LLP

1   foster-care-1-investigative-storytelling-gone-awry and http://www.npr.org/sections/ombudsman/
2   2013/08/09/2013/08/09/210615253/editors-note?live=1, for the contents thereof.

3          30.    In response to the allegations of Paragraph 30 of the Complaint, which purport to
4   characterize an alleged report by the ombudsman for an unspecified news organization,
5   Defendants admit that the NPR Ombudsman issued the Ombudsman Report and that NPR
6   published an Editor's Note responding to the Ombudsman Report; state that the Ombudsman
7   Report and Editor's Note speaks for themselves; and respectfully refer the Court to the
8   Ombudsman Report and the Editor's Note, available respectively at http://www.npr.org/sections/
9   ombudsman/2013/08/09/186943929/s-dakota-indian-foster-care-1-investigative-storytelling-gone-
10  awry and http://www.npr.org/sections/ombudsman/2013/08/09/2013/08/09/210615253/editors-
11  note?live=1, for the contents thereof.

12         31.    In response to the allegations of Paragraph 31 of the Complaint, which purport to
13  characterize an alleged report by the ombudsman for an unspecified news organization, and the
14  news organization's response, Defendants admit that the NPR Ombudsman issued the
15  Ombudsman Report and that NPR published an Editor's Note responding to the Ombudsman
16  Report; state that the Ombudsman Report and Editor's Note speaks for themselves; and
17  respectfully refer the Court to the Ombudsman Report and the Editor's Note, available
18  respectively at http://www.npr.org/sections/ombudsman/2013/08/09/186943929/s-dakota-indian-
19  foster-care-1-investigative-storytelling-gone-awry and http://www.npr.org/sections/ombudsman/
20  2013/08/09/2013/08/09/210615253/editors-note?live=1, for the contents thereof.

21         32.    Defendants deny the allegations of Paragraph 32 of the Complaint.

22         33.    Defendants admit that Defendants worked with at least one local individual in
23  Malawi who contacted potential sources and was authorized to represent to individuals that he was
24  working with Defendants.  Except as expressly admitted, Defendants deny the allegations of
25  Paragraph 33 of the Complaint.

26         34.    Defendants admit that Ngwira lives and works in Malawi as a journalist, and that
27  he was convicted of violating Section 26(1) of the Malawi Corrupt Practices Act.  Except as
28  expressly admitted, Defendants deny the allegations of Paragraph 34 of the Complaint.

DAVIS WRIGHT TREMAINE LLP

8

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

35.     In response to the allegations of Paragraph 35 of the Complaint, which purport to characterize an article by Defendants concerning Planet Aid, Defendants admit that on May 23, 2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult Through African Aid Charities" that was written by Smith and Walters with assistance from Ngwira; state that the article speaks for itself; and respectfully refer the Court to the article, attached as Exhibit B to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 35 of the Complaint.

36.     The allegations set forth in Paragraph 36 are vague, ambiguous and unintelligible, and Defendants therefore lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny, specifically and generally, each and every allegation therein.

37.     The allegations set forth in Paragraph 37 are vague, ambiguous and unintelligible, and Defendants therefore lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny, specifically and generally, each and every allegation therein.

**IV.     RESPONSE TO ALLEGATIONS CONCERNING USDA PROGRAMS RELATING TO MALAWI**

38.     Defendants admit the allegations in Paragraph 38.

39.     Defendants admit that in or about June 2005 Planet Aid applied for a grant by the USDA and that the purported terms of the grant are represented in Paragraph 39, and that Planet Aid and USDA entered into two contracts, one in June 2006 and one in June 2009.  Except as expressly admitted, Defendants deny the allegations of Paragraph 39 of the Complaint.

40.     Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint and on that basis deny, specifically and generally, each and every allegation therein.

41.     Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint and on that basis deny, specifically and generally, each and every allegation therein.

DAVIS WRIGHT TREMAINE LLP

9

42.     Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and on that basis deny, specifically and generally, each and every allegation therein.

43.     In response to the allegations of Paragraph 43 of the Complaint, Defendants admit that, in connection with Planet Aid's contracts with the USDA in June 2006 and June 2009, farmers received agricultural training, instruction, and advice.  Defendants further admit that farmers received a corn mill, though Defendants state that there apparently was not enough fuel to operate it.  Defendants further admit that at least one live goat and/or pig was distributed, though Defendants lack sufficient knowledge or information sufficient to form a belief as to the quantity of live goat(s) or pig(s) received by farmers.  Defendants further admit that some trees were planted from seedlings, though Defendants lack sufficient knowledge or information sufficient to form a belief as to the quantity of trees planted from seedlings.  Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 43 of the Complaint as to the number of rope pumps farmers received, whether farmers received water pumps, and whether farmers received hoes and/or seeds.  Except as expressly admitted, Defendants deny the allegations of Paragraph 43 of the Complaint.

44.     Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint and on that basis deny, specifically and generally, each and every allegation therein.

45.     Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Complaint and on that basis deny, specifically and generally, each and every allegation therein.

46.     Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Complaint and on that basis deny, specifically and generally, each and every allegation therein.

47.     Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Complaint and on that basis deny, specifically and generally, each and every allegation therein.

DAVIS WRIGHT TREMAINE LLP

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

1    **V.    RESPONSE TO ALLEGATIONS CONCERNING DEFENDANTS' PURPORTED**
2    **CONDUCT.**

3        48.    To the extent the allegations set forth in Paragraph 48 of the Complaint are deemed
4    to be allegations of law, Defendants are not required to plead thereto.  To the extent that such
5    allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in
6    Paragraph 48 of the Complaint.

7        49.    In response to the allegations of Paragraph 49 of the Complaint, which purport to
8    characterize unspecified articles and reports allegedly published or broadcast by Defendants,
9    Defendants admit that CIR published articles and broadcast reports concerning Planet Aid and
10   DAPP Malawi which referred to Thomsen; state that the articles and reports speak for themselves;
11   and respectfully refer the Court to the articles and reports attached as Exhibits A-H to the
12   Complaint for the contents thereof.  To the extent the allegations set forth in Paragraph 49 of the
13   Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To
14   the extent that such allegations are deemed to be allegations of fact, Defendants deny the
15   allegations of Paragraph 49 of the Complaint.

16       50.    In response to the allegations of Paragraph 50 of the Complaint, which purport to
17   characterize unspecified articles and reports allegedly published or broadcast by Defendants,
18   Defendants admit that CIR published articles and broadcast reports concerning Planet Aid and
19   DAPP Malawi which referred to Thomsen; state that the articles and reports speak for themselves;
20   and respectfully refer the Court to the articles and reports attached as Exhibits A-H to the
21   Complaint for the contents thereof.  Except as expressly admitted, Defendants deny the allegations
22   of Paragraph 50 of the Complaint.

23       51.    In response to the allegations of Paragraph 51 of the Complaint, Defendants admit
24   that CIR published articles and a newsletter concerning Planet Aid and DAPP Malawi which
25   referred to Thomsen; state that the articles and newsletter speak for themselves; and respectfully
26   refer the Court to the articles attached as Exhibits A-F to the Complaint, along with the May 23,
27   2016 article referenced in Paragraph 51 (but not attached to the Complaint), titled "The Teachers
28   Group: From Idealistic Commune To 'Money-Making Machine'" available at

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

1   https://www.revealnews.org/article/the-teachers-group-from-idealistic-commune-to-money-

2   making-machine/ and the August 8, 2016 newsletter titled "The Weekly Reveal", available at

3   http://us1.campaign-

4   archive1.com/?u=cb5ac439b0222506e9eb7736c&id=f8abf6bc20&e=[UNIQID] for the contents

5   thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 51 of the

6   Complaint, including the allegation that Defendants engaged in any "scheme."

7        52.    Defendants admit the allegations in Paragraph 52 of the Complaint.

8        53.    To the extent the allegations set forth in Paragraph 53 of the Complaint are deemed

9   to be allegations of law, Defendants are not required to plead thereto.  To the extent that such

10   allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

11   Paragraph 53 of the Complaint.

12        54.    In response to the allegations of Paragraph 54 of the Complaint, which purport to

13   characterize an article published by a third party, Defendants admit that on May 14, 2016, the

14   Times Group in Malawi published an article titled "Wicked Scheme" concerning Planet Aid's

15   response to being put on Charity Navigator's Watch List; state that the article speaks for itself; and

16   respectfully refer the Court to the article available at http://www.times.mw/dapp-named-in-

17   wicked-scheme/ for the contents thereof.  To the extent the allegations set forth in Paragraph 54 of

18   the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.

19   Except as expressly admitted, Defendants deny the allegations of Paragraph 54 of the Complaint,

20   including the allegation that CIR "made … statements to the Times Group" or the allegation that

21   CIR "knew" that such statements "were false and defamatory."

22        55.    In response to the allegations of Paragraph 55 of the Complaint, Defendants admit

23   that CIR broadcast reports concerning Planet Aid and DAPP Malawi which referred to Thomsen,

24   further admit that on March 25, 2016, KCRW broadcast a show that discussed Planet Aid and

25   DAPP Malawi and included Smith and Walters as guests, and further admit that on March 31,

26   2016, Rising Up With Sonali broadcast a show that discussed Planet Aid and DAPP Malawi and

27   included Walters as a guest; state that the reports and shows speak for themselves; and respectfully

28   refer the Court to CIR's reports attached as Exhibits G-H to the Complaint, along with the March

DAVIS WRIGHT TREMAINE LLP

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

DAVIS WRIGHT TREMAINE LLP

25, 2016 KCRW show referenced in Paragraph 55 (but not attached to the Complaint) available at www.kcrw.com/news-culture/shows/press-play-with-madeleine-brand/opening-statements-in-paul-tanaka-trial-and-running-and-eating-through-los-angeles/ and the May 31, 2016 Rising Up With Sonali show referenced in Paragraph 55 (but not attached to the Complaint) available at http://www.risingupwithsonali.com/yellow-planet-aid-boxes-are-front-for-dubious-danish-organization/ for the contents thereof.  To the extent the remaining allegations set forth in Paragraph 55 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the remaining allegations set forth in Paragraph 55 of the Complaint.

56.     Defendants admit the allegations of Paragraph 56 of the Complaint.

57.     Defendants admit that Smith and Walters posted, through social media, references to certain of CIR's articles and reports concerning Planet Aid and DAPP Malawi which referred to Thomsen; state that the posts, articles and reports speak for themselves; and respectfully refer the Court to the posts, articles, and reports for the content thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 57 of the Complaint.

58.     Defendants admit that Planet Aid accepts used clothing donations.  Except as expressly admitted, Defendants deny the allegations of Paragraph 58 of the Complaint.

59.     To the extent the allegations set forth in Paragraph 59 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants admit that Defendants contributed to a report concerning Planet Aid titled "Behind the Bins: Former Planet Aid Employees Describe 'Cult-like' Experience" that was broadcast by NBC on May 24, 2016; state that the report speaks for itself; and respectfully refer the Court to the report available at http://www.nbcwashington.com/investigations/Behind-the-Bins-Former-Planet-Aid-Employees-Describe-Cult-like-Experience-380725641.html for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 59 of the Complaint.

60.     Defendants admit that the Rhode Island Resource Recovery Corporation encourages the recycling of used clothing and has made statements promoting Planet Aid.  Except as expressly admitted, Defendants deny the allegations of Paragraph 60 of the Complaint.

61.     In response to the allegations of Paragraph 61 of the Complaint, which purport to characterize a tweet by the Rhode Island Resource Recovery Corporation ("RIRRC"), Defendants admit that on June 6, 2016, RIRRC published a tweet that that read "Closet clean up! What do you think? Keep or donate to @SalvationArmyUS @GoodWillRI or @PlanetAid"; state that the tweet speaks for itself; and respectfully refer the Court to the tweet attached as **Exhibit A** to the instant Defendants' Answer.

62.     In response to the allegations of Paragraph 62 of the Complaint, which purport to characterize a tweet by Walters on June 6, 2016, Defendants admit that on June 6, 2016, Walters published a tweet that that read "@RIRRC @SalvationArmyUS @GoodwillRI @planetaid our latest Planet Aid investigation:" and contained a link to the May 23, 2016 article titled "US Taxpayers Are Financing Alleged Cult Through African Aid Charities"; state that the tweet and the article speak for themselves; and respectfully refer the Court to the tweet attached as **Exhibit A** to the instant Defendants' Answer and to the article attached as Exhibit B to the Complaint for the contents thereof. Except as expressly admitted, Defendants deny the allegations of Paragraph 62 of the Complaint.

63.     Defendants admit that UNICEF is a well-known and highly regarded charitable organization that has been involved in projects in Malawi.  Except as expressly admitted, Defendants deny the allegations of Paragraph 63 of the Complaint.

64.     Defendants deny the allegations of Paragraph 64 of the Complaint.

65.     To the extent the allegations set forth in Paragraph 65 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants admit that on August 1, 2016, CIR published an article titled "UNICEF Cuts Off Funding To Nonprofit Linked to Alleged Cult" about UNICEF's decision to cut off funding to DAPP Malawi; state that the article speaks for itself; and respectfully refer the Court to the article attached as Exhibit D to the Complaint, for the

DAVIS WRIGHT TREMAINE LLP

contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 65 of the Complaint.

66.     To the extent the allegations set forth in Paragraph 66 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67.     Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68.     Defendants deny the allegations set forth in Paragraph 68 of the Complaint.

69.     Defendants deny the allegations set forth in Paragraph 69 of the Complaint.

70.     Defendants deny the allegations set forth in Paragraph 70 of the Complaint.

71.     Defendants deny the allegations set forth in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations set forth in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations set forth in Paragraph 73 of the Complaint.

74.     Defendants deny the allegations set forth in Paragraph 74 of the Complaint.

**VI.     RESPONSE TO ALLEGATIONS CONCERNING DEFENDANTS' STATEMENTS**

75.     To the extent the allegations set forth in Paragraph 75 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 75 of the Complaint

76.     In response to the allegations of Paragraph 76 of the Complaint, which purport to characterize articles and reports published and broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid" and that on May 23, 2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult Through African Aid Charities"; state that the report and article speaks for themselves; and respectfully refer the Court to the transcript of the report and article attached, respectively, as Exhibits G and B to the Complaint, for the contents thereof.  Defendants further admit that on May 14, 2016, the Times Group in Malawi published an article titled "Wicked Scheme" concerning Planet Aid's response to being put on Charity Navigator's Watch List; state

DAVIS WRIGHT TREMAINE LLP

15

that the article speaks for itself; and respectfully refer the Court to the article available at http://www.times.mw/dapp-named-in-wicked-scheme/ for the contents thereof.  To the extent the allegations set forth in Paragraph 76 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny the allegations of Paragraph 76 of the Complaint, including the allegation that publication of the May 14, 2016 article was "made" by Defendants.

77.     In response to the allegations of Paragraph 77 of the Complaint, which purport to characterize an August 17, 2016 article by Defendants about Congressional calls for an investigation of Planet Aid, Defendants admit that CIR published an article on August 17, 2016 titled "Congresswoman Calls For U.S. Investigation Of Planet Aid"; state that the article speaks for itself; and respectfully refers the Court to Exhibit E to the Complaint for the contents thereof. To the extent the allegations set forth in Paragraph 77 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny the allegations of Paragraph 77 of the Complaint.

78.     In response to the allegations of Paragraph 78 of the Complaint, which purport to characterize a report broadcast by Defendants concerning Farmers' Clubs, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  To the extent the allegations set forth in Paragraph 78 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny the allegations of Paragraph 78 of the Complaint.

79.     In response to the allegations of Paragraph 79 of the Complaint, which purport to characterize a show broadcast by KCRW, Defendants admit that on March 25, 2016, KCRW broadcast a show that discussed Planet Aid and DAPP Malawi and included Smith and Walters as guests; state that the show speaks for itself; and respectfully refer the Court to the show available at www.kcrw.com/news-culture/shows/press-play-with-madeleine-brand/opening-statements-in-paul-tanaka-trial-and-running-and-eating-through-los-angeles/ for the contents thereof.  To the

DAVIS WRIGHT TREMAINE LLP

extent the allegations set forth in Paragraph 79 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny the allegations of Paragraph 79 of the Complaint.

80.      In response to the allegations of Paragraph 80 of the Complaint, which purport to characterize a show broadcast by KCRW, Defendants admit that on March 25, 2016, KCRW broadcast a show that discussed Planet Aid and DAPP Malawi and included Smith and Walters as guests; state that the show speaks for itself; and respectfully refer the Court to the show available at www.kcrw.com/news-culture/shows/press-play-with-madeleine-brand/opening-statements-in-paul-tanaka-trial-and-running-and-eating-through-los-angeles/ for the contents thereof.  To the extent the allegations set forth in Paragraph 80 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny the allegations of Paragraph 80 of the Complaint.

81.      In response to the allegations of Paragraph 81 of the Complaint, which purport to characterize a show broadcast by KCRW, Defendants admit that on March 25, 2016, KCRW broadcast a show that discussed Planet Aid and DAPP Malawi and included Smith and Walters as guests; state that the show speaks for itself; and respectfully refer the Court to the show available at www.kcrw.com/news-culture/shows/press-play-with-madeleine-brand/opening-statements-in-paul-tanaka-trial-and-running-and-eating-through-los-angeles/ for the contents thereof. Defendants further admit that Jackson Mtimbuka's employment with DAPP Malawi was severed in February, 2010.  To the extent the allegations set forth in Paragraph 81 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny the allegations of Paragraph 81 of the Complaint.

82.      In response to the allegations of Paragraph 82 of the Complaint, which purport to characterize Defendants' March 19th report, May 23rd article, and August 17th article, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid", that on May 23, 2016, CIR published an article titled "Planet Aid's Ubiquitous Clothing Donation Boxes Aren't So Charitable", and that on August 17, 2016, CIR published an article titled "Congresswoman Calls For U.S. Investigation Of Planet Aid"; state that

DAVIS WRIGHT TREMAINE LLP

the reports and articles speak for themselves; and respectfully refer the Court to the report and articles attached, respectively, as Exhibits G, B, and E to the Complaint for the contents thereof. Except as expressly admitted, Defendants deny the allegations of Paragraph 82 of the Complaint, including allegations that Smith and Walters engaged in fraud or misrepresented themselves in any way.

83.     To the extent the allegations set forth in Paragraph 83 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 83 of the Complaint.

84.     In response to the allegations of Paragraph 84 of the Complaint, which purport to characterize a report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 84 of the Complaint.

85.     In response to the allegations of Paragraph 85 of the Complaint, which purport to characterize a report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 85 of the Complaint.

86.     In response to the allegations of Paragraph 86 of the Complaint, which purport to characterize a report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 86 of the Complaint.

DAVIS WRIGHT TREMAINE LLP

87.     In response to the allegations of Paragraph 87 of the Complaint, which purport to characterize a report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  To the extent the allegations set forth in Paragraph 87 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny the allegations of Paragraph 87 of the Complaint.

88.     In response to the allegations of Paragraph 88 of the Complaint, which purport to characterize a report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  To the extent the allegations set forth in Paragraph 88 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny the allegations of Paragraph 88 of the Complaint.

89.     Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Complaint concerning the number of employees of Planet Aid or DAPP Malawi who are members of the Teachers Group and on that basis deny, specifically and generally, each and every such allegation therein.

90.     In response to the allegations of Paragraph 90 of the Complaint which purport to characterize unspecified articles and reports allegedly published or broadcast by Defendants, Defendants admit that CIR published articles and broadcast reports concerning DAPP Malawi which referred to the Teachers Group; state that the articles and reports speak for themselves; and respectfully refer the Court to the articles and reports attached as Exhibits A-H to the Complaint for the contents thereof.  Defendants further admit they have seen documentation referring to the employment by DAPP Malawi of Teachers Group members.  Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

DAVIS WRIGHT TREMAINE LLP

Paragraph 90 of the Complaint concerning the number of employees of DAPP Malawi who are members of the Teachers Group and on that basis deny, specifically and generally, each and every such allegation therein.  Except as expressly admitted, Defendants deny the allegations of Paragraph 90 of the Complaint.

91.     In response to the allegations of Paragraph 91 of the Complaint, which purport to characterize Defendants' March 19th report, May 23rd article, and a May 24, 2016 report by NBC, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid", that on May 23, 2016, CIR published an article titled "Planet Aid's Ubiquitous Clothing Donation Boxes Aren't So Charitable", and that on May 24, 2016, NBC broadcast a report titled "Behind the Bins:  Former Planet Aid Employees Describe Cult-Like Experience"; state that the reports and article speak for themselves; and respectfully refer the Court to the CIR report and article attached, respectively, as Exhibits G and B to the Complaint, and to the NBC report available at  http://www.nbcwashington.com/investigations/Behind-the-Bins-Former-Planet-Aid-Employees-Describe-Cult-like-Experience-380725641.html for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 91 of the Complaint.

92.     In response to the allegations of Paragraph 92 of the Complaint, which purport to characterize a report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 92 of the Complaint.

93.     In response to the allegations of Paragraph 93 of the Complaint, which purport to characterize Defendants' March 19th report and May 23rd article, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid" and that on May 23, 2016, CIR published an article titled "Planet Aid's Ubiquitous Clothing Donation Boxes Aren't So Charitable"; state that the report and article speak for themselves; and respectfully refer the Court to the report and article attached, respectively, as Exhibits G and B to

DAVIS WRIGHT TREMAINE LLP

the Complaint for the contents thereof.  Defendants further admit that Jackson Mtimbuka did not contribute his salary to the Teachers Group.  Except as expressly admitted, Defendants deny the allegations of Paragraph 93 of the Complaint, including the allegation that Defendants had interviewed only "one 'African member of the Teachers Group" at the time Defendants published the statement that "we spoke to about a dozen African members of the Teacher's Group".

94.     In response to the allegations of Paragraph 94 of the Complaint, which purport to characterize a report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 94 of the Complaint.

95.     In response to the allegations of Paragraph 95 of the Complaint, which purport to characterize a report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 95 of the Complaint.

96.     In response to the allegations of Paragraph 96 of the Complaint, which purport to characterize Defendants' March 19th report and May 23rd article, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid" and that on May 23, 2016, CIR published an article titled "Planet Aid's Ubiquitous Clothing Donation Boxes Aren't So Charitable"; state that the report and article speak for themselves; and respectfully refer the Court to the report and article attached, respectively, as Exhibits G and B to the Complaint for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 96 of the Complaint.

97.     In response to the allegations of Paragraph 97 of the Complaint, which purport to characterize a report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that

DAVIS WRIGHT TREMAINE LLP

the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 97 of the Complaint.

98.     Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Complaint concerning the number of employees of DAPP Malawi who contribute to the Teachers Group and on that basis deny, specifically and generally, each and every such allegation therein.  Except as expressly admitted, Defendants deny the allegations of Paragraph 98 of the Complaint, including the allegation that Defendants saw paperwork purporting to demonstrate that the "overwhelming majority" of DAPP Malawi employees contributed nothing to the Teachers' Group or that those who did contribute gave "nothing approaching" what was alleged by Defendants.

99.     Defendants deny the allegations set forth in Paragraph 99 of the Complaint.

100.     In response to the allegations of Paragraph 100 of the Complaint, which purport to characterize a report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  To the extent the allegations set forth in Paragraph 100 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny the allegations of Paragraph 100 of the Complaint.

101.     In response to the allegations of Paragraph 101 of the Complaint, which purport to characterize a report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 101 of the Complaint.

102.     In response to the allegations of Paragraph 102 of the Complaint, which purport to characterize an article by Defendants concerning Planet Aid, Defendants admit that on May 23,

1    2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult Through African

2    Aid Charities"; state that the article speaks for itself; and respectfully refer the Court to the article,

3    attached as Exhibit B to the Complaint, for the contents thereof.  Except as expressly admitted,

4    Defendants deny the allegations of Paragraph 102 of the Complaint.

5            103.    To the extent the allegations set forth in Paragraph 103 of the Complaint are

6    deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that

7    such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

8    Paragraph 103 of the Complaint.

9            104.    In response to the allegations of Paragraph 104 of the Complaint, which purport to

10   characterize an article by Defendants concerning Planet Aid, Defendants admit that on May 23,

11   2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult Through African

12   Aid Charities"; state that the article speaks for itself; and respectfully refer the Court to the article,

13   attached as Exhibit B to the Complaint, for the contents thereof.  Except as expressly admitted,

14   Defendants deny the allegations of Paragraph 104 of the Complaint.

15           105.    In response to the allegations of Paragraph 105 of the Complaint, which purport to

16   characterize Defendants' March 19th report and May 23rd article, Defendants admit that on March

17   19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign

18   Aid" and that on May 23, 2016, CIR published an article titled "Planet Aid's Ubiquitous Clothing

19   Donation Boxes Aren't So Charitable"; state that the report and article speak for themselves; and

20   respectfully refer the Court to the report and article attached, respectively, as Exhibits G and B to

21   the Complaint for the contents thereof.  To the extent the allegations set forth in Paragraph 105 of

22   the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.

23   Except as expressly admitted, Defendants deny the allegations of Paragraph 105 of the Complaint.

24           106.    In response to the allegations of Paragraph 106 of the Complaint, which purport to

25   characterize a May 23rd article and an August 18th article by Defendants concerning Planet Aid,

26   Defendants admit that on May 23, 2016, CIR published an article titled "US Taxpayers Are

27   Financing Alleged Cult Through African Aid Charities" and that on August 18, 2016, the

28   MinnPost published an article titled "McCollum Calls For U.S. Investigation of Planet Aid"; state

DAVIS WRIGHT TREMAINE LLP

23

that the articles speak for themselves; and respectfully refer the Court to the articles, attached

respectively as Exhibits B and F to the Complaint, for the contents thereof.  To the extent the

allegations set forth in Paragraph 106 of the Complaint are deemed to be allegations of law,

Defendants are not required to plead thereto. Except as expressly admitted, Defendants deny the

allegations of Paragraph 106 of the Complaint.

107.    Defendants deny the allegations set forth in Paragraph 107 of the Complaint.

108.    To the extent the allegations set forth in Paragraph 108 of the Complaint are

deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that

such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

Paragraph 108 of the Complaint

109.    In response to the allegations of Paragraph 109 of the Complaint, which purport to

characterize Defendants' March 19th report, and August 17th and August 18th articles, Defendants

admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell

Game With US Foreign Aid", that on August 17, 2016 CIR published an article titled

"Congresswoman Calls For U.S. Investigation Of Planet Aid" and that on August 18, 2016, the

MinnPost published an article titled "McCollum Calls For U.S. Investigation of Planet Aid"; state

that the report and articles speak for themselves; and respectfully refer the Court to the report and

articles attached, respectively, as Exhibits G, E, and F to the Complaint for the contents thereof.

Except as expressly admitted, Defendants deny the allegations of Paragraph 109 of the Complaint.

110.    In response to the allegations of Paragraph 110 of the Complaint, which purport to

characterize a March 19th report broadcast by Defendants, Defendants admit that on March 19,

2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign

Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the

report attached as Exhibit G to the Complaint, for the contents thereof.  To the extent the

allegations set forth in Paragraph 110 of the Complaint are deemed to be allegations of law,

Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny the

allegations of Paragraph 110 of the Complaint.

DAVIS WRIGHT TREMAINE LLP

111.    In response to the allegations of Paragraph 110 of the Complaint, which purport to characterize a March 19th report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Defendants further admit that Harrison Longwe was employed by DAPP Malawi for only a portion of the time that DAPP Malawi was implementing USDA-funded programs and state that Longwe, through his position with DAPP Malawi, had access to information generated during, or related to, the time period during which DAPP Malawi was implementing USDA-funded programs. To the extent the allegations set forth in Paragraph 111 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny the allegations of Paragraph 111 of the Complaint.

112.    In response to the allegations of Paragraph 112 of the Complaint, which purport to characterize a March 19th report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  To the extent the allegations set forth in Paragraph 112 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. Except as expressly admitted, Defendants deny the allegations of Paragraph 112 of the Complaint.

113.    Defendants admit that there exist report(s) prepared by Planet Aid that purport to show that Planet Aid has spent over $10 million on the 2006 contract between Planet Aid and USDA, and that also purport to show that Planet Aid met goals set in connection with its contracts with the USDA.  Except as expressly admitted, Defendants deny the allegations of Paragraph 113 of the Complaint.

114.    Defendants deny the allegations set forth in Paragraph 114 of the Complaint.

115.    Defendants admit that there exist report(s) prepared by Planet Aid that purport to show that Planet Aid spent over $2.2 million on a school in Amalika.  Except as expressly

admitted, Defendants deny the allegations of Paragraph 115 of the Complaint, including the allegation that the alleged documents or school construction contradicts the statement that "50% to 70% of the US government grant money was being siphoned away" to the Teachers Group.

116.   Defendants admit that there exist report(s) prepared by Planet Aid that purport to show that Planet Aid spent over $3 million on teacher training in Chilangoma.  Except as expressly admitted, Defendants deny the allegations of Paragraph 116 of the Complaint, including the allegation that the alleged documents or teacher training contradicts the statement that US government grant funds were "siphoned away" to the Teachers Group.

117.   Defendants admit that there exist report(s) prepared by Planet Aid that purport to show that Planet Aid spent over $2.5 million constructing a teacher training college in Dowa and that also purport to show that Planet Aid spent over $1.5 million on teacher training.  Except as expressly admitted, Defendants deny the allegations of Paragraph 117 of the Complaint.

118.   Defendants admit that there exist report(s) prepared by Planet Aid  that purport to show that Planet Aid spent over $2 million on HIV/AIDS assistance in Malawi and that purport to claim positive results from related programs. Except as expressly admitted, Defendants deny the allegations of Paragraph 118 of the Complaint.

119.   Defendants deny the allegations set forth in Paragraph 119 of the Complaint.

120.   Defendants deny the allegations set forth in Paragraph 120 of the Complaint.

121.   In response to the allegations of Paragraph 121 of the Complaint, which purport to characterize an article by Defendants that refers to a source named Chiku Malabwe, Defendants admit that on May 23, 2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult Through African Aid Charities"; state that the article speaks for itself; and respectfully refer the Court to the article, attached as Exhibit B to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 121 of the Complaint.

122.   In response to the allegations of Paragraph 122 of the Complaint, Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chiku Malabwe's alleged arrest, alleged charge, and/or DAPP Malawi's alleged pursuit of Malabwe for damages, and on that basis deny, specifically and generally, each and

DAVIS WRIGHT TREMAINE LLP

1    every such allegation therein.  To the extent the allegations set forth in Paragraph 122 of the

2    Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.

3    Except as expressly admitted, Defendants deny the allegations of Paragraph 122 of the Complaint.

4        123.    In response to the allegations of Paragraph 123 of the Complaint, which purport to

5    characterize Defendants' August 17th article and May 23rd article, Defendants admit that on May

6    23, 2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult Through

7    African Aid Charities" and that on August 17, 2016, CIR published an article titled

8    "Congresswoman Calls For U.S. Investigation Of Planet Aid"; state that the articles speak for

9    themselves; and respectfully refer the Court to the articles attached respectively as Exhibit B and

10   Exhibit E to the Complaint.  Except as expressly admitted, Defendants deny the allegations of

11   Paragraph 123 of the Complaint.

12       124.    In response to the allegations of Paragraph 124 of the Complaint, which purport to

13   characterize Defendants' August 8, 2016 newsletter, Defendants admit that on August 8, 2016

14   CIR published a newsletter titled "Weekly Reveal"; state that the newsletter speaks for itself; and

15   respectfully refer the Court to the newsletter available at http://us1.campaign-

16   archive1.com/?u=cb5ac439b0222506e9eb7736c&id=f8abf6bc20&e=[UNIQID].  Except as

17   expressly admitted, Defendants deny the allegations of Paragraph 124 of the Complaint.

18       125.    In response to the allegations of Paragraph 125 of the Complaint, which purport to

19   characterize Defendants' August 8, 2016 newsletter, Defendants admit that on August 8, 2016

20   CIR published a newsletter titled "Weekly Reveal"; state that the newsletter speaks for itself; and

21   respectfully refer the Court to the newsletter available at http://us1.campaign-

22   archive1.com/?u=cb5ac439b0222506e9eb7736c&id=f8abf6bc20&e=[UNIQID].  Except as

23   expressly admitted, Defendants deny the allegations of Paragraph 125 of the Complaint.

24       126.    To the extent the allegations set forth in Paragraph 126 of the Complaint are

25   deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that

26   such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

27   Paragraph 126 of the Complaint.

28

DAVIS WRIGHT TREMAINE LLP

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

127.    In response to the allegations of Paragraph 127 of the Complaint, which purport to characterize a report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 127 of the Complaint.

128.    In response to the allegations of Paragraph 128 of the Complaint, which purport to characterize a May 23rd article by Defendants, Defendants admit that on May 23, 2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult Through African Aid Charities"; state that the article speaks for itself; and respectfully refer the Court to the article, attached as Exhibit B to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 128 of the Complaint.

129.    To the extent the allegations set forth in Paragraph 129 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 129 of the Complaint.

130.    In response to the allegations of Paragraph 130 of the Complaint, which purport to characterize a report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 130 of the Complaint.

131.    In response to the allegations of Paragraph 131 of the Complaint, which purport to characterize a report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Defendants further admit that Jackson Mtimbuka's employment with DAPP Malawi was severed in February, 2010.  To the extent the

DAVIS WRIGHT TREMAINE LLP

allegations set forth in Paragraph 131 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny the allegations of Paragraph 131 of the Complaint.

132.    To the extent the allegations set forth in Paragraph 132 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 132 of the Complaint.

133.    In response to the allegations of Paragraph 133 of the Complaint, which purport to characterize a report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 133 of the Complaint.

134.    In response to the allegations of Paragraph 134 of the Complaint, which purport to characterize an article by Defendants, Defendants admit that on May 23, 2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult Through African Aid Charities"; state that the article speaks for itself; and respectfully refer the Court to the article, attached as Exhibit B to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 134 of the Complaint.

135.    To the extent the allegations set forth in Paragraph 135 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 135 of the Complaint.

136.    To the extent the allegations set forth in Paragraph 136 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 136 of the Complaint.

DAVIS WRIGHT TREMAINE LLP

137.    To the extent the allegations set forth in Paragraph 137 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 137 of the Complaint.

138.    Defendants admit that there exist documents prepared by Planet Aid that purport to represent that Planet Aid would spend over $1.5 million on the Farmer's Clubs.  Except as expressly admitted, Defendants deny the allegations of Paragraph 138 of the Complaint.

139.    Defendants deny the allegations in Paragraph 139 of the Complaint.

140.    In response to the allegations of Paragraph 140 of the Complaint, which purport to characterize Defendants' March 19th report, and May 23rd and August 17th articles, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid", that on May 23, 2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult Through African Aid Charities", and that on August 17, 2016 CIR published an article titled "Congresswoman Calls For U.S. Investigation Of Planet Aid"; state that the report and article speak for themselves; and respectfully refer the Court to the report and articles attached, respectively, as Exhibits G, B, and E to the Complaint for the contents thereof.  Defendants further admit that Njuli is located in southern Malawi.  Except as expressly admitted, Defendants deny the allegations of Paragraph 140 of the Complaint.

141.    Defendants deny the allegations in Paragraph 141 of the Complaint.

142.    To the extent the allegations set forth in Paragraph 142 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 142 of the Complaint.

143.    In response to the allegations of Paragraph 143 of the Complaint, which purport to characterize a report broadcast by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached

DAVIS WRIGHT TREMAINE LLP

as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 143 of the Complaint.

144.    In response to the allegations of Paragraph 144 of the Complaint, which purport to characterize a show broadcast by KCRW, Defendants admit that on March 25, 2016, KCRW broadcast a show that discussed Planet Aid and DAPP Malawi and included Smith and Walters as guests; state that the show speaks for itself; and respectfully refer the Court to the show available at www.kcrw.com/news-culture/shows/press-play-with-madeleine-brand/opening-statements-in-paul-tanaka-trial-and-running-and-eating-through-los-angeles/ for the contents thereof.  To the extent the allegations set forth in Paragraph 144 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny the allegations of Paragraph 144 of the Complaint.

145.    Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 145 of the Complaint that "numerous goats are still alive and well in Njuli village" or that "villagers had either given away" unspecified "livestock" or sold unspecified "offspring" and on that basis deny, specifically and generally, each such allegation.  To the extent the allegations set forth in Paragraph 145 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the remaining allegations of paragraph 145 of the Complaint.

146.    Defendants admit that Smith and Walters saw goats in Njuli, though there was no indication that such goats were provided by Planet Aid or DAPP Malawi.  Except as expressly admitted, Defendants deny the allegations of Paragraph 146 of the Complaint.

147.    Defendants admit that there exist report(s) prepared by Planet Aid that purport to show that more than 400 livestock had been distributed in or by 2008 in connection with Planet Aid's contract with the USDA.  Except as expressly admitted, Defendants deny the allegations of Paragraph 147 of the Complaint.

148.    Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148 of the Complaint concerning the number

DAVIS WRIGHT TREMAINE LLP

of livestock in existence or distributed by unspecified individuals or entities in unspecified areas, and on that basis deny, specifically and generally each such allegation therein. In response to the allegations set forth in Paragraph 148 that "the number of livestock had more than doubled" due to unspecified causes or that "600 additional livestock had been passed on to farmers" through unspecified means, Defendants state that they lack sufficient knowledge or information sufficient to form a belief as to the truth of such allegations and on that basis deny, specifically and generally, each such allegation therein.  Except as expressly admitted, Defendants deny the allegations of Paragraph 148 of the Complaint.

149.    Defendants admit that there exist report(s) prepared by Planet Aid that purport to show the distribution of more than 5000 livestock in or by the end of 2011 under Planet Aid's contract with the USDA.  Except as expressly admitted, Defendants deny the allegations of Paragraph 149 of the Complaint.

150.    Defendants deny the allegations set forth in Paragraph 150 of the Complaint.

151.    In response to the allegations of Paragraph 151 of the Complaint, which purport to characterize a March 19th report by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 151 of the Complaint.

152.    In response to the allegations of Paragraph 152 of the Complaint, which purport to characterize a March 19th report by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 152 of the Complaint.

153.    Defendants deny the allegations set forth in Paragraph 153 of the Complaint.

154.    In response to the allegations of Paragraph 154 of the Complaint, which purport to characterize a March 19th report by Defendants, Defendants admit that on March 19, 2016, CIR

DAVIS WRIGHT TREMAINE LLP

broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 154 of the Complaint.

155.    In response to the allegations of Paragraph 155 of the Complaint, which purport to characterize a May 23rd article by Defendants, Defendants admit that on May 23, 2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult Through African Aid Charities"; state that the article speaks for itself; and respectfully refer the Court to the article, attached as Exhibit B to the Complaint, for the contents thereof.  To the extent the allegations set forth in Paragraph 155 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny the allegations of Paragraph 155 of the Complaint.

156.    Defendants deny the allegations set forth in Paragraph 156 of the Complaint.

157.    In response to the allegations of Paragraph 157 of the Complaint, which purport to characterize a March 19th report by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 157 of the Complaint.

158.    To the extent the allegations set forth in Paragraph 158 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 158 of the Complaint.

159.    To the extent the allegations set forth in Paragraph 159 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 159 of the Complaint.

DAVIS WRIGHT TREMAINE LLP

160.     In response to the allegations of Paragraph 160 of the Complaint, which purport to characterize unspecified articles and reports allegedly published or broadcast by Defendants, Defendants admit that CIR published articles and broadcast reports concerning Planet Aid and DAPP Malawi; state that the articles and reports speak for themselves; and respectfully refer the Court to the articles and reports attached as Exhibits A-H to the Complaint for the contents thereof.  To the extent the remaining allegations set forth in Paragraph 160 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the remaining allegations set forth in Paragraph 160 of the Complaint.

161.     Defendants admit that Danish authorities charged Mogens Amdi Petersen, along with others, for fraud and tax offenses.  Except as expressly admitted, Defendants deny the allegations of Paragraph 161 of the Complaint.

162.     Defendants admit on information and belief, that Planet Aid was incorporated in Massachusetts in 1997.  Except as expressly admitted, Defendants deny the allegations of Paragraph 162 of the Complaint.

163.     To the extent the allegations set forth in Paragraph 163 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 163 of the Complaint.

164.     In response to the allegations of Paragraph 164 of the Complaint, which purport to characterize unspecified articles and reports allegedly published or broadcast by Defendants, Defendants admit that CIR published articles and broadcast reports concerning Planet Aid; state that the articles and reports speak for themselves; and respectfully refer the Court to the articles and reports attached as Exhibits A-H to the Complaint for the contents thereof.  To the extent the remaining allegations set forth in Paragraph 164 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the remaining allegations set forth in Paragraph 164 of the Complaint.

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

DAVIS WRIGHT TREMAINE LLP

165.    In response to the allegations of Paragraph 165 of the Complaint, which purport to characterize a March 19th report by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 165 of the Complaint.

166.    In response to the allegations of Paragraph 165 of the Complaint, which purport to characterize a March 19th report by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 166 of the Complaint.

167.    In response to the allegations of Paragraph 167 of the Complaint, which purport to characterize a March 19th report by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 167 of the Complaint.

168.    Defendants deny the allegations set forth in Paragraph 168 of the Complaint.

169.    In response to the allegations of Paragraph 169 of the Complaint, which purport to characterize a March 19th report by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 169 of the Complaint.

170.    In response to the allegations of Paragraph 170 of the Complaint, which purport to characterize unspecified articles and reports allegedly published or broadcast by Defendants, Defendants admit that CIR published articles and broadcast reports concerning Planet Aid; state

DAVIS WRIGHT TREMAINE LLP

that the articles and reports speak for themselves; and respectfully refer the Court to the articles and reports attached as Exhibits A-H to the Complaint for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 170 of the Complaint.

171.    In response to the allegations of Paragraph 171 of the Complaint, which purport to characterize an article published by a third party, Defendants admit that on May 14, 2016, the Times Group in Malawi published an article titled "Wicked Scheme" concerning Planet Aid's response to being put on Charity Navigator's Watch List; state that the article speaks for itself; and respectfully refer the Court to the articles available at http://www.times.mw/dapp-named-in-wicked-scheme/ for the contents thereof.  To the extent the allegations set forth in Paragraph 171 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto. Except as expressly admitted, Defendants deny the allegations of Paragraph 171 of the Complaint, including the allegation that CIR "made … statements to the Times Group" or the allegation that CIR "knew" that such statements "were false and defamatory".

172.    To the extent the allegations set forth in Paragraph 172 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 172 of the Complaint.

173.    In response to the allegations of Paragraph 173 of the Complaint, which purport to characterize a March 19th report by Defendants, Defendants admit that on March 19, 2016, CIR broadcast a report titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid"; state that the report speaks for itself; and respectfully refer the Court to the transcript of the report attached as Exhibit G to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 173 of the Complaint.

174.    In response to the allegations of Paragraph 174 of the Complaint, which purport to characterize a May 23rd article by Defendants, Defendants admit that on May 23, 2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult Through African Aid Charities"; state that the article speaks for itself; and respectfully refer the Court to the article, attached as Exhibit B to the Complaint, for the contents thereof.  To the extent the allegations set

DAVIS WRIGHT TREMAINE LLP

1  forth in Paragraph 174 of the Complaint are deemed to be allegations of law, Defendants are not

2  required to plead thereto.  Except as expressly admitted, Defendants deny the allegations of

3  Paragraph 174 of the Complaint.

4          175.    In response to the allegations of Paragraph 175 of the Complaint, which purport to

5  characterize a May 23rd article by Defendants that refers to a February 17, 2006 e-mail thread

6  among USDA personnel, Defendants admit that on May 23, 2016, CIR published an article titled

7  "US Taxpayers Are Financing Alleged Cult Through African Aid Charities", which article

8  contained a link to the February 17, 2006 e-mail thread among USDA personnel; state that the

9  article and e-mail speak for themselves; and respectfully refer the Court to the article, attached as

10 Exhibit B to the Complaint, and to the e-mail, available through the link contained in the article at

11 https://www.documentcloud.org/documents/2800553-Second-E-Mail-From-February-17-

12 2006.html#document/p1/a289139 for the contents thereof.  Except as expressly admitted,

13 Defendants deny the allegations of Paragraph 175 of the Complaint.

14         176.    In response to the allegations of Paragraph 176 of the Complaint, which purport to

15 characterize a February 17, 2006 e-mail thread among USDA personnel, Defendants admit that on

16 May 23, 2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult

17 Through African Aid Charities", which article contained a link to the February 17, 2006 e-mail

18 thread among USDA personnel; state that the article and e-mail speak for themselves; and

19 respectfully refer the Court to the article, attached as Exhibit B to the Complaint, and to the e-mail,

20 available through the link contained in the article at

21 https://www.documentcloud.org/documents/2800553-Second-E-Mail-From-February-17-

22 2006.html#document/p1/a289139 for the contents thereof.  Except as expressly admitted,

23 Defendants deny the allegations of Paragraph 176 of the Complaint.

24         177.    To the extent the allegations set forth in Paragraph 177 of the Complaint are

25 deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that

26 such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

27 Paragraph 177 of the Complaint.

28

DAVIS WRIGHT TREMAINE LLP

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

178.     In response to the allegations of Paragraph 178 of the Complaint, which purport to characterize a May 23rd article by Defendants that refers to a May 14, 2000 e-mail contained in Danish court documents, Defendants admit that on May 23, 2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult Through African Aid Charities", which article contained a link to the May 14, 2000 e-mail contained in Danish court documents; state that the article and e-mail contained in court documents speak for themselves; and respectfully refer the Court to the article, attached as Exhibit B to the Complaint, and to the e-mail contained in court documents, available through the link contained in the article at https://www.documentcloud.org/documents/2800621-LA-Court-Docs-From-Beg11012016-14.html#document/p80/a289183 for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 178 of the Complaint.

179.     In response to the allegations set forth in Paragraph 179 of the Complaint, Defendants admit, on information and belief, that Mogens Amdi Petersen and co-defendants were initially acquitted by a Danish court and state that this court's decision was later appealed and new prosecutions brought against Petersen and other co-defendants.  Except as expressly admitted, Defendants deny the allegations of Paragraph 179 of the Complaint.

180.     Defendants deny the allegations set forth in Paragraph 180 of the Complaint and state, on information and belief, that the statement cited in Paragraph 180 and attributed to a Danish court was drawn from a decision of a Danish court which was later appealed; new prosecutions were brought against Petersen and other co-defendants.

181.     In response to the allegations of Paragraph 181 of the Complaint, which purport to characterize a May 23rd article by Defendants, Defendants admit that on May 23, 2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult Through African Aid Charities"; state that the article speaks for itself; and respectfully refer the Court to the article, attached as Exhibit B to the Complaint, for the contents thereof.  To the extent the allegations set forth in Paragraph 181 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  Except as expressly admitted, Defendants deny the allegations of Paragraph 181 of the Complaint.

182. Defendants deny the allegations set forth in Paragraph 182 of the Complaint.

183. In response to the allegations of Paragraph 183 of the Complaint, which purport to characterize a May 23rd article by Defendants that allegedly refers to an FBI document dated June 18, 2001, Defendants admit that on May 23, 2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult Through African Aid Charities", which article contained a link to an FBI document dated June 18, 2001; state that the article and document speak for themselves; and respectfully refer the Court to the article, attached as Exhibit B to the Complaint, and to the document, available through the link contained in the article at https://www.documentcloud.org/documents/2800548-FBI-File-on-Tvind-2001.html#document/p2/a289137 for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 183 of the Complaint.

184. In response to the allegations of Paragraph 184 of the Complaint, which purport to characterize a show broadcast by a third party on March 25th, Defendants admit that on March 25, 2016, KCRW broadcast a show that discussed Planet Aid and DAPP Malawi and included Smith and Walters as guests; state that the show speaks for itself; and respectfully refer the Court to the show available at www.kcrw.com/news-culture/shows/press-play-with-madeleine-brand/opening-statements-in-paul-tanaka-trial-and-running-and-eating-through-los-angeles/ for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 184 of the Complaint.

185. In response to the allegations of Paragraph 185 of the Complaint, which purport to characterize a May 23rd article by Defendants, Defendants admit that on May 23, 2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult Through African Aid Charities"; state that the article speaks for itself; and respectfully refer the Court to the article, attached as Exhibit B to the Complaint, for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 185 of the Complaint.

186. In response to the allegations of Paragraph 186 of the Complaint, which purport to characterize a May 23rd article by Defendants, Defendants admit that on May 23, 2016, CIR published an article titled "US Taxpayers Are Financing Alleged Cult Through African Aid

39

DAVIS WRIGHT TREMAINE LLP

1    Charities"; state that the article speaks for itself; and respectfully refer the Court to the article,

2    attached as Exhibit B to the Complaint, for the contents thereof.  Except as expressly admitted,

3    Defendants deny the allegations of Paragraph 186 of the Complaint.

4         187.    In response to the allegations of Paragraph 187 of the Complaint, which purport to

5    characterize a May 23rd article by Defendants, Defendants admit that on May 23, 2016, CIR

6    published an article titled "US Taxpayers Are Financing Alleged Cult Through African Aid

7    Charities"; state that the article speaks for itself; and respectfully refer the Court to the article,

8    attached as Exhibit B to the Complaint, for the contents thereof.  Except as expressly admitted,

9    Defendants deny the allegations of Paragraph 187 of the Complaint.

10        188.    In response to the allegations of Paragraph 183 of the Complaint, which purport to

11   characterize a May 23rd article by Defendants and a show broadcast by KCRW on March 25th,

12   Defendants admit that on May 23, 2016, CIR published an article titled "US Taxpayers Are

13   Financing Alleged Cult Through African Aid Charities", which article contained a link to an FBI

14   document dated June 18, 2001; state that the article, document, and show speak for themselves;

15   and respectfully refer the Court to the article, attached as Exhibit B to the Complaint, to the

16   document, available through the link contained in the article at

17   https://www.documentcloud.org/documents/2800548-FBI-File-on-Tvind-

18   2001.html#document/p2/a289137, and to the show available at www.kcrw.com/news-

19   culture/shows/press-play-with-madeleine-brand/opening-statements-in-paul-tanaka-trial-and-

20   running-and-eating-through-los-angeles/ for the contents thereof.  Except as expressly admitted,

21   Defendants deny the allegations of Paragraph 188 of the Complaint.

22        189.    In response to the allegations of Paragraph 189 of the Complaint, which purport to

23   characterize a May 23rd article by Defendants that allegedly refers to an FBI document dated June

24   18, 2001, Defendants admit that on May 23, 2016, CIR published an article titled "US Taxpayers

25   Are Financing Alleged Cult Through African Aid Charities", which article contained a link to an

26   FBI document dated June 18, 2001; state that the article and document speak for themselves; and

27   respectfully refer the Court to the article, attached as Exhibit B to the Complaint, and to the

28   document, available through the link contained in the article at

DAVIS WRIGHT TREMAINE LLP

1   https://www.documentcloud.org/documents/2800548-FBI-File-on-Tvind-

2   2001.html#document/p2/a289137 for the contents thereof.  Except as expressly admitted,

3   Defendants deny the allegations of Paragraph 189 of the Complaint.

4        190.     In response to the allegations of Paragraph 190 of the Complaint, which purport to

5   characterize a May 23rd article by Defendants that allegedly refers to an FBI document dated June

6   18, 2001, Defendants admit that on May 23, 2016, CIR published an article titled "US Taxpayers

7   Are Financing Alleged Cult Through African Aid Charities", which article contained a link to an

8   FBI document dated June 18, 2001; state that the article and document speak for themselves; and

9   respectfully refer the Court to the article, attached as Exhibit B to the Complaint, and to the

10  document, available through the link contained in the article at

11  https://www.documentcloud.org/documents/2800548-FBI-File-on-Tvind-

12  2001.html#document/p2/a289137 for the contents thereof.  Except as expressly admitted,

13  Defendants deny the allegations of Paragraph 190 of the Complaint.

14  **VII.    DEFENDANTS' RESPONSE TO ALLEGATIONS CONCERNING RETRACTION**

15       191.     Defendants admit that they have not issued a correction or retraction in connection

16  with any of their articles or reports concerning Plaintiffs.

17       192.     Defendants admit the allegations in Paragraph 192.

18       193.     Defendants admit the allegations in Paragraph 193.

19  **VIII.   DEFENDANTS' RESPONSE TO CLAIMS FOR RELIEF**

20         **RESPONSE TO COUNT I ALLEGING CIVIL CONSPIRACY**

21         **(Against all Defendants)**

22       194.     Defendants repeat and reallege the responses set forth in Paragraphs 1 through 193

23  set forth above as if fully set forth herein.

24       195.     To the extent the allegations set forth in Paragraph 195 of the Complaint are

25  deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that

26  such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

27  Paragraph 195 of the Complaint.

28

DAVIS WRIGHT TREMAINE LLP

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

196.    To the extent the allegations set forth in Paragraph 196 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 196 of the Complaint.

197.    To the extent the allegations set forth in Paragraph 197 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 197 of the Complaint.

198.    To the extent the allegations set forth in Paragraph 198 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 198 of the Complaint.

199.    To the extent the allegations set forth in Paragraph 199 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 199 of the Complaint.

## RESPONSE TO COUNTS II-XII ALLEGING DEFAMATION

### (Against All Defendants)

200.    Defendants repeat and reallege the responses set forth in Paragraphs 1 through 199 set forth above as if fully set forth herein.

201.    To the extent the allegations set forth in Paragraph 201 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 201 of the Complaint.

202.    To the extent the allegations set forth in Paragraph 202 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants admit that CIR published the following articles and a newsletter, and broadcast the following reports: March 19, 2016 article

DAVIS WRIGHT TREMAINE LLP

titled "Alleged Cult Leader Plays Shell Game With US Foreign Aid", attached to Complaint as Exhibit A; May 23, 2016 article titled "US Taxpayers Are Financing Alleged Cult Through African Aid Charities", attached to Complaint as Exhibit B; May 23, 2016 article titled "Planet Aid's Ubiquitous Clothing Donation Boxes Aren't So Charitable", attached to Complaint as Exhibit C; May 23, 2016 article titled "The Teachers Group:  From Idealistic Commune To 'Money Making Machine", available at https://www.revealnews.org/article/the-teachers-group-from-idealistic-commune-to-money-making-machine/; August 1, 2016 article titled "UNICEF Cuts Off Funding To Nonprofit Linked To Alleged Cult",  attached to Complaint as Exhibit D; August 8, 2016 newsletter titled "The Weekly Reveal", available at http://us1.campaign-archive1.com/?u=cb5ac439b0222506e9eb7736c&id=f8abf6bc20&e=[UNIQID]; August 17, 2016 article titled "Congresswoman Calls For U.S. Investigation Of Planet Aid, attached to Complaint as Exhibit E; and a March 19, 2016 broadcast report titled "Alleged cult leader plays shell game with USDA funds", a transcript of which is attached to the Complaint as Exhibit G.  Defendants further admit: that on March 25, 2016, KCRW broadcast a show that discussed Planet Aid and DAPP Malawi and included Smith and Walters as guests, available at www.kcrw.com/news-culture/shows/press-play-with-madeleine-brand/opening-statements-in-paul-tanaka-trial-and-running-and-eating-through-los-angeles/; that on May 24, 2016 NBC broadcast a report titled "Behind the Bins: Former Planet Aid Employees Describe 'Cult-like' Experience", available at http://www.nbcwashington.com/investigations/Behind-the-Bins-Former-Planet-Aid-Employees-Describe-Cult-like-Experience-380725641.html; that on August 18, 2016, the MinnPost published an article titled "McCollum Calls For U.S. Investigation of Planet Aid", attached as Exhibit F to the Complaint; and that on May 14, 2016, the Times Group in Malawi published an article titled "Wicked Scheme", available at http://www.times.mw/dapp-named-in-wicked-scheme/.

Defendants state that the articles, newsletter, reports, and shows listed above speak for themselves; and respectfully refer the Court to the articles, newsletter, reports, and shows listed above for the contents thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 202 of the Complaint.

DAVIS WRIGHT TREMAINE LLP

1    203.    To the extent the allegations set forth in Paragraph 203 of the Complaint are

2  deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that

3  such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

4  Paragraph 203 of the Complaint.

5    204.    To the extent the allegations set forth in Paragraph 204 of the Complaint are

6  deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that

7  such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

8  Paragraph 204 of the Complaint.

9    205.    To the extent the allegations set forth in Paragraph 205 of the Complaint are

10  deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that

11  such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

12  Paragraph 205 of the Complaint.

13    206.    To the extent the allegations set forth in Paragraph 206 of the Complaint are

14  deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that

15  such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

16  Paragraph 206 of the Complaint.

17    207.    To the extent the allegations set forth in Paragraph 207 of the Complaint are

18  deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that

19  such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

20  Paragraph 207 of the Complaint.

21    208.    To the extent the allegations set forth in Paragraph 208 of the Complaint are

22  deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that

23  such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

24  Paragraph 208 of the Complaint.

25    209.    To the extent the allegations set forth in Paragraph 209 of the Complaint are

26  deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that

27  such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in

28  Paragraph 209 of the Complaint.

DAVIS WRIGHT TREMAINE LLP

210.    To the extent the allegations set forth in Paragraph 210 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 210 of the Complaint.

211.    To the extent the allegations set forth in Paragraph 211 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 211 of the Complaint.

212.    To the extent the allegations set forth in Paragraph 212 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 212 of the Complaint.

## RESPONSE TO COUNT XIII ALLEGING FALSE LIGHT

### (Against all Defendants)

213.    Defendants repeat and reallege the responses set forth in Paragraphs 1 through 212 set forth above as if fully set forth herein.

214.    To the extent the allegations set forth in Paragraph 214 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 214 of the Complaint.

215.    To the extent the allegations set forth in Paragraph 215 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 215 of the Complaint.

216.    To the extent the allegations set forth in Paragraph 216 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 216 of the Complaint.

DAVIS WRIGHT TREMAINE LLP

217.   To the extent the allegations set forth in Paragraph 217 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 217 of the Complaint.

## RESPONSE TO COUNT XIV ALLEGING TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

### (Against All Defendants)

218.   Defendants repeat and reallege the responses set forth in Paragraphs 1 through 217 set forth above as if fully set forth herein.

219.   To the extent the allegations set forth in Paragraph 219 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 219 of the Complaint.

220.   To the extent the allegations set forth in Paragraph 220 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants admit that Smith and Walters posted, through social media, references to certain of CIR's articles and reports concerning Planet Aid and DAPP Malawi which referred to Thomsen; state that the posts, articles and reports speak for themselves; and respectfully refer the Court to the posts, articles, and reports for the content thereof.  Except as expressly admitted, Defendants deny the allegations of Paragraph 220 of the Complaint.

221.   To the extent the allegations set forth in Paragraph 221 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 221 of the Complaint.

222.   To the extent the allegations set forth in Paragraph 222 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants lack sufficient knowledge or

DAVIS WRIGHT TREMAINE LLP

information sufficient to form a belief as to the truth of the allegations concerning Planet Aid's "inten[tion]" and on that basis deny, specifically and generally, all allegations related to Planet Aid's "inten[tion]".  Defendants deny the remaining allegations set forth in Paragraph 222 of the Complaint.

## RESPONSE TO COUNT XV ALLEGING UNJUST ENRICHMENT

### (Against All Defendants)

223.     Defendants repeat and reallege the responses set forth in Paragraphs 1 through 222 set forth above as if fully set forth herein.

224.     To the extent the allegations set forth in Paragraph 224 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 224 of the Complaint.

225.     To the extent the allegations set forth in Paragraph 222 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 222 of the Complaint.

226.     To the extent the allegations set forth in Paragraph 226 of the Complaint are deemed to be allegations of law, Defendants are not required to plead thereto.  To the extent that such allegations are deemed to be allegations of fact, Defendants deny the allegations set forth in Paragraph 226 of the Complaint.

227.     Each and every allegation contained in the Complaint not specifically admitted herein is denied.

228.     To the extent that the headings contained in the Complaint constitute allegations, such allegations are denied.

229.     With respect to the Requested Relief clauses in the Complaint, Defendants deny that Plaintiffs are entitled to any relief, including a judgment against any of the Defendants, compensatory or punitive damages, restitution, costs, attorneys' fees, or any other relief.

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

DAVIS WRIGHT TREMAINE LLP

**AFFIRMATIVE DEFENSES**

By alleging the Affirmative Defenses, set forth below, Defendants are not in any way acknowledging or conceding that they have the burden of proof for any issue for which applicable law places the burden on Plaintiffs.

**FIRST AFFIRMATIVE DEFENSE**

1.      Plaintiffs' Complaint fails to state a claim, in whole or in part, upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.      To the extent that Plaintiffs' claims for relief arise from a statement that was not made, published, broadcast, or authorized by the Defendants, or any of them, Plaintiffs' claims against Defendants are barred.

**THIRD AFFIRMATIVE DEFENSE**

3.      Plaintiffs' claims are barred, in whole or in part, by the First and Fourteenth Amendments to the U.S. Constitution and by Article I, § 2(a) of the California Constitution.

**FOURTH AFFIRMATIVE DEFENSE**

4.      Plaintiffs' claims for relief against Defendants are barred, in whole or in part, because the actions allegedly undertaken by the Defendants were privileged under California law and common law.

**FIFTH AFFIRMATIVE DEFENSE**

5.      Plaintiffs' claims for relief are barred, in whole or in part, because some or all of the statements complained of in the Complaint are not actionable because they are part of a fair and true report that is absolutely privileged pursuant to California Civil Code Section 47(d).

**SIXTH AFFIRMATIVE DEFENSE**

6.      Plaintiffs' claims for relief are barred, in whole or in part, by the doctrine of fair comment.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      Plaintiffs' claims for relief are barred, in whole or in part, because some or all statements complained of in the Complaint are not defamatory, are not reasonably capable of

48

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

DAVIS WRIGHT TREMAINE LLP

defamatory meaning or susceptible to a defamatory interpretation, and did not defame Plaintiffs, and thus cannot give rise to any claim against Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiffs' claims for relief are barred because the statements complained of in the Complaint are not actionable because they are substantially true, and thus they cannot give rise to any claim against Defendants.

### NINTH AFFIRMATIVE DEFENSE

9.      Plaintiffs' claims for relief are barred, in whole or in part, because some or all of the allegedly defamatory statements identified in the Complaint do not assert verifiably false facts, and/or constitute rhetorical hyperbole or subjective statements of opinion, and thus cannot give rise to any claim against Defendants.

### TENTH AFFIRMATIVE DEFENSE

10.     Plaintiffs fail to properly allege libel per se.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiffs fail to properly allege special damages.

### TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiffs' claims for relief are barred, in whole or in part, because any allegedly actionable statements by Defendants are based on reports from a reputable source.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiffs' claims for relief are barred, in whole or in part, because the alleged statements and/or implications identified in the Complaint were published without the degree of fault required for liability by the First and Fourteenth Amendments to the United States Constitution and Article I, Section 2 of the California Constitution, and thus cannot give rise to any claim against Defendants.

### FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

14.     Plaintiffs' claims for relief are barred, in whole or in part, because Defendants did not act with the requisite knowledge, recklessness, or negligence.

DAVIS WRIGHT TREMAINE LLP

49

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     Plaintiffs' claims for relief are barred, in whole or in part, because the allegedly actionable statements involve matters that are newsworthy and/or within the sphere of legitimate public concern and no statement or implication was published or broadcast with constitutional actual malice.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     To the extent that Plaintiffs challenge any statements as purported implications, Plaintiffs' claims fail because they cannot assert facts sufficient to show that the implication was intended or endorsed.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     Plaintiffs' claims for relief are barred, in whole or in part, because some or all of the alleged statements and/or implications identified in the Complaint do not show Plaintiffs in a false light that would be highly offensive to a reasonable person, and thus cannot give rise to any claim by plaintiff against Defendants.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     Plaintiffs' false light claim is based on the same allegedly defamatory statements or implications as the defamation claim, and thus is surplussage.

**NINETEENTH AFFIRMATIVE DEFENSE**

19.     Plaintiffs' claims for relief are barred, in whole or in part, because some or all of the allegedly actionable statements identified in the Complaint do not assert verifiably false facts, and/or constitute rhetorical hyperbole or subjective statements of opinion, and thus cannot give rise to any claim against Defendants.

**TWENTIETH AFFIRMATIVE DEFENSE**

20.     Plaintiffs' claim fails because any claimed injury or damages suffered by Plaintiffs, which injury or damages Defendants expressly deny, were proximately or directly caused, in whole or in part, by the actions of others over whom Defendants had no control, including Plaintiffs themselves.

DAVIS WRIGHT TREMAINE LLP

1

### TWENTY-FIRST AFFIRMATIVE DEFENSE

2   21.  Plaintiffs' Complaint is barred, in whole or in part, by the incremental harm

3 doctrine.

4

### TWENTY-SECOND AFFIRMATIVE DEFENSE

5   22.  Plaintiffs' Complaint is barred, in whole or in part, by the libel-proof plaintiff

6 doctrine.

7

### TWENTY-THIRD AFFIRMATIVE DEFENSE

8   23.  Plaintiffs' claim fails because they failed to mitigate any injury or damages, which

9 injury or damages Defendants expressly deny.

10

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

11   24.  Plaintiffs' claims for relief against Defendants are barred, in whole or in part,

12 because Plaintiffs' damages, if any, are vague, uncertain, imaginary, and speculative.

13

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

14   25.  Plaintiffs' claim for punitive damages fails because Plaintiffs cannot assert facts

15 sufficient to show either actual malice or ill-will, both of which are required to warrant the

16 imposition of punitive damages.

17

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

18   26.  Plaintiffs' claim for punitive damages is barred by the Constitution of the United

19 States and the governing state Constitution and the common law.

20

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

21   27.  The Complaint, and each and every claim for relief therein, is barred, in whole or in

22 part, by the doctrine of unclean hands on the part of Plaintiffs.

23

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

24   28.  The Complaint, and each and every claim for relief therein, is barred, in whole or in

25 part, by the doctrines of waiver, estoppel, laches, ratification, acquiescence and/or express or

26 implied consent.

27

28

DAVIS WRIGHT TREMAINE LLP

51

1

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

2

29.      Plaintiffs' claims for relief are barred, in whole or in part, by the Uniform Single

3

Publication Act, Civil Code § 3425.3.

4

**THIRTIETH AFFIRMATIVE DEFENSE**

5

30.      Defendants' conduct at all times was protected by the First Amendment to the

6

United States Constitution and the California Constitution and, therefore, Plaintiffs are barred

7

from recovery.

8

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

9

31.      Plaintiffs' purported claim for civil conspiracy fails to state a claim, because civil

10

conspiracy is not recognized as an independent cause of action under California law.

11

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

12

32.      Plaintiffs' purported claim for tortious interference with prospective economic

13

advantage is barred on the grounds that the economic relations allegedly subject to interference

14

involved activity that was, is, or would be illegal or contrary to public policy.

15

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

16

33.      Plaintiffs' purported claim for tortious interference with prospective economic

17

advantage is barred on the grounds that the statements that allegedly interfered with Plaintiffs'

18

economic relations were substantially true.

19

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

20

34.      Defendants reserves the right to amend their Answer and Affirmative Defenses to

21

assert such additional defenses as may later become available or apparent to them.

22

/ / /

23

/ / /

24

/ / /

25

/ / /

26

/ / /

27

/ / /

28

/ / /

DAVIS WRIGHT TREMAINE LLP

52

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

1        THEREFORE, Defendants pray for judgment as follows:

2        1.      That Plaintiffs take nothing by this action;

3        2.      That judgment be entered in favor of Defendants and against Plaintiffs;

4        3.      That Defendants recover their costs and attorneys' fees in this action; and

5        4.      For such other relief as the Court deems just and proper.

6

7

8   DATED: July 11, 2017                          Respectfully submitted,

9                                                 DAVIS WRIGHT TREMAINE LLP
                                                  THOMAS R. BURKE
10                                                RONALD LONDON
                                                  BRENDAN N. CHARNEY
11

12                                                By:   /s/ Thomas R. Burke
                                                        Thomas R. Burke
13
                                                  Attorneys for Defendants
14                                                REVEAL FROM THE CENTER FOR
                                                  INVESTIGATIVE
15                                                REPORTING; MATT SMITH; and AMY
                                                  WALTERS
16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

ANSWER TO COMPLAINT
Case No. 3:17-cv-03695-MMC
4844-8132-7435v.29 0091850-000010

# EXHIBIT A

Closet clean up! What do you think? Keep or donate to @SalvationArmyUS @GoodWillRI or @PlanetAid?



↩   ♺   ♥ 1   •••



**Amy Walters**
@AmyWalters_

 **Follow**

# @RIRRC @SalvationArmyUS @GoodwillRI @planetaid our latest Planet Aid investigation:



**US taxpayers are financing alleged cult through African ai...**
The U.S. government has been warned repeatedly about the charity Planet Aid and its ties to Mogens Amdi Petersen, an international fugitive and alleged cult leader. Again and again,...
revealnews.org

9:56 AM - 7 Jun 2016

      ♥