IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANET AID, INC., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>REVEAL, CENTER FOR INVESTIGATIVE REPORTING, et al.,<br><br>  Defendants. | Case No. 17-cv-03695-MMC<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO RETRANSFER OR, IN THE ALTERNATIVE, TO TAKE JURISDICTIONAL DISCOVERY**<br><br>Re: Dkt. No. 32 |

Before the Court is plaintiffs Planet Aid, Inc. and Lisbeth Thompsen's motion to retransfer or, in the alternative, to take jurisdictional discovery, filed July 11, 2017, by which plaintiffs challenge an order of the United States District Court for the District of Maryland, granting defendants Reveal, Center for Investigative Reporting ("Reveal"), Matt Smith ("Smith"), and Amy Walters' ("Walters") Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, and transferring, pursuant to 28 U.S.C. § 1406(a), the above-titled action to the Northern District of California. Defendants filed opposition, to which plaintiffs replied, and a hearing was held on October 27, 2017.

By Order filed October 30, 2017, the Court found plaintiffs had not shown the challenged order was "'clearly erroneous'" (see Order, filed Oct. 30, 2017, at 1:24-25 (quoting Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 819 (1988)), or that the evidence developed by plaintiffs subsequent to the issuance of that order "would have been critical to the Maryland court's jurisdiction . . . determination" (see id. at 1:25-26 (quoting Reply at 3:3)). The Court did, however, grant plaintiffs' request to depose George and afforded the parties leave to file supplemental briefing, which briefing has been filed.

The issue currently before the Court is whether the newly discovered evidence identified in the supplemental briefing, together with evidence of defendants' previously submitted contacts, is sufficient to show defendants are subject to personal jurisdiction in Maryland, or, alternatively, to warrant further jurisdictional discovery. For the reasons set forth below, the Court finds plaintiffs have failed to make either such showing.

**DISCUSSION**

**A.     Personal Jurisdiction in Maryland**

The claims brought in the above-titled action arise from what plaintiffs allege are false and defamatory statements contained in print and broadcast media, in particular, as relevant to plaintiffs' supplemental showing, podcasts published by Reveal and authored by Smith and Walters, two Reveal reporters based in California. The challenged podcast was aired on March 19, 2016, after which it was updated and re-broadcast on May 28, 2016, and June 2, 2016.

In their supplemental briefing, plaintiffs contend newly discovered evidence shows two Reveal employees, Deborah George ("George") and Susanne Reber ("Reber"), who reside in Maryland, were involved in the production and/or distribution of the challenged podcasts, and that such contacts, together with those previously submitted, are sufficient to show defendants are subject to personal jurisdiction in Maryland.

**1.     Legal Standard**

For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, the "defendant must have sufficient minimum contacts with the forum." See Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 273, 277 (4th Cir. 2009) (internal quotation and citation omitted). Where, as here, a plaintiff asserts the court may exercise specific jurisdiction over the defendant, the minimum contacts test requires the plaintiff to show (1) "that the defendant purposefully directed his activities at the residents of the forum," and (2) "that the plaintiff's cause of action arise[s] out of those activities." See id. (alteration in original) (internal quotation and citation omitted). A plaintiff's claims "arise out of the activities directed at the forum" where "the defendant's

2

contacts with the forum state form the basis of the suit." See id. at 278-79.

### 2. Deborah George

In determining whether a defendant has "purposefully directed his activities" at the forum, the Fourth Circuit considers eight factors, one of which is "whether the defendant maintains offices or agents in the forum state." See id. at 278. Here, in support of their motion, plaintiffs initially submitted evidence that George was a Maryland resident and Reveal employee during all times relevant to the instant action. As set forth above, however, for purposes of determining minimum contacts, the relevant "activities" are those out of which the plaintiff's claims arise. See id. at 278-79.

In that regard, defendants, in response to plaintiffs' initial showing, submitted a declaration from George, in which she stated she provided occasional technical and logistical advice of a general nature and that she neither wrote nor edited any of the scripts or audio for the podcasts here at issue. (See George Decl., filed Aug. 2, 2017, ¶¶ 5-7.) By its order filed October 30, 2017, the Court found such involvement insufficient to alter the determination made by the Maryland court.

The evidence now presented by plaintiffs, although providing additional detail, is consistent with George's initial description of her role, and likewise is unavailing. In particular, although Walters, on one occasion, described George as the "radio editor" on the stories (see George Dep. Ex. 14),[1] George's only involvement reflected in the record is (1) her attendance at a single, early meeting in California, during which she suggested Walters and Smith "start the story from the beginning" (see Rosenthal Decl., filed Jan. 5, 2018, Ex. G); (2) her scheduled participation in a phone call concerning the cost of Walters' proposal to interview a potential source in Africa (see id. Ex. F); and (3) her concern "about the story being written before the actual reporting [was] done" (see George Dep. Ex. 10).

---

[1] In her deposition, George testified that she "was not the radio editor on the Planet Aid stories." (See Rosenthal Decl., filed Jan. 5, 2018, Ex. A (George Dep.) at 374:18-19.)

3

None of the proffered new evidence contradicts George's earlier declaration that she had no role in the writing or editing of the scripts or podcasts. Nor have plaintiffs offered any evidence to show George had approval, let alone final approval, over the content of the stories; indeed, the new evidence is to the contrary. (See Burke Decl., filed Jan. 24, 2018, Ex. D (George Dep.) at 259:12-18 (stating she first listened to podcast when "it aired" and never heard any "[e]arly versions").)

In sum, the newly presented evidence, in combination with the evidence previously considered, is insufficient to show plaintiffs' claims "arise out of" any of Georges activities, and thus is insufficient to show the District of Maryland has personal jurisdiction over defendants. See Consulting Engineers Corp., 561 F.3d at 278-79.

### 3. Susanne Reber

Subsequent to their initial showing, plaintiffs learned that Reber currently resides in Maryland, was the "Executive Editor" for all of Reveal's podcasts, including the podcasts challenged here (see George Dep. Ex. 16), and, as such, was responsible for "help[ing] forge many of the collaborations" between Reveal and newspapers, radio stations, and television stations (see Rosenthal Decl., filed Jan. 5, 2018, Ex. A (George Dep.) at 251:21-252:4).

Assuming, arguendo, such responsibilities, if carried out by a Maryland resident, would be, as plaintiffs contend, "highly relevant to 'minimum contacts'" analysis (see Supplemental Memorandum ("Supp. Memo") at 3:10-11), plaintiffs fail to show Reber resided in Maryland at a time relevant to the instant claims. In particular, Reber has submitted a declaration in which she states that, "[u]p until May 2016," she worked in Reveal's California office, and that she did not move to Maryland until "June, 2016." (See Reber Decl., filed Jan. 24, 2018, ¶¶ 5-6).[2] Although the record does not reflect whether

---

[2] To the extent plaintiffs, by their citation to a Montgomery County Assessment Record (see Rosenthal Decl., filed Jan. 5, 2018, Ex. L) and a page from the Montgomery County website (see Rosenthal Decl., filed Feb. 5, 2018, Ex. C), suggest that Reber moved to Maryland six months earlier, the Court is not persuaded, as plaintiffs have submitted no evidence to support a finding that those two documents should be read together in such manner.

4

1 Reber moved before or after the June 2 re-broadcast, any work she would have done in
2 connection with that podcast would, as a practical matter, have occurred prior to such
3 move, i.e., while Reber was a California resident.

4 To the extent plaintiffs contend Reber played a role in Reveal's response to the
5 "retraction demand" Planet Aid sent on August 19, 2016 (see Supplemental Reply
6 ("Supp. Reply") at 3:16-17), and that such role has some bearing on the minimum
7 contacts analysis, the Court likewise is not persuaded, as plaintiffs' claims arise out of
8 defendants' publication of the allegedly false and defamatory statements, not out of
9 defendants' failure to retract them.

10 Consequently, plaintiffs' reliance on Reber's Maryland residence is unavailing.

**B. Adverse Inference/Further Jurisdictional Discovery**

In their supplemental briefing, plaintiffs contend defendants failed to comply with the Court's discovery order, and, based thereon, ask the Court to draw an inference that George and Reber were "substantially involved in the stories" (see Supp. Memo at 10:7), or, in the alternative, allow "full jurisdictional discovery" (see id. at 9:13-14). Again, the Court is not persuaded.

First, plaintiffs contend defendants failed to produce some of the documents to which George made reference in her deposition, specifically, two Facebook messages in which the publication of the podcasts was announced, and emails she retrieved using search terms suggested by Reveal in the course of discovery. As to the former, there is nothing to indicate the documents are anything other than as described by George, and, as to the latter, plaintiffs, who received numerous email chains in which George was included, have not shown George retrieved any other emails relevant to the instant inquiry.

Plaintiffs next contend defendants improperly redacted portions of some of the documents defendants produced. Defendants have submitted, however, a privilege log explaining such redactions were made to preserve the identities of confidential sources as well as to protect unpublished information unrelated to the instant action. (See Burke

1  Decl., filed Jan. 24, 2018, Ex. E.)[3]

2  Likewise unavailing is plaintiffs' contention, based wholly on speculation, that, if they had received "native, electronic copies of documents" (see Supp. Reply at 9:17), such discovery could have been used to impeach George's deposition testimony.[4] Similarly speculative is plaintiffs' contention that a search of other forms of communication used by George, e.g., Google Chat, would have disclosed relevant communications, as the excerpted portions of George's deposition provided to the Court in support thereof are devoid of any questions pertaining to whether George used such forms of communication to discuss the challenged podcasts.

Lastly, given the Maryland court's finding that the podcasts "were drawn from a variety of sources . . . across the United States and several countries" (see Planet Aid, Inc., et al. v. Reveal, Center for Investigative Reporting, et al., 16-CV-2974-GLR, 19 (D. Md. June 26, 2017)), defendants' disclosure of three additional Maryland sources does not, contrary to plaintiffs' contention, warrant further inquiry.

**CONCLUSION**

For the reasons stated, plaintiffs' motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 8, 2018

MAXINE M. CHESNEY
United States District Judge

---

[3] To the extent plaintiffs challenge the redaction of an email chain between George and Walters on the asserted ground that George "claims not to have discussed confidential sources" (see Supp. Reply at 5 n.7), plaintiffs' characterization of George's testimony is not supported by the record (see Burke Decl., filed Jan. 24, 2018, Ex. D (George Dep.) at 65:2-6).

[4] Further, plaintiffs have not disputed defendants' response that there was no request for production in native format.