

Suite 800
505 Montgomery Street
San Francisco, CA  94111-6533

**Thomas R. Burke**
(415) 276-6552 tel
(415) 489-9052 fax

ThomasBurke@dwt.com

May 30, 2018

*VIA E-FILING TO CM/ECF*

The Honorable Maxine M. Chesney
Courtroom 7 - 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *Planet Aid, Inc. v. Reveal, Center for Investigative Reporting*, Case No. 17-cv-03695

Dear Judge Chesney:

     A settlement conference is scheduled on June 26, 2018; if the case does not settle, two days later Defendants will file their Motion to Strike the Amended Complaint under Cal. C.C.P. § 425.16 ("SLAPP Motion") (ECF Nos. 95, 97).  The parties are unable to agree whether discovery should be stayed pending settlement and/or decision on the SLAPP Motion—and therefore respectfully request that this issue be referred to a magistrate judge.

     **Defendants' Position:**  Defendants propose a stay of discovery pending settlement and/or decision on the SLAPP Motion.  Plaintiffs refuse to agree to the proposed stay, nor will they consent to an interim stay while the parties brief the issue. Rather, immediately after the parties' Rule 26(f) conference, Plaintiffs propounded two sets of production requests seeking every document concerning Defendants' 18-month investigation, which resulted in dozens of articles and reports. The amount of data in the investigation is staggering—likely hundreds of thousands of pages.  Plaintiffs also request the identities of confidential sources, and seek emails in a native format that prevents redaction.  Defendants believe discovery should be stayed for two primary reasons.  *First*, a stay of discovery will conserve resources and facilitate settlement. The burden of discovery would be incredible—especially redacting the identities of Defendants' confidential sources.  Further, if discovery proceeds, court intervention likely will be necessary to resolve additional disputes—including, among other things, the scope and format of discovery.  These expenses—potentially tens of thousands of dollars—may be obviated by settlement on June 26 and, if incurred, are likely to harden Defendants' resolve, making a settlement less likely.  *Second*, even if settlement fails, Defendants' SLAPP Motion may dispose of the case or narrow the issues (and the corresponding scope of discovery).  The Motion requires no discovery, given that it will assert defenses that are either purely legal, or which involve facts concerning Plaintiffs' conduct that are equally available to Plaintiffs without discovery.  See *Mireskandari v. Daily Mail & Gen. Tr. PL*, No. CV1202943MMMFFMX, 2013 WL 12129944, at *3 (C.D. Cal. Jan. 14, 2013).

4842-5372-7079v.1 0091850-000010
4842-5372-7079v.1 0091850-000010

Anchorage   New York      Seattle
Bellevue    Portland      Shanghai
Los Angeles San Francisco Washington, D.C.

www.dwt.com

May 30, 2018
Page 2

Defendants anticipate filing a formal Motion to Stay Discovery concurrently with the SLAPP Motion, and will request an interim stay while the Motion to Stay is briefed and heard.

**Plaintiffs' Position:** Within the last two weeks, the Ninth Circuit issued a ruling which is dispositive of the instant motion. The Ninth Circuit ruled on May 16, 2018, that if Defendants mount a "factual challenge [to the complaint under the anti-SLAPP statute, then] the motion must be treated as though it were a motion for summary judgment and *discovery must be permitted*." *Planned Parenthood v. Center for Medical Progress,* No. 16-16997, 2018 WL 2223990 (9th Cir., May 16, 2018) (emphasis added). Defendants represent that they do intend to mount a factual challenge to the FAC, making *Planned Parenthood* dispositive. Defendants ask the Court to instead follow an opinion from another district and predating *Planned Parenthood.*

Defendants next argue that discovery should be denied because the requests are too voluminous. Plaintiffs have agreed to narrow the requests solely to source material relied upon for the specific statements alleged to be defamatory in the First Claim of the FAC, including money, equipment or other inducements offered to sources. Defendants, however, refuse to produce any discovery whatsoever. Equally unavailing is the claim that discovery cannot be produced because it will take too long to redact the names of confidential sources who support the defamatory articles. No redaction is proper. The Ninth Circuit has repeatedly held that a party cannot use confidential information as a sword against an adversary by claiming that it supports his or her conduct, and then hide behind claims of privilege or confidentiality to shield discovery concerning that same information. *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) ("Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived."). Even the very limited jurisdictional discovery has shown how useful discovery will be in this case: It was only after court ordered disclosures that Plaintiffs can now show that it was false for Defendants to claim that one of their sources had recounted how he and other farmers were deprived of livestock under the USDA Program. Court ordered discovery has shown that this individual lived in a village that had absolutely no involvement in the USDA Programs at issue in this case, explaining why the name of the village was redacted from the final script of the defamatory stories. See FAC, ¶¶103-06.

Third, Defendants argue that discovery should be stayed because the parties are engaging in a settlement conference with the Honorable Magistrate Judge Kim. But when Defendants agreed to engage in a settlement conference, they also agreed to abide by Magistrate Judge Kim's rules, which expressly state that "[c]ounsel shall cooperate in providing discovery informally and expeditiously." Dkt. No. 95. Defendants should not be heard to argue that the existence of that settlement conference should be used as a way of delaying discovery.

4842-5372-7079v.1 0091850-000010

May 30, 2018
Page 3

      For these reasons, the parties respectfully request that the Court refer this matter to a Magistrate Judge for resolution.

Sincerely,

Davis Wright Tremaine LLP

*/s/ Thomas R. Burke*

Thomas R. Burke

cc:    Samuel Rosenthal
Nelson Mullins
Counsel for Plaintiffs