THOMAS R. BURKE (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone:(415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

BRENDAN CHARNEY (CA State Bar No. 293378)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone:(213) 633-6800
Facsimile: (213) 633-6899
Email: brendancharney@dwt.com

AMBIKA K. DORAN (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98040
Telephone: (206) 757-8030
Facsimile: (206) 757-7030
Email: ambikadoran@dwt.com

Attorneys for Defendants
REVEAL FROM THE CENTER FOR
INVESTIGATIVE REPORTING;
MATT SMITH; and AMY WALTERS

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANET AID INC., and LISBETH THOMSEN, <br><br> Plaintiff, <br><br> v. <br><br> REVEAL, CENTER FOR INVESTIGATIVE REPORTING, MATT SMITH, and AMY WALTERS, <br><br> Defendant. | Case No. 17-cv-03695-MMC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date: June 8, 2018 <br> Time: 10:30 am <br><br> Courtroom: 7 <br> Judge: Hon. Maxine Chesney |

JOINT CASE MANAGEMENT STATEMENT
Case No. 17-cv-03695-MMC
4852-4463-7030v.12 0091850-000010

Plaintiffs Planet Aid Inc. and Lisbeth Thomsen (collectively, "Plaintiffs" or "Planet Aid") and Defendants Reveal, Center For Investigative Reporting, Matt Smith, and Amy Walters (collectively, "CIR" or "Reveal"), respectfully submit this Joint Case Management Statement pursuant to this Court's April 23, 2018 Order Continuing Case Management Conference (ECF No. 84). The Parties submit this Report following a conference of counsel on May 21, 2018.

**1.    Jurisdiction and Service.**

This Court has subject-matter jurisdiction over this dispute under 28 U.S.C. § 1332, as Planet Aid and Reveal are citizens of different states. Plaintiffs contend that jurisdiction lies in the District of Maryland. The Court previously denied Plaintiffs' motion to retransfer this case to the that District, where it was originally filed, without prejudice to renewal of that motion following discovery. Reveal has not filed any counterclaims, and reserves its right to do so. Plaintiffs reserve the right to file any additional claims, or to add parties. All parties have been served.

**2.    Facts**

According to Plaintiffs, their defamation and false-light claims challenge the factual accuracy of statements in more than a dozen radio reports and articles ("Challenged Statements") regarding alleged fraud, theft, diversion of funds, and money laundering by Plaintiffs in connection with USDA Programs. Plaintiffs contend that all of the Challenged Statements were published by Defendant CIR, based on reporting by Defendants Matt Smith and Amy Walters. Plaintiffs contend, among other things, that it was false and defamatory to report that Plaintiffs had diverted 50-70% of the over $130 million obtained by Planet Aid from the USDA for Programs in Malawi and Mozambique, by using fraudulent invoices and withholding benefits to local villagers in Africa who were to benefit from the USDA Programs, and that Plaintiffs forced employees to "kickback" 20-100% of their salaries to a group known as the Teacher's Group, and then sent the money "directly to Mexico." Reveal denies liability, and disputes Plaintiffs' characterization of its investigation and published reports.

**3.    Legal Issues**

Reveal anticipates filing a Special Motion to Strike under Cal. Code Civ. Pro. § 425.16 ("SLAPP Motion"), which will raise the issue of whether Planet Aid can establish that there is a

DAVIS WRIGHT TREMAINE LLP

probability that it will prevail on its claims for defamation, negligence, tortious interference with prospective economic advantage, false light invasion of privacy, and unjust enrichment.

In connection with its SLAPP Motion, Reveal will ask the Court to stay discovery until 30 days after the Court rules on the SLAPP Motion, in order to defer the burden of discovery until this dispositive motion is heard.  Plaintiffs, on the other hand, rely on the recent decision of the Ninth Circuit issued on May 16, 2018, holding that where, as here, a defendant mounts a "factual challenge [to a complaint, then] the motion must be treated as though it were a motion for summary judgment and *discovery must be permitted*." *Planned Parenthood v. Center for Medical Progress*,  No. 16-16997, 2018 WL 2223990 (9th Cir., May 16, 2018) (emphasis added).

Reveal contends that Plaintiffs' reliance on *Planned Parenthood* is misplaced.  As discussed further below, the case confirmed that discovery is unnecessary to decide legal defenses and did not address the situation, as here, where the information needed to respond to the motion is equally available to the plaintiff as to the defendants.  *Planned Parenthood*, 2018 WL 2223990 at *4.  Plaintiffs, on the other hand, contend that it would be improper to  limit them to evidence "equally available" to both sides, when the bulk of the defamatory statements were based on evidence only available to Defendants, as shown by Defendant's admitted reliance on numerous "anonymous" or undisclosed sources.

Defendants anticipate that if discovery proceeds, there likely will be disputes concerning legal issues related to discovery, including: the appropriate scope of discovery; and Defendants' assertion of constitutional protection for the identities of sources to whom Reveal promised confidentiality, as well as unpublished editorial information.

Plaintiffs, on the other hand, contend discovery will show that defendants fabricated source material, some sources did not even ask for confidentiality and in fact claim that Defendants offered money or other inducements in return for information to use in the stories, and further, that Defendants were in possession of information which they knew rendered their stories false and defamatory.

The parties have jointly requested (ECF No. 98) that the dispute concerning a stay of discovery be referred to a magistrate judge pursuant to the Court's Civil Standing Order, ¶ 5.

2

DAVIS WRIGHT TREMAINE LLP

### 4. Motion

Planet Aid filed this lawsuit in the U.S. District Court for the District of Maryland; Reveal moved to dismiss or transfer for lack of personal jurisdiction and improper venue (ECF Nos. 11); the District of Maryland granted this motion on June 27, 2017, ordering the case transferred to the Northern District of California (ECF Nos. 21, 22).  After transfer to this District, Planet Aid filed a Motion to Retransfer the case to the District of Maryland (ECF No. 32).  After jurisdictional discovery and supplemental briefing, the Court denied the Motion to Retransfer without prejudice to renewal after discovery (ECF No. 75).

Reveal intends to file a SLAPP Motion, and the Court has already set a briefing schedule that accommodates a settlement conference scheduled for June 26, 2018 (ECF No. 95). *See also* ECF Nos. 96, 97 (granting Joint Stipulation to Reset Briefing Schedule on Reveal's SLAPP Motion).  As per the Court's Order, Reveal's SLAPP Motion will be filed on or before June 28, 2018; Planet Aid's Opposition by September 4, 2018; and Reveal's Reply by September 11, 2018.

In connection with its SLAPP Motion, Reveal will move to stay discovery until 30 days after the Court rules on the SLAPP Motion.  If discovery is not stayed, Reveal plans to object to the requests, confer with Plaintiffs regarding those objections, and if necessary, seek the Court's assistance in a Motion for Protective Order.

### 5. Amendment of Pleadings

Plaintiff has filed a First Amended Complaint ("FAC"), which is the operative pleading. Plaintiff does not anticipate any further amendments at this time, but reserves the right to seek leave to file a Second Amended Complaint.  Reveal reserves the right to add counterclaims once it has taken discovery.

### 6. Evidence Preservation

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  The parties have represented to each other that they have preserved relevant documents in their possession, custody, and control.

3

JOINT CASE MANAGEMENT STATEMENT
Case No. 17-cv-03695-MMC
4852-4463-7030v.12 0091850-000010

### 7. Disclosures

The parties have agreed to exchange initial disclosures on June 4, 2018.

### 8. Discovery

Pursuant to the Court's Order permitting Planet Aid to take jurisdictional discovery (ECF No. 51), as clarified by the Court (ECF No. 65), Planet Aid propounded document requests to which Reveal responded; Planet Aid also took the deposition of Reveal editor Deborah George.

Plaintiff has served additional discovery requests, responses to which would be due prior to a settlement conference and briefing on Reveal's forthcoming SLAPP Motion. In particular, the parties have agreed to participate in a settlement conference with Magistrate Judge Kim. Because of the parties' unavailability on an earlier date, the conference was scheduled for June 26, 2018. Barring a settlement, Reveal will file its SLAPP Motion on June 28, 2018. Reveal believes further discovery should be stayed pending settlement and/or a decision on Reveal's SLAPP Motion. As set forth above, Plaintiffs oppose the stay, relying on the recent decision of the Ninth Circuit in *Planned Parenthood v. Center for Medical Progress*, No. 16-16997, 2018 WL 2223990 (9th Cir., May 16, 2018). The parties have asked the Court to refer their dispute concerning a stay of discovery to a magistrate judge. (ECF No. 98.)

The parties are considering a stipulated e-discovery order.

Notwithstanding the parties' dispute concerning a discovery stay, discussed further below, the parties have conferred under Rule 26(f)(3) and agreed that: (1) there should be no changes to the timing, form, or requirement for disclosures under Rule 26(a); (2) they do not anticipate issues regarding disclosure, discovery, or preservation of electronically stored information; (3) the Court should include an order under Federal Rule of Evidence 502 regarding inadvertently produced privileged materials; (4) there should be no change to limitations on discovery under the federal or local rules; and (5) Defendants anticipate asking for entry of a protective order under Rule 26(c).

The parties respective positions regarding discovery are set forth below.

**Plaintiffs' position regarding discovery.**

In a decision dispositive of the discovery dispute, the Ninth Circuit ruled on May 16, 2018, that if the Defendants use the anti-SLAPP statute to mount a "factual challenge [to the complaint,

4

JOINT CASE MANAGEMENT STATEMENT
Case No. 17-cv-03695-MMC
4852-4463-7030v.12 0091850-000010

then] the motion must be treated as though it were a motion for summary judgment and ***discovery must be permitted***." *Planned Parenthood v. Center for Medical Progress*, No. 16-16997, 2018 WL 2223990 (9th Cir., May 16, 2018) (emphasis added). Defendants have advised the Plaintiffs that they do in fact intend to mount a factual challenge to the First Amended Complaint, making *Planned Parenthood* directly applicable. Nothing could more clearly constitute a factual challenge to the complaint than whether the statements at issue were "substantially true," which Defendants intend to prove through evidence that necessarily is in their exclusive possession.

Discovery would also be needed in light of another announced defense, namely that the allegedly defamatory statements involve mere statements of opinion. As the Court held in *Piping Rock Partners, Inc. v. David Lerner Associates, Inc.*, 946 F.Supp.2d 957, 972 (N.D. Cal. 2013), "an opinion loses its constitutional protection and becomes actionable when it is 'based on implied, undisclosed facts' and 'the speaker has no factual basis for the opinion.'" *Id.* (quoting *Ruiz v. Harbor View Community Association,* 134 Cal.App.4th 1456, 1471, 37 Cal.Rptr.3d 133 (2005). Here, even assuming arguendo that the Defendants can claim that they were simply reporting opinions, Plaintiffs are entitled to discovery to establish that the declarants had no "factual basis for those opinions."

Defendants' concerns over the volume of discovery is illusory as they confess that they really have not made any effort to determine how many documents exist relating specifically to the allegedly defamatory statements. In any event, this concern can be dealt with by, as Plaintiffs discuss below, narrowing the issues to those raised in the FAC relating to claims of fraud and other illegal conduct by Plaintiffs. Further, Plaintiffs have agreed to limit the requests specifically to any source material concerning the specific statements in FAC Count One alleged to be false and defamatory, as well as any evidence of payments or offers of any inducements to sources.

Defendants argue also that it will take too long to redact the names of confidential sources who provided information supporting the defamatory articles. No redaction is appropriate. The Ninth Circuit has repeatedly held that a party cannot use confidential information as a sword against an adversary, and then hide behind claims of privilege or confidentiality to shield discovery pertaining to such information. *Columbia Pictures Television, Inc. v. Krypton*

5

JOINT CASE MANAGEMENT STATEMENT
Case No. 17-cv-03695-MMC
4852-4463-7030v.12 0091850-000010

*Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) ("Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived.") *Id.* at 1196.

Defendants err in arguing also that any factual challenge to the FAC does not require discovery because facts are equally available to the Plaintiffs. The source material relied upon by Defendants is not only unavailable to Plaintiffs, but Defendants have not even adequately identified such material sufficiently for Plaintiffs to figure out where they should look for that information. For instance, Defendants cite extensive sources that are either anonymous or unnamed. See, e.g., FAC ¶ 203 ("We spoke to about a dozen African members of the Teacher's Group. All of them gave a portion of their salary to the group. From 20% to 100%, everything they earned."). Plaintiffs are left in the dark as to the identity of the individuals with whom Defendants spoke, what those individuals told Defendants, and what information was known to Defendants making those statements by these unnamed sources patently unbelievable.

Similarly, while Defendants have evidence that sources were offered money or other inducements in return for false and defamatory statements, information as to how much each source was paid or offered is exclusively within the Defendants' possession.

Finally, Defendants argue that discovery should be stayed because the parties are engaging in a settlement conference with the Honorable Magistrate Judge Kim. But when Defendants agreed to engage in a settlement conference, they also agreed to abide by Magistrate Judge Kim's rules, which expressly state that "[c]ounsel shall cooperate in providing discovery informally and expeditiously." Dkt. No. 95. Defendants cannot seriously argue that the existence of that settlement conference should now be used as a way of delaying any and all discovery.

**Defendants' position regarding discovery.** Discovery will be unnecessary if the case settles or if the Court grants Reveal's forthcoming SLAPP Motion—for which no discovery is necessary, given that the Motion will assert defenses that are either purely legal, or which involve facts concerning Plaintiffs' conduct that are equally available to Plaintiffs without discovery. *See Mireskandari v. Daily Mail & Gen. Tr. PL*, No. CV1202943MMMFFMX, 2013 WL 12129944, at *3 (C.D. Cal. Jan. 14, 2013) (SLAPP defendants should be protected from "the sort of intrusive,

6

JOINT CASE MANAGEMENT STATEMENT
Case No. 17-cv-03695-MMC
4852-4463-7030v.12 0091850-000010

expensive, and expression-chilling discovery and litigation that the anti-SLAPP statute was specifically enacted to avoid"). Specifically, Defendants plan to argue that the statements challenged by Plaintiffs are privileged as fair reports of public proceedings; are protected as non-actionable subjective statements or opinion based on disclosed facts; and/or are substantially true. If discovery is stayed, Defendants will defer defenses premised on Defendants' state of mind.

Moreover, the volume of documents and information involved in Reveal's investigation is staggering – Defendants estimate they have more than several hundred thousand potentially responsive documents. The burden of organizing and producing this material would be incredibly expensive and time consuming, especially considering the intricate work that would be required to redact the identities of Reveal's confidential sources. In contrast, Planet Aid will not be injured by a stay, as Reveal's anti-SLAPP motion is based on legal defenses for which Plaintiffs do not need discovery or which concern Planet Aid and its affiliate DAPP Malawi's activities that are presumably already in the possession and control of Planet Aid or DAPP Malawi. *See Id.* at *5.

Plaintiff's refusal to consent to a discovery stay is premised on three errors: *First*, Plaintiffs misread *Planned Parenthood*. The case did not involve a "factual challenge" to the complaint; rather, the defendant's SLAPP Motion challenged the *legal sufficiency* of pleadings. 2018 WL 2223990 at *4. The Court did not address the situation here: a SLAPP motion that will raise purely legal arguments, as well as a factual argument based on facts concerning the plaintiff's conduct that are in plaintiff's possession. There is no need for discovery in this context, and *Planned Parenthood* does not hold otherwise.

*Second*, Plaintiffs' insistence on uncovering Reveal's source material—including the constitutionally protected identities of confidential sources—that material is simply not relevant to the defenses Reveal will assert in the SLAPP Motion. In particular, while Plaintiffs' request for Reveal's confidential sources is telling, it is premature. Reveal's SLAPP Motion is not dependent on any confidential sources, and the law strongly protects their confidentiality.

*Third*, Plaintiffs' suggestion that it has agreed to "limit" the requests is illusory. Even as "limited," the request is still incredibly broad—seeking all source material about scores of statements in more than a dozen publications. Responding to the "limited" requests will require

7

JOINT CASE MANAGEMENT STATEMENT
Case No. 17-cv-03695-MMC
4852-4463-7030v.12 0091850-000010

the same thorough review of extensive materials to identify responsive documents and redact confidential sources and other constitutionally protected material.

### 9. Class Actions

This is not a class action.

### 10. Related Cases

There are no related cases.

### 11. Relief

Planet Aid seeks "in excess of $75,000" in compensatory damages, restitution of "property and benefits unjustly received" by Reveal, and "in excess of $25 million in punitive damages."

### 12. Settlement and ADR

A Settlement Conference is set for June 26, 2018 before Magistrate Judge Sallie Kim (ECF No. 95). No motions or discovery are necessary to facilitate negotiation of a resolution.

### 13. Consent to Magistrate Judge For All Purposes

The parties do not consent to have a magistrate judge conduct all further proceedings.

### 14. Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

Plaintiffs believe that the issues can be narrowed substantially by limiting all parties to the events and allegations set forth in the FAC. Plaintiff contends that such conduct focuses on conduct relating to the USDA programs in Malawi and Mozambique in which Plaintiffs participated, giving rise to claims of defamation, negligence, tortious interference, etc. As more particularly set forth in the FAC, Plaintiffs contend that these issues focus on whether Defendants defamed Plaintiffs by alleging (l) that Plaintiffs "stole" or otherwise diverted 50-70% of over $130 million given to Planet Aid by the USDA, through the use of fraudulent invoices and withholding benefits to have been distributed under the USDA Programs; (2) Plaintiffs forced employees to kickback 20-100% of their salaries, which was sent directly to Mexico; and (3) a fugitive was involved in the operation and administration of the USDA Programs. Plaintiffs therefore believe

that numerous facts will be viewed as extraneous, and that discovery or other proceedings to prove the truth or falsity of such allegations will be unnecessary, and indeed prolong this case. Plaintiffs contend that such issues include, inter alia, Defendants various statements and stories directed at whether (l) the Teachers Group constitutes a "cult" in the view of certain individuals and/or Defendants, and contrary to numerous individuals who point to the activities of group members and their commitment to charitable and socially redeeming activities; (2) conduct by any members of the Teachers Group in Denmark and prior to any of the USDA Programs constituted tax evasion or embezzlement, notwithstanding that they were acquitted of such charges; and (3) subjective opinions regarding the Teachers Group or any individual members of that group, other than those related specifically to the individual Plaintiffs and/or employees of Plaintiff Planet Aid, and whether Plaintiffs engaged in misconduct related to the USDA Programs, as set forth in the FAC; and (4) whether the IRS acted correctly in finding (and continuing to find) that Planet Aid qualifies as a not-for-profit for tax purposes.

Reveal has no proposals to narrow the issues at this point. Plaintiffs' proposal to "narrow" non-issues in the case is a red herring designed to distract from the far-ranging and burdensome discovery that Plaintiffs refuse to stay. That being said, Reveal agrees with Plaintiffs' proposal to exclude the question of whether the Teachers' Group/Tvind constitutes a "cult", as well as whether "numerous individuals [ ] point to the activities of group members and their commitment to charitable and socially redeeming activities" to the extent such activities are not related to the programs about which Reveal reported. Reveal objects, however, to Plaintiffs' transparent attempt to exclude evidence relating to the substantial truth of statements specifically challenged in the FAC (*e.g., compare* Plaintiffs' proposal to exclude "conduct by any members of the Teachers Group in Denmark and prior to any of the USDA Programs constituted tax evasion or embezzlement, notwithstanding that they were acquitted of such charges" *with* FAC ¶ 165, alleging that Reveal made false statements concerning evidence in legal proceedings prior to the USDA Programs linking Planet Aid to criminal conduct by Tvind).

**16.   Expedited Trial Procedure**

This is not the type of case that can be handled under the Expedited Trial Procedure of

9

JOINT CASE MANAGEMENT STATEMENT
Case No. 17-cv-03695-MMC
4852-4463-7030v.12 0091850-000010

General Order No. 64 Attachment A.

**17. Scheduling**

For the reasons described in Paragraph 8, the parties disagree whether discovery should proceed. In any event, the parties respectfully ask the Court to defer setting a trial schedule until after the Court rules on Reveal's SLAPP Motion, as the issues in dispute—and the resulting scope of discovery—may be narrowed or eliminated by the decision.

**18. Trial**

Planet Aid has demanded a jury trial. The length of trial will depend on the extent to which the Court grants Reveal's SLAPP Motion to strike some or all of the FAC.

**19. Disclosure of Non-party Interested Entities or Persons**

While neither party has filed a "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15, the Parties each submitted Disclosure of Corporate Interest forms as required by D. Md. L.R. 103.3 when the case was pending in the District of Maryland. As stated in its L.R. 103.3 disclosure statement, Reveal states that the Center for Investigative Reporting, Inc. is not an affiliate or parent of any corporation, and no corporation, unincorporated association, partnership or other business entity, not a party to the case, has a financial interest in the outcome of this litigation as defined in Local Rule 103.3 (D. Md.).

In addition, the Center for Investigative Reporting, Inc., Matt Smith, and Amy Walters each state that, pursuant to N.D. Cal. L.R. 3-15, there are no persons, firms, partnerships, corporations (including parent corporations) or other entities known to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**20. Professional Conduct**

All attorneys of record for each of the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

10

JOINT CASE MANAGEMENT STATEMENT
Case No. 17-cv-03695-MMC
4852-4463-7030v.12 0091850-000010

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: June 1, 2018 | Respectfully submitted, |
| 3 | | DAVIS WRIGHT TREMAINE LLP |
| 5 | | By:  */s/Ambika K. Doran*<br>Ambika K. Doran |
| 6 | | Attorneys for Defendant<br>REVEAL FROM THE CENTER FOR INVESTIGATIVE REPORTING;<br>MATT SMITH; and AMY WALTERS |
| 9 | DATED: May 31, 2018 | Respectfully submitted,<br>NELSON MULLINS RILEY & SCARBOROUGH LLP |
| 12 | | By:  */s/ Samuel Rosenthal*<br>Samuel Rosenthal |
| | | Attorneys for Plaintiffs<br>PLANET AID INC. and LISBETH THOMSEN |

11

JOINT CASE MANAGEMENT STATEMENT
Case No. 17-cv-03695-MMC
4852-4463-7030v.12 0091850-000010