THOMAS R. BURKE (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:      (415) 276-6500
Facsimile:      (415) 276-6599
Email:          thomasburke@dwt.com

AMBIKA K. DORAN (*pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98040
Telephone:      (206) 757-8030
Facsimile:      (206) 757-7030
Email:          ambikadoran@dwt.com

BRENDAN CHARNEY (CA State Bar No. 293378)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone:      (213) 633-6800
Facsimile:      (213) 633-6899
Email:          brendancharney@dwt.com

Attorneys for Defendants
REVEAL FROM THE CENTER FOR
INVESTIGATIVE REPORTING;
MATT SMITH; and AMY WALTERS

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANET AID INC., and LISBETH THOMSEN,<br><br>             Plaintiffs,<br><br>        v.<br><br>REVEAL, CENTER FOR INVESTIGATIVE REPORTING, MATT SMITH, and AMY WALTERS,<br><br>             Defendants. | Case No. 17-cv-03695-MMC<br><br>**STIPULATED PROTECTIVE ORDER** |

DAVIS WRIGHT TREMAINE LLP

1.      <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      <u>DEFINITIONS</u>

2.1     <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4     <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5     <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6     <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7     <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8     <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9     <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10     <u>House Counsel</u>:  attorneys who are employees of a Party.

2.11     <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as well as their support staffs).

2.12     <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13     <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.     <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies,

DAVIS WRIGHT TREMAINE LLP

excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the

DAVIS WRIGHT TREMAINE LLP

testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3     <u>Inadvertent Failures to Designate.</u>  An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

STIPULATED PROTECTIVE ORDER
Case No. 17-cv-03695-MMC
4836-2272-2160v.3 0091850-000010
4815-6870-0529v.1 0091850-000010

DAVIS WRIGHT TREMAINE LLP

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue, other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  In filing such motion, the Party may refer generically to the type of information designated (e.g., "confidential sources"), although the party may not publicly file any exhibits or documents in connection with a challenge under this Paragraph 6.3 absent permission from the Designating Party.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court

STIPULATED PROTECTIVE ORDER
Case No. 17-cv-03695-MMC
4836-2272-2160v.3 0091850-000010
4815-6870-0529v.1 0091850-000010

DAVIS WRIGHT TREMAINE LLP

rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)    the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)    the Court and its personnel;

DAVIS WRIGHT TREMAINE LLP

STIPULATED PROTECTIVE ORDER
Case No. 17-cv-03695-MMC
4836-2272-2160v.3 0091850-000010
4815-6870-0529v.1 0091850-000010

(e)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)      the author of the document or the original source of the information.

7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)      the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b)      Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c)      the Court and its personnel;

(d)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e)      the author of the document or the original source of the information.

8

7.4     Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" Information or Items to "Experts."

(a)     Unless otherwise ordered by the court or agreed in writing by the
Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any
information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" first must make a written request to the Designating Party that (1) identifies the
specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to
disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her
primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's
current employer(s), (5) identifies each person or entity from whom the Expert has received
compensation for work in his or her areas of expertise or to whom the expert has provided
professional services at any time during the preceding five years, and (6) identifies (by name and
number of the case, filing date, and location of court) any litigation in connection with which the
Expert has provided any professional services during the preceding five years.

(b)     A Party that makes a request and provides the information specified
in the preceding paragraph may disclose the subject Protected Material to the identified Expert
unless, within seven court days of delivering the request, the Party receives a written objection
from the Designating Party.  Any such objection must set forth in detail the grounds on which it is
based.

(c)     A Party that receives a timely written objection must meet and
confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the
matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the
Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local
Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must
describe the circumstances with specificity, set forth in detail the reasons for which the disclosure
to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and
suggest any additional means that might be used to reduce that risk.  In addition, any such motion

STIPULATED PROTECTIVE ORDER
Case No. 17-cv-03695-MMC
4836-2272-2160v.3 0091850-000010
4815-6870-0529v.1 0091850-000010

DAVIS WRIGHT TREMAINE LLP

1    must be accompanied by a competent declaration in which the movant describes the parties'

2    efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

3    discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve

4    the disclosure.

5         In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of

6    proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

7    outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

8         8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN</u>

9            <u>OTHER LITIGATION</u>

10         If a Receiving Party is served with a subpoena or an order issued in other litigation that

11    would compel disclosure of any information or items designated in this action as

12    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

13    Receiving Party must so notify the Designating Party, in writing (by email and phone, if possible)

14    immediately and in no event more than three court days after receiving the subpoena or order.

15    Such notification must include a copy of the subpoena or court order.

16         The Receiving Party also must immediately inform in writing the Party who caused the

17    subpoena or order to issue in the other litigation that some or all the material covered by the

18    subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

19    deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

20    caused the subpoena or order to issue.

21         The purpose of imposing these duties is to alert the interested parties to the existence of

22    this Protective Order and to afford the Designating Party in this case an opportunity to try to

23    protect its confidentiality interests in the court from which the subpoena or order issued.  The

24    Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

25    confidential material – and nothing in these provisions should be construed as authorizing or

26    encouraging a Receiving Party in this action to disobey a lawful directive from another court.

27

28

DAVIS WRIGHT TREMAINE LLP

STIPULATED PROTECTIVE ORDER
Case No. 17-cv-03695-MMC
4836-2272-2160v.3 0091850-000010
4815-6870-0529v.1 0091850-000010

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.    INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS: CLAWBACK

11.1    Inadvertently Produced Privileged Material.  The inadvertent production of any privileged or work-product protected documents or data ("Inadvertently Produced Privileged Material"), including under Federal Rule of Evidence 502(d), shall not, in the pending case or in any other federal or state proceeding, constitute a waiver by the Producing Party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law including, without limitation, the identities of confidential sources and other information protected by the qualified reporters' privilege under the First Amendment to the United States Constitution, Article I, § 2 of the California Constitution, and/or the common law.  Nothing in this paragraph shall be construed as agreement by any party as to the existence and/or applicability of any such privileges.   A Party or non-party claiming privilege or other protections for an Inadvertently Produced Privileged Document shall promptly notify any and all Receiving Parties that received the documents, and

11

provide sufficient information to the Receiving Parties regarding the asserted privilege(s), in the form of a privilege log pursuant to Fed. R. Civ. P. 26(b)(5).

Alternatively, if a Receiving Party discovers a document that it believes to be an Inadvertently Produced Privileged Document, the Receiving Party shall promptly notify the Producing Party of what it believes to be the Inadvertently Produced Privileged Document. No Receiving Party will be found in violation of this Order for failing to identify an Inadvertently Produced Privileged Document.

After discovering or being notified of an Inadvertently Produced Document, the obligations of the Receiving Party are those set forth in Fed. R. Civ. P. 26(b)(5)(B). The Receiving Party must not use or disclose the Inadvertently Produced Privileged Document in any way until the claim of privilege is resolved and must take reasonable steps to retrieve the document if the Receiving Party disclosed it before being notified of or discovering the inadvertent production. In addition, within five (5) days of discovering or being notified of an Inadvertently Produced Document, a Receiving Party must return, or destroy the specified document and any copies. The Producing Party must retain a copy of the document until the resolution or termination of this case. A Party may move the Court for an order compelling production of the document, but such Party may not assert as a ground for entering such an order the mere fact of inadvertent production. The Party asserting the privilege shall file its opposition under seal and submit a copy of the document in question for *in camera* review.

11.2    <u>Ethical Responsibilities</u>. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

11.3    <u>Right to Review</u>. This Order is not intended to waive any Party's right to review its documents for privilege or any other reason (including to identify non-responsive documents), and the existence of this Order cannot be used to compel a party to produce documents without review. Moreover, this Order does not mean that the cost of review should not

STIPULATED PROTECTIVE ORDER
Case No. 17-cv-03695-MMC
4836-2272-2160v.3 0091850-000010
4815-6870-0529v.1 0091850-000010

DAVIS WRIGHT TREMAINE LLP

be considered in whether any particular discovery is disproportionate (*i.e.*, that the marginal

benefit of the discovery is not as great as the cost of said discovery, including the cost of review).

12.    <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days

after the final termination of this action, each Receiving Party must return all Protected Material to

the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

abstracts, compilations, summaries or any other form of reproducing or capturing any of the

Protected Material.  With permission in writing from the Designating Party, the Receiving Party

may destroy some or all of the Protected Material instead of returning it.  Whether the Protected

Material is returned or destroyed, the Receiving Party must submit a written certification to the

Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day

deadline that identifies (by category, where appropriate) all the Protected Material that was

returned or destroyed and that affirms that the Receiving Party has not retained any copies,

abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected

Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

even if such materials contain Protected Material.  Any such archival copies that contain or

constitute Protected Material remain subject to this Protective Order as set forth in Section 4

(DURATION), above.

13.    <u>MISCELLANEOUS</u>

13.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

person to seek its modification by the Court in the future.

13.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

Protective Order, no Party waives any right it otherwise would have to object to disclosing or

producing any information or item on any ground not addressed in this Stipulated Protective

Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

the material covered by this Protective Order.

STIPULATED PROTECTIVE ORDER
Case No. 17-cv-03695-MMC
4836-2272-2160v.3 0091850-000010
4815-6870-0529v.1 0091850-000010

DAVIS WRIGHT TREMAINE LLP

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2

3                                    NELSON MULLINS RILEY & SCARBOROUGH LLP

4

5    DATED: August 27, 2018           */s/ Samuel Rosenthal*_____
                                       Samuel Rosenthal
6

7                                      Attorneys for Plaintiffs
                                       PLANET AID INC. and LISBETH THOMSEN
8

9

10                                     DAVIS WRIGHT TREMAINE LLP

11

12   DATED: August 27, 2018           */s/ Thomas R. Burke*_____
                                       Thomas R. Burke
13   Attorneys for Defendants
                                       REVEAL FROM THE CENTER FOR
14                                     INVESTIGATIVE REPORTING; MATT SMITH;
                                       and AMY WALTERS
15

16

17   PURSUANT TO STIPULATION, IT IS SO ORDERED.

18

19

20   DATED: _____    _____
                                       Honorable Maxine M. Chesney
21                                     United States District Judge

22

23

24

25

26

27

28

---

14

STIPULATED PROTECTIVE ORDER
Case No. 17-cv-03695-MMC
4836-2272-2160v.3 0091850-000010
4815-6870-0529v.1 0091850-000010