UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANET AID, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> REVEAL, CENTER FOR INVESTIGATIVE REPORTING, et al., <br><br> Defendants. | Case No. 17-cv-03695-MMC (JSC) <br><br> **ORDER REGARDING WAIVER OF ATTORNEY-CLIENT PRIVILEGE** <br><br> Dkt. No. 156 |

The Court held a hearing on the parties' various discovery disputes on November 9, 2018. The disputes were resolved as set forth on the record; however, the Court took under submission Plaintiff's argument regarding waiver of attorney-client privilege as set forth in Docket No. 156. The Court now resolves that dispute.

**DISCUSSION**

Defendants have filed an anti-SLAPP motion to strike. (Dkt. No.  .) Two declarations submitted in support of that motion are at issue here: Kevin Sullivan and Amy Pyle. Mr. Sullivan states at one point in his declaration: "I, along with the rest of the team, met with CIR's lawyers to review any legal concerns." (Dkt. No. 112 para. 4.) Ms. Pyle attests in one sentence of one long paragraph of her declaration: "Once I had the text story back from Bob, I took it through its final legal review alongside Rosey, Matt and Amy W." (Dkt. No. 110 para. 20.) Plaintiff thereafter served Defendants with a document request seeking "documents or communications concerning any meetings with legal counsel, to which Kevin Sullivan referred in paragraph 4 of his Declaration, as well as the "final legal review" to which Amy Pyle referred in her Declaration in paragraph 20 of her Declaration." (Dkt. No 146 at 12.) Defendants refused to produce any documents in response to this request on the grounds such documents and communications are

protected by the attorney-client privilege. *See Liberty Lobby, Inc. v. Dow Jones & Co., Inc.*, 832 F.2d 1287, 1302 (D.C. Cir. 1988) ("Pre-publication discussions between libel counsel and editors or reporters would seem to come squarely within the scope of the privilege as defined in *Upjohn*.").

Plaintiff does not contest that the reporters' communications with legal counsel regarding counsel's review of the articles is privileged. Instead, Plaintiff insists that Defendants waived the attorney-client privilege as to their "legal review" communications with counsel because they put the review at issue in this lawsuit. The Court disagrees.

A party may waive the attorney-client privilege by raising an advice of counsel defense. *See Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (in patent action alleging *willful* infringement, defendant waived privilege by asserting that he continued infringing on the advice of his counsel). Here, however, Defendants have not raised the advice of their counsel in their motion to strike. They nowhere contend in their motion or the supporting declarations that they could not have acted with actual malice because of the advice they received from their counsel.

*Rhone-Poulenc Rover Inc. v. Home Indemnity Co.*, 32 F.3d 851, 863 (3d Cir. 1994), upon which Plaintiff relies, demonstrates the lack of waiver. There the court explained:

> There is authority for the proposition that a party can waive the attorney client privilege by asserting claims or defenses that put his or her attorney's advice in issue in the litigation. For example, a client may waive the privilege as to certain communications with a lawyer by filing a malpractice action against the lawyer. A defendant may also waive the privilege by asserting reliance on the advice of counsel as an affirmative defense. In an action for patent infringement, where a party is accused of acting willfully, and where that party asserts as an essential element of its defense that it relied upon the advice of counsel, the party waives the privilege regarding communications pertaining to that advice.
>
> In these cases, the client has made the decision and taken the affirmative step in the litigation to place the advice of the attorney in issue. Courts have found that by placing the advice in issue, the client has opened to examination facts relating to that advice. ***Advice is not in issue merely because it is relevant, and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner.*** The advice of counsel is placed in issue where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney client communication.

2

*Rhone-Poulenc Rorer Inc. v. Home Indem. Co*., 32 F.3d 851, 863 (3d Cir. 1994) (emphasis added). Defendants nowhere claim that they did not act with actual malice because of they relied on the advice of their lawyers. They nowhere try to prove their claim "by disclosing or describing an attorney client communication." *Id.* Instead, in recounting the factual narrative of what they did before publishing the challenged articles, they recited the fact that they consulted with counsel. Under Plaintiff's theory, to avoid a waiver Defendants would have had to submit an inaccurate or at least incomplete declaration that omitted the true fact that they consulted with counsel. They do not cite any cases to support that remarkable proposition. Instead, *Rhone-Poulenc* holds that advice is not placed in issue merely because it is relevant. *Id.* The Court finds no waiver on this record.

Further, Defendants did not waive the privilege by failing to produce a privilege log. A privilege log is required if a party withholds attorney-client privileged documents responsive to an otherwise proper document request. But the request at issue here sought only attorney-client privileged documents--an improper request given that Defendants have not placed the advice of their counsel at issue. The Court finds that no log is required in these circumstances.

**IT IS SO ORDERED.**

Dated: November 21, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge