THOMAS R. BURKE (Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

AMBIKA K. DORAN (pro hac vice)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 757-8030
Facsimile: (206) 757-7030
Email: ambikadoran@dwt.com

BRENDAN CHARNEY (Bar No. 293378)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone: (213) 633-6800
Facsimile: (213) 633-6899
Email: brendancharney@dwt.com

SIMON J. FRANKEL (Bar No. 171552)
Email: sfrankel@cov.com
ALEXA HANSEN (Bar No. 267271)
Email: ahansen@cov.com
ETHAN FORREST (Bar No. 286109)
Email: eforrest@cov.com
ABIGAIL P. BARNES (Bar No. 313809)
Email: abarnes@cov.com
COVINGTON & BURLING LLP
1 Front Street, 34th & 35th Floors
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 955-6552

SARI REGINA SHARONI (pro hac vice)
COVINGTON & BURLING LLP
620 8th Avenue
New York, NY 10018
Telephone: (212) 841-1229
Email: ssharoni@cov.com

Attorneys for Defendants
REVEAL FROM THE CENTER FOR INVESTIGATIVE
REPORTING; MATT SMITH; and AMY WALTERS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANET AID, INC., and LISBETH THOMSEN,<br><br>Plaintiffs,<br><br>v.<br><br>REVEAL, CENTER FOR INVESTIGATIVE REPORTING, MATT SMITH, and AMY WALTERS,<br><br>Defendants. | Case No. 3:17-cv-03695-MMC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 611(a)**<br><br>Judge:     Hon. Maxine M. Chesney<br>Date:      January 18, 2019<br>Time:      9:00 a.m.<br>Location: San Francisco Courthouse<br>               **Courtroom 7 – 19th Floor**<br>               450 Golden Gate Avenue<br>               San Francisco, CA 94102<br>Action Filed:          August 25, 2016<br>Action Transferred: June 28, 2017 |

**I.     INTRODUCTION**

This Court should deny Plaintiffs Planet Aid, Inc. and Lisbeth Thomsen's motion to exclude the declarations and testimony of Harrison Longwe, Marko Zebiah, Kandani Ngwira, and Patrick Goteka—four individuals who submitted declarations in support of Defendants' Special Motion to Strike pursuant to California's anti-SLAPP statute ("anti-SLAPP Motion"). Dkts. 115, 116, 117, 126.

Plaintiffs' motion to exclude is premature and moot. Plaintiffs seek to exclude these witnesses "at trial," but the parties are currently litigating whether the Court should strike Plaintiffs' complaint pursuant to California's anti-SLAPP statute. Also, although Plaintiffs claim to have attempted to locate or engage these declarants in discovery, Plaintiffs actually have not used any of the available means to obtain the non-party discovery now at issue. For example, Plaintiffs have not attempted to serve discovery on these individuals under the Hague Convention—to which Malawi has acceded. Nor have they tried to reach Mr. Goteka through the specific contact information Defendants have provided. Further, Defendants have already agreed to produce documents responsive to Plaintiffs' discovery requests that are in Mr. Ngwira's possession. Having failed to take needed steps to seek discovery they claim has been denied, Plaintiffs cannot plausibly complain at this stage that witnesses should be excluded. In any event, as explained below, Federal Rule of Evidence 611(a), on which Plaintiffs primarily rely for their exclusion argument, is inapplicable at this posture.

Plaintiffs' alternative requests also fail. *First*, they claim under Federal Rule of Civil Procedure 56(d) that certain evidence essential to opposing the anti-SLAPP motion is unavailable to them, so the Court must deny or stay decision on the anti-SLAPP motion. But a Rule 56(d) ruling is entirely premature, as Judge Corley is actively working with the parties to ensure Plaintiffs get the discovery they need. And contrary to Rule 56(d)'s requirements, Plaintiffs have neither filed an affidavit of unavailable facts, nor even specified any facts that would be essential to their opposition. *Second*, Plaintiffs argue that the Court should issue letters rogatory under the Hague Convention if it denies

Plaintiffs' other requests. But these letters are unnecessary because Plaintiffs can serve discovery in Malawi per the Hague Service Convention.[1]

## II.  STATEMENT OF ISSUE TO BE DECIDED

Plaintiffs' motion asks the Court to decide whether to exclude all evidence, including declarations and testimony, from four people on whom Plaintiffs have not attempted to serve discovery.

## III.  STATEMENT OF RELEVANT FACTS

Defendants filed their anti-SLAPP Motion on July 2, 2018. Dkt. 107. In support of that Motion, Plaintiffs submitted fifteen declarations, including from four individuals who are not parties to this case: Harrison Longwe (Dkt. 116), Marko Zebiah (Dkt. 117), Kandani Ngwira (Dkt. 115), and Patrick Goteka (Dkt. 126). Plaintiffs claim they have tried to contact these four declarants.[2] But Plaintiffs have apparently not tried to serve discovery on Messrs. Longwe, Zebiah, and Ngwira, all Malawi residents, under the Hague Service Convention. Further, Defendants gave Plaintiffs specific contact information—the name and email address of a designated individual at Transparency International (a global anti-corruption organization)—through which they can reach Mr. Goteka. *See* Decl. of Ambika K. Doran, Ex. A. Plaintiffs have not tried reaching Mr. Goteka using that information. Rather, they sent a message to a general intake email address at that organization. Dkt. 167, Ex. D (Rosenthal Decl.). Plaintiffs also ignore the fact that Defendants committed to provide them documents in Mr. Ngwira's custody, control, or possession. *See* Dkt. 159 at 10 ("Reveal has already committed . . . to collect and review documents [Mr. Ngwira] possesses.").

Plaintiffs further assert incorrectly that Defendants have "refused" to produce discovery for Messrs. Longwe and Goteka. Dkt. 166 at 3-4. In fact, Defendants agreed to produce extensive

---

[1] Plaintiffs also state in passing that an unspecified declarant was "convicted of a criminal offense." They do not explain why that allegation is relevant to their Motion and do not rely on it in their argument. For these reasons, and because whether a declarant was convicted of a criminal offense is, in fact, irrelevant to Plaintiffs' Motion, Defendants do not address this claim further.

[2] Plaintiffs' Motion asserts that "several individuals receiv[ed] subpoenas" and replied they are not obligated to speak with Plaintiffs. Dkt. 166 at 2. This is irrelevant. These subpoenaed people cannot be the four people at issue in Plaintiffs' motion, as Plaintiffs contend they cannot serve Messrs. Longwe, Zebiah, or Ngwira, or reach Mr. Goteka.

3

discovery that would include, to the extent they exist and are otherwise relevant and non-privileged, materials involving Messrs. Longwe and Goteka. Dkt. 159-1 (Doran Decl.). Defendants confirmed their agreement to produce such discovery at the November 9, 2018 discovery hearing before Magistrate Judge Corley. *See* Dkt. 179 (Nov. 9, 2018 Hearing Tr.) at 4-7. Also, Defendants have nearly completed their review of recordings of interviews with Mr. Longwe that are in their possession, custody, or control. They anticipate producing those recordings no later than December 12, 2018. *See* Doran Decl. at ¶ 3.

## IV.     ARGUMENT

### A.     The Court Should Deny The Motion to Exclude "at Trial" As Premature.

As a threshold point, Plaintiffs ask the Court to exclude the four third-party declarants' testimony "at trial." They do not explain why they bring this motion now, during discovery for the anti-SLAPP Motion, as opposed to closer to trial. Where no trial date has been set and discovery has not yet ended, a motion to exclude is premature. *Fernandez v. Taser Intern., Inc.*, No. C 06-4371, 2008 WL 4775779, at *3 (N.D. Cal. Oct. 27, 2008) (denying motion to exclude expert witness evidence because discovery had not yet concluded); *Sloan v. Oakland Police Dep't*, No. C 00-4117, 2005 WL 8156888, at *8 (N.D. Cal. Mar. 23, 2005) (denying motion in limine because no trial date had been set).[3] At this point, discovery is ongoing, no depositions have been sought or taken, and no trial date has been set. Plaintiffs' motion is entirely premature.

### B.     Plaintiffs Have Not Attempted to Use the Available Means of Non-Party Discovery.

As further grounds for denying Plaintiffs' motion, Plaintiffs have made no efforts to obtain the discovery at issue. *First*, Plaintiffs contend erroneously that Messrs. Longwe, Zebiah, and Ngwira, all Malawi residents, are not subject to process under the Hague Convention—but in fact, they are, as both that treaty and the case law hold. *Second*, Plaintiffs contend they cannot reach Mr. Goteka, but they

---

[3] *See also U.S. v. Aiyaswamy*, No. 15-CR-00568, 2017 WL 1365228, at *3 (N.D. Cal. Apr. 14, 2017) (denying motion to preclude introduction of out-of-court statements as premature because court did not know what statements the party would seek to introduce); *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*, No. C 06-3359, 2008 WL 3916093, at *3 n.4 (denying motion to preclude witness testimony at trial as premature when depositions had not yet concluded).

have not used the specific contact information Defendants gave them.  *Third*, the motion with respect to Mr. Ngwira is moot because Defendants have agreed to review and produce documents in his possession.

### 1. Plaintiffs Have Not Attempted to Serve Messrs. Longwe, Zebiah, and Ngwira Under the Hague Service Convention.

Plaintiffs complain that they cannot take discovery of Messrs. Longwe, Zebiah, and Ngwira because "they are not subject . . . to process available under the Hague Convention."  Dkt. 166 at 2.

Plaintiffs are wrong.  Malawi is a signatory to the Hague Service Convention.[4]  *See Lipenga v. Kambalame*, No. GJH-14-3980, 2015 WL 9484473, at *1 (D. Md. Dec. 28, 2015).  Per the Convention's terms, Malawi has designated the Registrar of the High Court of Malawi as the Central Authority to receive service requests.  *See* Malawi—Central Authority & practical information, Hague Conference on Private International Law, https://www.hcch.net/en/states/authorities/details3/?aid=287.  Malawi has since complied with requests for service from the United States.  *E.g.*, *Lipenga*, 2015 WL 9484473, at *1 (stating Plaintiffs sent a service request to the Malawian Central Authority per the Hague Convention and, less than one month later, the Central Authority confirmed receipt and stated it would effect service by the end of the week).  So Messrs. Longwe, Zebiah, and Ngwira are all subject to process under the Hague Service Convention because they are Malawi residents.  As Plaintiffs have not followed this process, their concern about not being able to take discovery of these witnesses is premature and cannot support a motion to exclude.

---

[4] Malawi acceded to the Convention in 1972 and, in the absence of any objections from member states, the Convention entered into force in Malawi that same year.  *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 28, *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163.  At that point, Malawi became a "party" to the Convention—*i.e.*, it consented to be bound by its terms.  *See* Vienna Convention on the Law of Treaties art. 2, *opened for signature* May 23, 1969, 1155 U.N.T.S. 331.

OPPOSITION TO MOTION TO EXCLUDE EVIDENCE PER FEDERAL RULE OF EVIDENCE 611(a) - CASE NO. 3:17-CV-03695-MMC

### 2. Plaintiffs Have Not Reached Out to Mr. Goteka Through the Specific Contact Information Defendants Provided.

With respect to Mr. Goteka, who is in hiding because he fears for his life, Plaintiffs complain that they were "directed . . . to Transparency International, which has responded that they cannot provide any information relating to Goteka." Dkt. 166 at 3; *see also* Dkt. 126 at 18-20 (Goteka Decl.).[5] In fact, Defendants provided Plaintiffs with a specific contact within that organization who can facilitate communications with Mr. Goteka. Doran Decl., Ex. A. But Plaintiffs apparently have not attempted to reach out to this individual. Instead, they sent an email to Transparency International's general e-mail address. *See* Dkt. 167, Ex. D (Rosenthal Decl.). Yet again, Plaintiffs cannot ignore straightforward means of discovery and seek instead to exclude evidence entirely.

### 3. Plaintiffs' Argument Regarding Discovery from Mr. Ngwira is Moot.

Plaintiffs' argument concerning an inability to serve discovery on Mr. Ngwira fails because Defendants have already agreed to collect, review, and produce documents in Mr. Ngwira's possession, custody, or control. *See* Dkt. 159, at 10. They remain willing to do so.

### C. Federal Rule of Evidence 611(a) Does Not Apply Here.

Contrary to Plaintiffs' arguments, Federal Rule of Evidence 611(a) does not support excluding evidence at this posture. Rule 611(a) provides courts considerable discretion to determine the order in which parties adduce proof, to admit summaries of other admissible evidence, and to otherwise direct the order and mode of presenting evidence and examining witnesses. *See United States v. Kenny*, 645 F.2d 1323, 1334 (9th Cir. 1981); *United States v. Anekwu*, 695 F.3d 967, 981 (9th Cir. 2012). But contrary to Plaintiffs' position, the Rule "does not directly provide a basis for excluding otherwise admissible evidence." *U.S. ex rel. Poong Lim/Pert v. Dick Pacific/Ghemm*, No. 3:03–CV–00290, 2006 WL 568321, at *2 (D. Alaska Mar. 7, 2006); *see also* 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 611.02[2][a][i] (2d ed. 2018); 28 Charles Alan Wright & Victor James

---

[5] Plaintiffs may mock Mr. Goteka's fear for his life, *see* Dkt. 166 at 3, but such derision is wholly inappropriate from a counsel who casually joked in court, on the record, about not being "allowed to bring my silencer on the plane." Dkt. 179 (Nov. 9, 2018 Hearing Tr.) at 103:1-3.

Gold, Fed. Prac. & Proc. Evid. § 6163 (2d ed. 2018) ("Rule 611 provides no basis for excluding what is otherwise admissible evidence."); 2-VI Moore's Federal Rules Pamphlet § 611.6 (Matthew Bender 2017); *United States v. Colomb*, 419 F.3d 292, 297 (5th Cir. 2005). Rather, "it is Rule 403 and not Rule 611 that supplies the power" to exclude evidence. *Colomb*, 419 F.3d at 297.

Plaintiffs cite no cases excluding evidence pursuant to Rule 611(a). Rather, Plaintiffs rely on *In re Gulf Oil/Cities Services Tender Offer Litigation*, 776 F. Supp. 838, 839 (S.D.N.Y. 1991), to assert that Rule 611(a) permits a court to preclude a party from calling a witness for live testimony if the party refuses a reasonable request to produce a witness under its control, and in so doing forces the opposing party to use a deposition.

*Gulf Oil* does not apply here. In that case, the witness—an individual defendant under the corporate defendant's control—agreed to testify for the defendant's case in chief but refused to do so for the plaintiff's case in chief. *Id.* The Court precluded the defendant from using that witness's live testimony but did not preclude the parties from introducing the witness's deposition. *Id.* Here, by contrast, the four third-party declarants are neither under Defendants' control, nor have they refused to appear to testify live for Plaintiffs' case in chief. Plaintiffs have not attempted to serve the four declarants with process and have not reached out to Mr. Goteka through the already provided contact information. Also, *Gulf Oil* has *only* been applied to preclude *live testimony*—not *all* evidence from a witness—when the parties have depositions of the witness in question.[6] Here, no witness has been

---

[6] *See, e.g.*, *Buchwald v. Renco Grp., Inc.*, No. 13-cv-7948, 2014 WL 4207113, at *2 (S.D.N.Y. Aug. 25, 2014) ("Any witnesses that [d]efendants intend to examine live at trial must be made available to testify during the [plaintiffs'] case . . . [otherwise] both . . . will be limited to the use of that witness's deposition testimony."); *Niebur v. Town of Cicero*, 212 F. Supp. 2d 790, 806-07 (N.D. Ill. 2002) (excluding live testimony from witness who refused to appear at trial and testify for plaintiffs' case in chief, but allowing plaintiffs to read witness's deposition into the record); *Maran Coal Corp. v. Societe Generale De Surveillance S.A.*, No. 92 CIV. 8728, 1996 WL 11230, at *2 (S.D.N.Y. Jan. 10, 1996) ("To the extent defendants lack the power to produce the witnesses at trial, [plaintiff] will have to rely on their deposition testimony."). *See also Adams v. Raintree Vacation Exchange, LLC*, No. 10 C 3264, 2011 WL 4538546, at *6 n.3 (N.D. Ill. Sept. 29, 2011) (distinguishing from *Gulf Oil* because witness at issue submitted a declaration that was properly before the court to support a specific area of inquiry in an evidentiary hearing, the case was far from trial, and the court had all the evidence it needed to rule on

deposed, much less called for live testimony.  Indeed, the district court cases that have relied on *Gulf Oil* were either at the pre-trial motion in limine stage, or the post-trial motions phase.[7]  Plaintiffs' other cited cases also do not support their position.  Neither *R.B. Matthews, Inc. v. Transamerica Transp. Servs., Inc.*, 945 F.2d 269 (9th Cir. 1991), nor *Iorio v. Allianz Life Ins. Co. of N.A.*, No. 05cv633, 2009 WL 3415689 (S.D. Cal. Oct. 21, 2009) even *mentions* Rule 611(a).  In both of these cases, the court precluded witnesses' live testimony but allowed their depositions to enter the trial record.  *R.B. Matthews, Inc.*, 945 F.2d at 272; *Iorio*, 2009 WL 3415689, at *6.  Accordingly, the question of whether to preclude the declarants from giving live testimony is entirely premature.

### D. Plaintiffs' Alternative Requested Relief Is Not Appropriate Here.

In the alternative, Plaintiffs seek additional relief in the form of denying Defendants' anti-SLAPP motion in its entirety under Federal Rule of Civil Procedure 56(d) or requesting that this Court issue Letters Rogatory for the four declarants.  Both requests are unfounded.

#### 1. Plaintiffs Have Not Satisfied the Requirements of Rule 56(d).

There is no plausible basis for the Court to "deny Defendants' Special Motion to Strike under Rule 56."  Dkt. 166 at 8.  Rule 56(d) states that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" a court may defer considering the motion or deny it.  Fed. R. Civ. P. 56(d).  A Rule 56(d) ruling would be entirely premature at this juncture: Judge Corley is actively working with the parties to make sure Plaintiffs get the discovery they need to oppose Defendants' anti-SLAPP Motion.  Dkt. 179 (Nov. 9, 2018 Hearing Tr.) at 8.  This process is ongoing, and briefing and argument on Defendants' Motion have been paused pending resolution of discovery disputes.

Further, Plaintiffs have not provided the affidavit required by Rule 56(d), specifying the unavailable facts they believe are "essential" to justify their opposition.  *See Michelman v. Lincoln Nat'l*

---

the issue before it); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 302 (S.D.N.Y. 2009) (holding *Gulf Oil* did not apply where witness was not a party to the dispute).

[7] *See, e.g.*, *Buchwald*, 2014 WL 4207113 (deciding pre-trial motion in limine); *Niebur*, 212 F. Supp. 2d at 799  (deciding post-trial motions for judgment as a matter of law and new trial); *Maran Coal Corp.*, 1996 WL 11230, at *2 (deciding pre-trial motion in limine).

8

OPPOSITION TO MOTION TO EXCLUDE EVIDENCE PER FEDERAL RULE OF EVIDENCE 611(a) - CASE NO. 3:17-CV-03695-MMC

*Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012) (holding such affidavits required for Rule 56(d) requests). Neither have they provided any specific information that would allow the Court to assess what facts are both (1) unavailable to Plaintiffs because of the purported unavailability of these four declarants *and* (2) essential for Plaintiffs arguments to defeat the anti-SLAPP motion. For this reason alone, Plaintiffs' Rule 56(d) request must be denied. *See id.* (affirming denial of Rule 56(d) request due to party's failure to submit the required supporting affidavit); *Long v. Playboy Enters. Int'l, Inc.*, 565 F. App'x 646, 648 (9th Cir. 2014) (same); *Sabow v. American Seafoods Co.*, 737 F. App'x 322, 324 (9th Cir. 2018) (same).

Not only have Plaintiffs not provided the affidavit required by the Rule, at this juncture, they could not possibly do so. The required affidavit must explain why the facts the non-moving party claims are "essential" are not available to that party. *Ashley v. City & Cty. of San Francisco*, No. 12-cv-00045, 2013 WL 12172622, at *2 (N.D. Cal. Oct. 7, 2013); *Bowlin v. Goodwill Indus. of Greater Easy Bay, Inc.*, No. 12-cv-01593, 2013 WL 269131, at *2 (N.D. Cal. Jan. 24, 2013). As explained above, (1) Plaintiffs have not even tried to get the discovery they claim they have been denied, and (2) Judge Corley is assisting the parties to ensure that Plaintiffs are provided the discovery that is "essential" to their opposition, a process that is still ongoing. So Plaintiffs could not possibly claim any purportedly "essential" facts are "unavailable" at this point. *See Martinez v. Columbia Sportswear USA Corp.*, 553 F. App'x 760, 761 (9th Cir. 2014) (holding district court did not abuse discretion by denying Rule 56(d) request because "plaintiff had not diligently pursued even basic discovery"); *Johnson v. Hewlett-Packard Co.*, 546 F. App'x 613, 615 (9th Cir. 2013) (stating appellants' failure to file supporting affidavit was "[t]he most obvious indication of lack of diligence" (alteration in original) (citation omitted)).

### 2.   Letters Rogatory Are Unnecessary.

As explained above in Section IV.B.1, Malawi is a party to the Hague Service Convention, so Plaintiffs can serve any Malawian witness under that Convention's processes. *See Lipenga*, 2015 WL 9484473, at *1. Plaintiffs have not tried to do so. This alone makes the burden of Letters Rogatory completely unnecessary.

## V.  CONCLUSION

For the reasons explained above, the Court should deny Plaintiffs' Motion to Exclude Evidence Pursuant to Federal Rule of Evidence 611(a).

DATED: December 4, 2018

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
AMBIKA K. DORAN
BRENDAN CHARNEY

COVINGTON & BURLING LLP
SIMON J. FRANKEL
ALEXA HANSEN
ETHAN FORREST
ABIGAIL P. BARNES
SARI REGINA SHARONI

By: */s/ Alexa Hansen*
     Alexa Hansen
Attorney for Defendants
REVEAL FROM THE CENTER FOR INVESTIGATIVE REPORTING; MATT SMITH; and AMY WALTERS