UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANET AID, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>REVEAL, CENTER FOR INVESTIGATIVE REPORTING, et al.,<br><br>　　　　　Defendants. | Case No. 17-cv-03695-MMC (JSC)<br><br>**ORDER RE: QUALIFIED REPORTERS' WORK PRODUCT PRIVILEGE**<br><br>Re: Dkt. No. 202 |

Plaintiffs sue Defendant news reporting agency and its reporters for defamation. Now pending before the Court is the parties' discovery dispute joint letter regarding application of the qualified reporters' work product privilege to a transcript of a conversation with one of Defendants' sources. (Dkt. No. 202.) After carefully considering the parties' submissions, the Court concludes that oral argument is not necessary, *see* N.D. Cal. Civ. L. R. 7-1(b), and determines that an *in camera* review of the redacted material is warranted in the specific circumstances here.

**BACKGROUND**

This defamation lawsuit arises out of a podcast and articles Defendants published about Plaintiff charitable organization and one of its subcontractor's employees. In general, Plaintiffs challenge as false Defendants' statements to the effect that Plaintiffs engaged in fraud in connection with a United States foreign aid program in Malawi. Defendants responded to the lawsuit by filing an anti-SLAPP motion to strike. The parties are currently engaged in discovery in connection with that motion. As relevant here, Defendants have produced information about their sources for the stories, including transcripts of interviews with those sources; in particular, they have produced a transcript of an October 20, 2016 interview with source Harrison Longwe,

1 an accountant in Malawi. Defendants, however, have redacted and withheld from Plaintiffs
2 approximately 8 minutes of the 23 minute conversation on the grounds that it is protected by the
3 qualified reporters' work product privilege. In support of their redactions, Defendants have
4 submitted a declaration of Matt Smith, the reporter who conversed with Mr. Longwe on October
5 20, 2016—after the allegedly defamatory stories were published. Mr. Smith attests that the
6 withheld portions of the conversation explored topics that are distinct from those at issue in this
7 lawsuit and thus protected by the reporters' privilege. (Dkt. No. 202-3.) Plaintiffs contend that
8 Defendants should be compelled to produce the redacted portions of the interview because: (1)
9 Defendants have not met their burden of showing the privilege applies; and (2) even if Defendants
10 have made such a showing, Plaintiffs have overcome the privilege.

**DISCUSSION**

Journalists enjoy a qualified privilege against compelled disclosure of information gathered in the course of their work. *Shoen v. Shoen ("Shoen II")*, 48 F.3d 412, 416 (9th Cir. 1995). The privilege extends to nonconfidential sources and materials and applies if there is an "intent to use material—sought, gathered or received—to disseminate information to the public and such intent existed at the inception of the newsgathering process." *Shoen v. Shoen ("Shoen I")*, 5 F.3d 1289, 1292 (9th Cir. 1993). Where the information sought is not confidential, a party is entitled to requested discovery notwithstanding a valid assertion of the journalist's privilege "only upon a showing that the requested material is: (1) unavailable despite exhaustion of all reasonable alternative sources; (2) noncumulative; and (3) clearly relevant to an important issue in the case." *Shoen II*, 48 F.3d at 416. "[T]here must be a showing of actual relevance; a showing of potential relevance will not suffice." *Id.*

Defendants have met their initial burden of showing that the privilege applies. Mr. Smith is a journalist and he was speaking to Mr. Longwe in his role as a journalist and to Mr. Longwe as a source. Although Mr. Smith also spoke with Mr. Longwe about the defamation lawsuit and the topics of the allegedly defamatory stories, he attests that he was also and primarily speaking to Mr. Longwe about other topics for potential publication. (Dkt. No. 202-3.) The privilege thus applies. Plaintiffs' suggestion that *Shoen II* does not apply when the journalist is a defendant in the lawsuit

2

in which the discovery is sought does not make sense.  Under the *Shoen II* test the privilege may be more likely to be overcome when the discovery is sought from a defendant/reporter because the discovery is more likely "to be clearly relevant to an important issue in the case," but the privilege still applies in the first instance.  To hold otherwise would encourage plaintiffs to add reporters as defendants merely as a vehicle to avoid application of the qualified reporter's privilege.  *See Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, No. 16-CV-00236-WHO(DMR), 2018 WL 2441518, at *14 (N.D. Cal. May 31, 2018) (applying *Shoen II* to discovery requests made of the defendant journalists).  Such a result is not consistent with the First Amendment concerns animating the privilege.  *See Shoen I,* 5 F.3d at 1292. The critical question, then, is whether under the *Shoen II* test the privilege should yield to Plaintiffs' discovery request.

Plaintiffs have reasonably exhausted alternative sources for what Mr. Smith and Mr. Longwe discussed on October 20, 2016.  Mr. Smith is claiming the reporters' privilege for the withheld information.  And Mr. Longwe has stated by email that he will not speak with Plaintiffs' counsel.  As Mr. Longwe is outside this District, indeed outside the United States, he is beyond the subpoena power of this Court and of any court in the United States.  Further, according to Plaintiffs, Malawi, where it is believed Mr. Longwe resides, is not a participant in the Hague Convention.

As there does not appear to be any other evidence in the record disclosing what Mr. Smith and Mr. Longwe discussed on October 20, 2016, the information sought appears to be noncumulative.  At least the Court cannot conclude otherwise given that Defendants have not identified what the withheld information is, other than that it is "distinct" from the topics of this lawsuit.

The issue thus turns on whether the information sought is "clearly relevant to an important issue in the case." *Shoen II*, 48 F.3d at 416.  There is no dispute that Mr. Longwe was a key source for Defendants' stories about Plaintiffs.  Thus, conversations he had with Defendants regarding what he had said to Defendants prior to the publication of the stories, the truth or falsity of those allegations, or Defendants' knowledge of the same, are clearly relevant to this lawsuit; indeed, that is why Defendants have not asserted the privilege for all of Mr. Smith's

3

communications with Mr. Longwe.  But here Mr. Smith claims that portions of the conversation shed no light on this lawsuit and therefore remain privileged.  While Defendants may be correct, there is no way to test Mr. Smith's assertion without the Court's review of the redacted materials *in camera*.

Defendants' insistence that *in camera* review is not warranted fails to persuade.  Plaintiffs have met their burden of a good faith belief that the redacted material may contain discoverable information given that Mr. Smith had relevant communications with Mr. Longwe in the very conversation which Defendants seek to redact.  Further, the record supports an inference that the redacted portion of the conversation involved Plaintiffs, and Defendants offer nothing other than Mr. Smith's assertion to support their contention that the redacted conversation is not relevant to this lawsuit.  No case requires a court to simply accept such an unadorned assertion.

## CONCLUSION

On or before March 5, 2019, Defendants shall provide the Court with the full transcript of Mr. Smith's October 20, 2016 calls with Mr. Longwe for the Court's *in camera* review.  The transcript may be delivered to chambers, rather than filed on the docket, with a cover letter or cover pleading filed on the docket indicating that the transcript has been delivered.

**IT IS SO ORDERED.**

Dated: February 26, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

4