THOMAS R. BURKE (Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

AMBIKA K. DORAN (pro hac vice)
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Telephone: (206) 757-8030
Facsimile: (206) 757-7030
Email: ambikadoran@dwt.com

BRENDAN CHARNEY (Bar No. 293378)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone: (213) 633-6800
Facsimile: (213) 633-6899
Email: brendancharney@dwt.com

SIMON J. FRANKEL (Bar No. 171552)
Email: sfrankel@cov.com
ALEXA HANSEN (Bar No. 267271)
Email: ahansen@cov.com
ETHAN FORREST (Bar No. 286109)
Email: eforrest@cov.com
SEAN HOWELL (Bar No. 315967)
Email: showell@cov.com
ABIGAIL P. BARNES (Bar No. 313809)
Email: abarnes@cov.com
COVINGTON & BURLING LLP
1 Front Street, 34th & 35th Floors
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile: (415) 955-6552

Attorneys for Defendants
REVEAL FROM THE CENTER FOR INVESTIGATIVE
REPORTING; MATT SMITH; and AMY WALTERS

THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANET AID INC.; and LISBETH THOMSEN, <br><br> Plaintiff, <br><br> v. <br><br> REVEAL, CENTER FOR INVESTIGATIVE REPORTING; MATT SMITH; and AMY WALTERS, <br><br> Defendant. | Case No. 17-cv-03695-MMC <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CLARIFICATION AS TO JURISDICTIONAL DISCOVERY; REQUEST FOR SANCTIONS** <br><br> Judge: Hon. Maxine Chesney <br><br> Date: September 6, 2019 <br> Time: 9:00 a.m. <br> Location: **Courtroom 7 – 19th Floor** <br> 450 Golden Gate Avenue <br> San Francisco, CA 94102 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. STATEMENT OF FACTS ............................................................................................. 2

III. ARGUMENT .................................................................................................................. 5

    A. The Court Should Deny the Motion, Which Improperly Seeks Reconsideration ... 5

    B. The Court Should Deny Planet Aid's Motion on the Merits .................................. 6

    C. The Court Should Sanction Planet Aid and Its Counsel. ....................................... 9

IV. CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chambers v. NASCO, Inc.*,
 501 U.S. 32 (1991) ..................................................................................................................9

*Godoy v. Brown*,
 No. 18-cv-06650-HSG (PR), 2019 WL 1274789 (N.D. Cal. Mar. 20, 2019)...........................6

*Great Am. Ins. Co. v. Chang*,
 No. 12–00833–SC, 2013 WL 3965420 (N.D. Cal. July 31, 2013) ..........................................9

*Herman v. YellowPages.com, LLC*,
 780 F. Supp. 2d 1028 (S.D. Cal. 2011) ...................................................................................6

*Kona Enters., Inc. v. Estate of Bishop*,
 229 F.3d 877 (9th Cir. 2000) ...................................................................................................6

*Lam Research Corp. v. Schunk Semiconductor*,
 65 F. Supp. 3d 863 (N.D. Cal. 2014) .......................................................................................5

*Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*,
 5 F.3d 1255 (9th Cir. 1993) .....................................................................................................6

*Toombs v. Leone*,
 777 F.2d 465 (9th Cir. 1985) ...................................................................................................9

*Toys "R" Us, Inc. v. Step Two, S.A.*,
 318 F.3d 446 (3d Cir. 2003) ....................................................................................................7

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*,
 556 F.2d 406 (9th Cir. 1977) ...................................................................................................6

*Wilkins v. Ahern*,
 No. C 08-1084 MMC (PR), 2014 WL 1724196 (N.D. Cal. Apr. 30, 2014) ............................6

**Statutes**

Cal. Civ. Proc. Code § 425.16..........................................................................................................9

Civ. L.R. 1-4....................................................................................................................................9

Civ. L. R. 7-9(c) ..........................................................................................................................5, 9

Md. Code Ann. Cts. & Jud. Proc. § 5-807 (2004)...........................................................................9

DAVIS WRIGHT TREMAINE LLP

Defendants Reveal, Center for Investigative Reporting, Matt Smith, and Amy Walters ("Reveal") file this Response to the Motion for Clarification as to Jurisdictional Discovery of Plaintiffs Planet Aid Inc. and Lisbeth Thomsen ("Planet Aid").

## I.   INTRODUCTION

This motion marks Planet Aid's *fifth* attempt to have this case heard in the federal district court for the District of Maryland—this time in the form of a "motion for clarification" of the Court's order denying jurisdictional discovery. It should also be the last. The Court should deny Planet Aid's request for jurisdictional discovery and sanction it and its counsel for wasting this Court's and Reveal's resources, all in an effort to find a friendlier forum.

*First*, the Court should deny the motion because it is, in substance, a motion for reconsideration for which Planet Aid did not obtain leave, as Local Civil Rule 7-9(a) requires. This Court already considered Planet Aid's request for jurisdictional discovery, permitted it to take one deposition, and denied its motion to retransfer the case. That the denial was "without prejudice" does not mean that the Court permitted jurisdictional discovery. To the contrary, Planet Aid sought several categories of discovery, and the Court refused to permit them.

*Second*, the Court should deny Planet Aid's motion because Planet Aid has not provided any new reason why jurisdictional discovery will uncover facts sufficient to convey personal jurisdiction over Reveal in Maryland. As the transferor court and this Court correctly held, jurisdiction is not proper merely because Reveal reporters spoke with Maryland sources and partnered with a Washington, D.C.-based television station, or because two Reveal employees with (at best) tangential involvement in the reporting live (or lived) in Maryland. Additional evidence of those facts does not change the proper result: Where, as here, a news organization conducts its reporting from its home offices in California and travels the globe to conduct interviews, jurisdiction is not proper where the plaintiff is (allegedly) headquartered merely because some reporting happened there. Otherwise, jurisdiction would always be proper in a plaintiff's principal place of business—and that is not the law.

1   For these reasons, Reveal respectfully asks the Court to deny Planet Aid's motion, and to
2   impose sanctions on Planet Aid and its counsel for frivolous, duplicative filings that contravene
3   the Local Rules.

## II.  STATEMENT OF FACTS

The lawsuit targets statements made by Reveal, a California-based investigative news organization, in reporting about Planet Aid's international operations, its connections to an alleged cult headed by a Danish fugitive, and the effect of Planet Aid's practices on the poorest of farmers in Southern Africa. Dkt. 21 ("Transfer Order") at 3 (citing Dkt. 11-13, Walters Decl. ¶ 8; Dkt. 11-12, Smith Decl. ¶ 7). Planet Aid operates in at least twenty-one states, has affiliates in sixteen African countries, and purports to have its principal place of business in Maryland. *Id.* at 2. At the time of the lawsuit, the reporters working on the Planet Aid stories, Matt Smith and Amy Walters, lived in California and worked in Reveal's Emeryville, California offices. *Id.* (citing No. 11-12 ¶¶ 2-5, 11-13 §§ 2-6). Reveal publishes its reports on its website www.RevealNews.org, and the servers for its site are also in Emeryville. *Id.* (citing 11-11 ¶ 7).

The bulk of the challenged statements appear in Reveal's first two reports, both released in spring 2016. The first, a podcast, was recorded in California and directed to a national and global audience. Reveal reported, for example, that Smith and Walters traveled to Denmark to speak to sources, visited Malawi to check on a handful of Planet Aid projects, and visited USDA headquarters in Washington, D.C.—among other travels. *E.g.*, Transfer Order at 3 (detailing the reporters' travels to New York, Washington, D.C., California, South Africa, Malawi, Mexico, and Denmark). The second was published on Reveal's website; Smith and Walters wrote, edited and published that article from California. *See* Dkt. 75 at 2; *see also* Dkt. 78-3. The remaining publications Planet Aid targets largely repeat the allegedly defamatory statements.

Planet Aid filed its complaint August 25, 2016, in the federal district court for the District of Maryland, asserting defamation and related claims. Dkt. 3. On October 31, 2016, Reveal filed a motion to dismiss for lack of personal jurisdiction and improper venue. Dkt. 11. The Maryland court granted the motion and transferred the case to this District. Transfer Order.

DAVIS WRIGHT TREMAINE LLP

On July 11, 2017, Planet Aid filed a motion to retransfer the case to Maryland, or in the alternative, to take jurisdictional discovery.  Dkt. 32.  Planet Aid argued that the Maryland court erred by failing to consider certain Maryland contacts.  Relevant here, Planet Aid complained that the Maryland court had failed to even mention "Pam Fritzler, the co-conspirator who assisted Defendants."  Dkt. 49 at 5-7, 7 n.10 & 12; *see also* Opp. to Mot. to Transfer (Dkt. 13-27) at 30 ("Fritzler joined in numerous letters and complaints to the USDA about Planet Aid").  Planet Aid also argued that the court failed to adequately consider the fact that Reveal "participated in the 'joint-investigation' and program with" NBC's Washington affiliate's "I-Team."  Dkt. 49 at 9; *see also* Dkt. 13-27 (arguing to Maryland court that the I-Team investigation provided basis for jurisdiction).  *But see* Transfer Order at 19 ("partnering with NBC 4 to air stories about Planet Aid" was insufficient to give rise to jurisdiction in Maryland).  Planet Aid also argued that the transfer "was based on misleading information given by" Reveal, including that Deborah George, a Reveal radio editor, lived in Maryland; the reporting was "targeted at and published in Maryland"; and Reveal "contacted several Maryland residents."  Dkt. 32 at 1.

In the alternative to a retransfer, Planet Aid sought specified jurisdictional discovery, including discovery concerning communications "involving any Maryland resident, and discussing or mentioning either plaintiff, and/or the defamatory subjects or materials"; "involving any Maryland resident and relating to the defamatory materials or defamatory subjects"; "to, from, or involving Tisha Thompson and/or NBC I-Team"; and those "involving any staff employed by Reveal and residing in Maryland."  Dkt. 32 at 18-22.

On October 30, 2017, the Court rejected Planet Aid's argument that the Maryland court had erred, finding the transfer had not been "clearly erroneous."  Dkt. 51 at 1.  The Court also held that "[w]ith regard to jurisdictional discovery, to the extent plaintiffs' request encompasses the deposition of Deborah George, the request is hereby GRANTED."  *Id.*  In connection with the deposition, the Court permitted Planet Aid to discover communications between George and any other Reveal employee concerning Planet Aid.  Dkt. 65 at 1.  Following this discovery,

1  Planet Aid filed a supplemental brief, arguing that another Reveal employee, Susanne Reber,
2  lived in Maryland, and that there were additional sources in Maryland. Dkt. 70.
3        On March 8, 2018, the Court denied the motion for retransfer because the evidence
4  showed that George "had no role in the writing or editing of the scripts or podcasts"; Planet Aid
5  failed to show Reber "resided in Maryland at a time relevant to the instant claims"; and
6  "defendants' disclosure of three additional Maryland sources does not, contrary to plaintiffs'
7  contention, warrant further inquiry." Dkt. 75 at 4, 6.
8        Undaunted, Planet Aid amended its complaint, adding allegations about reporting
9  published after Reber moved to Maryland, as well as Reveal's failure to issue a retraction (which
10  also occurred after Reber moved). *See* Third Amended Complaint [Dkt. 78]. It then moved for
11  reconsideration of the Court's order. Dkt. 79. On April 12, 2018, the Court denied the motion.
12  Dkt. 81 at 1-2. The denial was without prejudice to refiling, "if, in the course of discovery,
13  plaintiffs develop new information bearing on personal jurisdiction and venue." *Id.* at 2.
14        In its motion for "clarification," filed August 2, 2019, Planet Aid *again* asks this Court to
15  permit jurisdictional discovery, claiming it is "illogical for Defendants to contend that this Court
16  intended to allow the motion to be renewed following discovery, but that it did not intend for that
17  discovery to bear on jurisdiction." Mot. at 4. To support its request, Planet Aid claims there
18  have been "three significant revelations bearing on jurisdiction and the need for discovery
19  specifically related to jurisdiction": (1) Reber "was included on 106 emails which were created
20  on or after" she moved to Maryland; (2) Smith stated in an email that Reveal was engaged in a
21  "full blown collaboration" with the NBC I-Team, including by helping locate two sources in
22  Maryland; and (3) "one of the primary sources" for Reveal "was Maryland resident Pamela
23  Fritzler." Mot. at 2–3. Elsewhere, Planet Aid claims that Reveal recorded an interview in
24  Baltimore, and that Reveal relied on documents "stolen" from Planet Aid's Maryland offices—
25  apparently because Smith mentioned Reveal had files from Planet Aid's computers, *not* that
26  those files were stolen by Reveal or anyone else. Mot. at 4.
27        Planet Aid claims Reveal has refused to produce any discovery concerning the I-Team
28  investigation. Mot. at 1. Not so. In response to a subpoena to Reber, Reveal's counsel agreed to

4
RESPONSE TO MOTION TO CLARIFY; REQUEST FOR SANCTIONS
Case No. 17-CV-03695-MMC

1  search for more than 90 terms.  *See* Declaration of Ambika Doran [Dkt. 162-1] Ex. B, C.  There
2  were *no* documents suggesting Reber was involved with the I-Team investigation.  *Id.* Ex. C.
3  When asked to produce all documents concerning the I-Team investigation, Reveal's counsel
4  explained in April 2019 that such discovery is protected by California's privilege for
5  newsgathering materials and is also beyond the scope of appropriate discovery in this case.
6  Declaration of Ethan Forrest Ex. A.  Reveal's counsel later confirmed this position twice in May
7  2019, stressing that Planet Aid's requests were inappropriate based on the Court's orders on
8  jurisdictional discovery.  *Id.* Exs. B, C.

### III.   ARGUMENT

**A.   The Court Should Deny the Motion, Which Improperly Seeks Reconsideration.**

Planet Aid has already sought and this Court has ruled on the question of jurisdictional discovery.  More than a year ago, Planet Aid asked the Court to retransfer this case to Maryland, or in the alternative, permit discovery of several categories of documents bearing on Reveal's connections with Maryland.  Dkt. 32.  The Court permitted a single deposition, after which the Court denied the motion.  Dkt. 75.  Planet Aid sought leave to file a motion for reconsideration, which the Court also denied.  Dkts. 79, 81.  Now, Planet Aid asks to take discovery on virtually identical topics, again so it may seek a retransfer of this case.  Though labeled a motion for "clarification," the motion is a poorly disguised motion for reconsideration.

Under Rule 7-9(a), "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."  Because Planet Aid did not seek, much less obtain, permission to file its motion, the Court should deny it on this ground alone.  That it labeled its motion as one for "clarification" is irrelevant: A party may not "circumvent the applicability of Local Rule 7–9 merely by avoiding the 'motion for reconsideration' label. Courts routinely look to the *substance* of the motion rather than how it is styled in determining the standard to apply." *Lam Research Corp. v. Schunk Semiconductor*, 65 F. Supp. 3d 863, 869 (N.D. Cal. 2014) (citing *Semiconductor Energy Lab. Co., Ltd. v. Chi Mei Optoelectronics Corp.,* No. C04–04675 MHP, 2006 WL 2130866 (N.D. Cal. July 27, 2006) (party's "motion for clarification" of claim construction order was "in substance, a motion for reconsideration")).

DAVIS WRIGHT TREMAINE LLP

The Court should dismiss Planet Aid's motion—as this Court has done for similar reasons in other cases—because it ignores the plain requirements of the Local Rules. *E.g.*, *Wilkins v. Ahern*, No. C 08-1084 MMC (PR), 2014 WL 1724196, at *2 (N.D. Cal. Apr. 30, 2014) (dismissing motion for reconsideration because it failed to comply with Rule 7-9) (citing *Tri–Valley CARES v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.")); *see also, e.g.*, *Godoy v. Brown*, No. 18-cv-06650-HSG (PR), 2019 WL 1274789, at *2 (N.D. Cal. Mar. 20, 2019) (denying motion for reconsideration for same reason, and also because the motion did not set out any additional material facts or law).

**B.    The Court Should Deny Planet Aid's Motion on the Merits.**

Even if the Court considers Planet Aid's improper motion, the Court should deny it.

First, Planet Aid has not met the requirements to file a motion for reconsideration, which is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). Reconsideration is proper if (1) the party seeking reconsideration presents the Court newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted). Planet Aid does not claim the Court clearly erred or that the law has changed. Nor, for the reasons that follow, does the "newly discovered" evidence require reconsideration.

Reveal agrees jurisdictional discovery is proper if it "might well develop facts sufficient to constitute a basis for jurisdiction," "where pertinent facts bearing on the question of jurisdiction are in dispute," or a "more satisfactory showing of the facts is necessary." *See* Mot. at 5 (citing cases). As a corollary, jurisdictional discovery is unnecessary where "it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 (9th Cir. 1977); *see also, e.g., Herman v. YellowPages.com, LLC*, 780 F. Supp. 2d 1028, 1036 (S.D. Cal. 2011) (denying

1 discovery where plaintiff did not demonstrate "pertinent facts" that were controverted or needing
2 a more satisfactory showing to determine jurisdiction).

3 Here, however, this standard is not satisfied—as the Court has already twice held.
4 Indeed, even in the Third Circuit—which Planet Aid claims permits jurisdictional discovery so
5 long as there is a non-frivolous basis for jurisdiction—the plaintiff must present allegations that
6 suggest "with reasonable particularity" the possible existence of the requisite "contacts between
7 [the party] and the forum state." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir.
8 2003) (citation omitted). Planet Aid has not done so.

9 Where, as here, the plaintiff asserts a court may exercise specific jurisdiction over the
10 defendant, "the minimum contacts test requires the plaintiff to show (1) 'that the defendant
11 purposefully directed his activities at the residents of the forum,' and (2) 'that the plaintiff's
12 cause of action arise[s] out of those activities.'" Dkt. 75 at 2-3 (quoting *Consulting Engineers*
13 *Corp. v. Geometric Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). "A plaintiff's claims 'arise out of
14 the activities directed at the forum' where 'the defendant's contacts with the forum state form the
15 basis of the suit.'" Dkt. 75 at 2-3 (quoting *Consulting Engineers*, 561 F.3d at 278-79). As the
16 transferor court and this Court correctly held, Planet Aid has shown neither: There is no evidence
17 to suggest Reveal directed its activities at Maryland specifically, rather than the nation or the
18 world; and the claims do not "arise" out of contacts with Maryland. The "new" evidence Planet
19 Aid identifies does not change this result.

20 *First*, this Court has already denied and should again deny jurisdictional discovery based
21 on Reber's residence in Maryland. Planet Aid claims, "on information and belief," that
22 discovery has revealed 106 emails on which Reber was an addressee that were created on or after
23 she moved to Maryland. Mot. at 2–3; Dkt. 218-1 ¶ 5. Tellingly, Planet Aid does not explain
24 what those documents show or why they would support jurisdiction in Maryland. In fact, the
25 documents show Reber was forwarded and copied on emails relating to CIR's partnership with
26 the BBC, and that she and was invited to—but did not participate in—a meeting while she was in
27 California. Forrest Decl. Ex. D (CIR-SR-000513). *None* of the documents suggests Reber
28 drafted or revised any of the publications at issue, which is the only possible basis for specific

7
RESPONSE TO MOTION TO CLARIFY; REQUEST FOR SANCTIONS
Case No. 17-CV-03695-MMC

jurisdiction based on her residence in Maryland—as the reporting itself was conducted largely in California, Denmark, and Africa.

*Second*, the Court has denied and should again deny jurisdictional discovery about the I-Team investigation. Planet Aid claims the Court's decision to deny retransfer was based on Reveal's assertion that its only involvement in the program was to provide an interview from its San Francisco office. Mot. at 7. In fact, Reveal argued that "to the extent Smith and Walters participated, they did so from California, not Maryland." Dkt. 14 at 10. Thus, it should come as no surprise, as Planet Aid points out, that an interview occurred in Baltimore—with Smith and Walters participating *from California*. Rosenthal Decl. (Dkt. 218-1) Ex. B. As the transferor court held, "communications made by non-residents from outside of Maryland to a Maryland resident, alone, are insufficient to exercise jurisdiction." Transfer Order at 26. Similarly irrelevant is Smith's email stating that Reveal was involved in a "formal partnership/collaboration" with NBC. This is not new information: both the transferor court and this Court knew about the partnership, since Smith and Walters *are listed as authors* on the report, which describes the effort as a "joint investigation." *See, e.g.*, Dkt. 13 at 45 (Ex. J-2) (citing the report to the transferor court), Dkt. 71-15 (citing the report to this Court). In fact, the transferor court expressly rejected Planet Aid's claims that "partnering with NBC 4 to air stories about Planet Aid" was sufficient to give rise to jurisdiction in Maryland. Transfer Order at 19; *see also* Dkts. 51, 75, 81. There is no reason to think additional discovery into the NBC report could now provide the basis for jurisdiction in Maryland.

*Finally*, the Court has denied and should again deny jurisdictional discovery as to "additional communications involving Maryland residents," including Pamela Fritzler. Again, as the Maryland federal court held, "communications made by non-residents from outside of Maryland to a Maryland resident, alone, are insufficient to exercise jurisdiction." Transfer Order at 26. Thus, as this Court affirmed, it is irrelevant that Smith allegedly located two sources in Maryland, or that Smith and Walters conducted an interview *from California* with a source sitting in Baltimore. *See* Dkt. 75 at 6 ("[D]efendants' disclosure of three additional Maryland sources does not, contrary to plaintiffs' contention, warrant further inquiry.").

DAVIS WRIGHT TREMAINE LLP

Three decisions have held that this matter belongs in California. Planet Aid's purported basis for additional jurisdictional discovery will do nothing more than needlessly waste the parties' and the Court's time—something its motion for "clarification" has already done and for which the Court should impose sanctions.

## C. The Court Should Sanction Planet Aid and Its Counsel.

Planet Aid has repeatedly tried the same arguments to get this case transferred to Maryland, in what is an obvious attempt to forum shop. Although Maryland does have an anti-SLAPP statute, that statute is far weaker than the California statute. For example, Maryland's law requires a showing that the plaintiff brought its lawsuit in bad faith and with the intent to suppress speech; does not provide for an automatic right of appeal; does not presumptively stay discovery pending a motion; and does not permit a prevailing movant to obtain its attorneys' fees. *Compare* Md. Code Ann. Cts. & Jud. Proc. § 5-807 (2004) *with* Cal. Civ. Proc. Code § 425.16. In any event, regardless of motive, Planet Aid's repetition of its arguments without any intervening factual or legal changes is contrary to the Local Rules. Civ. L.R. 1-4, 7-9(c).

In such circumstances, the Court may impose sanctions under the Local Rules and pursuant to its inherent authority. Under Civ. L. R. 7-9(c), parties that violate the Local Rules' restrictions on repeating arguments in a reconsideration motion "*shall be subject to appropriate sanctions.*" (Emphasis added.); *see also* Civ. L.R. 1-4 ("Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction"). Other judges in this District have entered sanctions on this basis. *E.g.*, *Great Am. Ins. Co. v. Chang*, No. 12–00833–SC, 2013 WL 3965420, at *2 (N.D. Cal. July 31, 2013) (awarding sanctions under Local Rule 7-9(c), concluding sanctions were proper for the independent reason that party disregarded other Local Rules). The Court also has the inherent power to impose sanctions as a means of managing its own affairs and achieving the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991); *see also Toombs v. Leone*, 777 F.2d 465, 471 (9th Cir. 1985) (affirming sanctions under courts' inherent powers when a party that disregarded Local Rules knew about the relevant requirements and did not follow them).

Again, Planet Aid and its counsel have made and lost the same arguments over and over. Nothing in their latest submission is new. Reveal respectfully asks the Court to not only deny the motion, but to require Planet Aid and its counsel to pay Reveal the fees and costs incurred in responding to Planet Aid's frivolous motion, and impose any other sanction it deems fit.

### IV.    CONCLUSION

For the reasons explained above, Reveal respectfully asks the Court to deny Planet Aid's motion and to sanction Planet Aid and its counsel.

DATED: August 16, 2019

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP


By:  *s/ Ambika K. Doran*
       Ambika K. Doran

Attorneys for Defendants
REVEAL, CENTER FOR
INVESTIGATIVE REPORTING;
MATT SMITH; and AMY WALTERS