THOMAS R. BURKE (Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA  94111
Telephone:(415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

AMBIKA K. DORAN (pro hac vice)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone:(206) 757-8030
Facsimile: (206) 757-7030
Email: ambikadoran@dwt.com

BRENDAN CHARNEY (Bar No. 293378)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone:(213) 633-6800
Facsimile: (213) 633-6899
Email: brendancharney@dwt.com

SIMON J. FRANKEL (Bar No. 171552)
Email: sfrankel@cov.com
ALEXA HANSEN (Bar No. 267271)
Email: ahansen@cov.com
ETHAN FORREST (Bar No. 286109)
Email: eforrest@cov.com
ABIGAIL P. BARNES (Bar No. 313809)
Email: abarnes@cov.com
SEAN HOWELL (Bar No. 315967)
Email: showell@cov.com
COVINGTON & BURLING LLP
Salesforce Tower, 415 Mission Street
San Francisco, CA 94105
Telephone:(415) 591-6000
Facsimile: (415) 955-6552

Attorneys for Defendants
REVEAL FROM THE CENTER FOR INVESTIGATIVE
REPORTING; MATT SMITH; and AMY WALTERS

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANET AID, INC., and LISBETH THOMSEN,<br><br>            Plaintiffs,<br><br>     v.<br><br>REVEAL, CENTER FOR INVESTIGATIVE REPORTING, MATT SMITH, and AMY WALTERS,<br><br>            Defendants. | Case No. 3:17-cv-03695-MMC<br>**JOINT CASE MANAGEMENT STATEMENT**<br>Judge:    Hon. Maxine M. Chesney<br>Date:     November 1, 2019<br>Time:    10:30 a.m.<br>Location: San Francisco Courthouse<br>            **Courtroom 7 – 19th Floor**<br>            450 Golden Gate Avenue<br>            San Francisco, CA  94102 |

1    Per the Court's August 9, 2019 order continuing the August 23, 2019 Case Management
2 Conference to November 1, 2019, and ordering the parties to file a Joint Case Management Statement by
3 October 25, 2019, the parties respectfully submit this Joint Case Management Statement.

4    As the Court is aware, Judge Kim oversees settlement in this case, and Judge Corley oversees
5 discovery disputes.  As to settlement, the parties conferred informally throughout Summer 2019, and
6 convened formally before Judge Kim on September 6, 2019, for a settlement conference following this
7 Court's hearing on Plaintiffs' Motion for Clarification.  Dkts. 226–27.  As of September 30, 2019, the
8 parties have been unable to agree to settlement terms, and have not discussed settlement further.

9    Since September 30, the parties have resumed discussions concerning discovery, in anticipation
10 of working toward Plaintiffs filing an opposition to Defendants' pending anti-SLAPP motion (Dkt. 107),
11 briefing for which remains stayed subject to the parties' resolution of their discovery disputes (Dkt.
12 142).  The parties have submitted several disputes in writing to Judge Corley for resolution.

13    Plaintiffs wish to raise only one issue with the Court.  Plaintiffs previously raised the issue of
14 their inability to depose (or even contact) individuals listed on Defendants' initial disclosures pursuant to
15 Fed.R.Civ.P. 26(a) because those individuals either refused to participate in discovery and/or letters
16 rogatory could not issue given the lack of contact information in Defendants' initial disclosures. The
17 Court denied Plaintiffs' request to exclude witnesses at trial or in connection with the pending anti-
18 SLAPP motion as being premature given the stage of discovery when this issue was raised.  We would
19 like to update the Court on this issue.

20    As far as the Defendants' suggested approach of initially briefing only the issue of whether either
21 Plaintiff is a public figure, discussed below, we believe that delaying the case to brief a non-dispositive
22 motion would be a recipe for delay.  In a nutshell, no matter how the Court rules on the issue of
23 Plaintiffs' status as public figures, it will not end the case, and the parties will still need to continue with
24 the anti-SLAPP motion.  By contrast, declining to proceed on a bifurcated basis will possibly conserve
25 judicial resources as the Court may not even need to reach the issue of whether either Plaintiff is a
26 public figure if it finds that the showing made by Plaintiffs is sufficient to establish a prima facie case
27 under a malice standard.  As far as the remaining two issues discussed by Defendants below, it is our

understanding that Defendants have asked Magistrate Judge Corley to address those issues.  To the extent that Defendants nevertheless wish to raise those issues at the CMC on November 1, 2019, we will be prepared to do so.

For themselves, Defendants have asked for Court intervention regarding three proposals they have made to focus discovery and this litigation more generally.  First, the Court has previously proposed that the parties engage on the narrow topic of whether Plaintiffs are limited-purpose public figures, which will settle the dispute over whether Plaintiffs must prove Defendants' allegedly actionable statements were made with malice if Plaintiffs are limited-purpose public figures, or negligence if they are not.  *See* Jan. 18, 2019 Hr'g Tr. at 33:1-4.  Defendants have asked that the Court order narrowed, phased discovery and cross-motions for summary judgment on the public figure issue.  Second, Defendants have asked that the Court order Plaintiffs to formalize their position that this case only concerns statements referring to or regarding the USDA, in order to ensure that discovery and litigation proceed with appropriate guardrails as to what claims are at issue.  Third, Defendants have asked that the Court compel Planet Aid to clarify its relationship with DAPP Malawi, both for discovery purposes and in this litigation more generally, so that DAPP Malawi's role in resolving Plaintiffs' claims and Defendants' defenses is clear.

Finally, Defendants would like to raise the issue of Ms. Ester Neltrup's death.  Ms. Neltrup was the co-founder and President of Planet Aid.  She was disclosed in Plaintiffs' initial disclosures and Defendants requested to depose her in May 2019.  Defendants learned recently, independently communications with Plaintiffs, that Ms. Neltrup passed away in July.  Plaintiffs did not confirm Ms. Neltrup's death until October 2019, though they knew of her death by July 2019.  Defendants are concerned about Ms. Neltrup's unavailability, the lack of prior representations as to the potential of her unavailability, and the preservation of any of her records relevant to this matter.

| | | |
|---|---|---|
| 1 | DATED: October 25, 2019 | Respectfully submitted, |

COVINGTON & BURLING LLP
SIMON J. FRANKEL
ALEXA HANSEN
ETHAN FORREST
ABIGAIL P. BARNES
SARI REGINA MAZZURCO
SEAN HOWELL


By:  */s/Ethan Forrest*
         Ethan Forrest

Attorney for Defendants
REVEAL FROM THE CENTER FOR INVESTIGATIVE REPORTING; MATT SMITH; and AMY WALTERS

DATED: October 25, 2019                          Respectfully submitted,

NELSON MULLINS RILEY & SCARBOROUGH LLP
SAMUEL ROSENTHAL


By:  */s/*Samuel Rosenthal
         Samuel Rosenthal

Attorney for Plaintiffs
PLANET AID, INC. and LISBETH THOMSEN

## ECF CERTIFICATION

I, Ethan Forrest, am the ECF User whose identification and password are being used to file this JOINT STIPULATION AND [PROPOSED] ORDER CONTINUING CASE MANAGEMENT CONFERENCE.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that Plaintiffs' counsel Samuel Rosenthal has concurred in this filing.

DATED:  October 25, 2019                                COVINGTON & BURLING LLP

                                                                              By:   */s/Ethan Forrest*
                                                                                      Ethan Forrest