UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANET AID, INC., et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>REVEAL, CENTER FOR INVESTIGATIVE REPORTING, et al.,<br><br>  Defendants. | Case No. 17-cv-03695-MMC (JSC)<br><br>**ORDER REGARDING PLAINTIFF'S REQUEST FOR FURTHER DEPOSITIONS** |

At the parties' request, the Court held a discovery telephone conference with the parties on January 15, 2020 regarding a dispute about Plaintiffs' request to take five additional depositions. Defendants contend that Plaintiffs cannot take such depositions without further order of this Court in light of the Court's previous orders.

On October 28, 2019, and in an attempt to bring the anti-SLAPP motion discovery to a close, the Court ordered

> the parties to appear in person at 9:00 a.m. on Thursday, November 21, 2019. The parties must be represented by counsel with authority to (1) agree to deposition dates, (2) agree to stipulations, and (3) agree to written discovery with deadlines. At that hearing the Court intends to order the parties to immediately meet and confer in person on *all* of their discovery disputes. Once they have done so, the Court will reconvene the hearing to place any agreements on the record and to hear argument on any remaining disputes.

(Dkt. No. 241 at 1 (emphasis in original).) In advance of the hearing the Court ordered the parties to do several things, including the following:

> If Plaintiffs contend that they need more discovery to respond to Defendants' antiSLAPP motion than Defendants have already produced (other than the identified depositions), by November 5, 2019 Plaintiffs must identify to Defendants the additional discovery with specificity and the reasons they need the discovery.

(*Id.* at 2.) The "identified depositions" referred to Plaintiffs' depositions of Mr. Smith and Ms. Walters, whose depositions Plaintiffs alleged to have difficulty getting calendared.

In accordance with the Court's Order, Plaintiffs identified for Defendants the additional discovery they needed. (Dkt. No. 246 ¶ 3, 246-3.) This additional discovery included "depositions of each of the editors filing declarations in this case, including Robert Rosenthal, Robert Salladay, Kevin Sullivan, Amy Pyle and Susanne Reber. (Dkt. No. 246-3 at 13.) The Court's Order thereafter required Defendants to "respond in detail to Plaintiffs' request, if any, for more discovery." (Dkt. No. 241 at 2.) As far as the Court can tell, Defendants did not respond to Plaintiffs' statement that they anticipated taking the additional depositions (*see* Dkt. No. 246-4), and the issue was not raised in connection with the November 21, 2019 discovery proceeding. (Dkt. No. 245, 246, 250.)

On this record, and without the benefit of any declarations regarding any other communications the parties may have had, the Court does not find that Plaintiffs have waived any request to depose Robert Rosenthal, Robert Salladay, Kevin Sullivan, Amy Pyle and/or Susanne Reber, but any deponent not named in Plaintiffs' November letter may not be deposed absent a showing of good cause and order of this Court. That being said, given that the reason proffered for these depositions was that these witnesses submitted declarations in support of the anti-SLAPP motion, the Court expects that the depositions would each take less than the full seven hours. Further, just because Plaintiffs have not waived the right to take the depositions does not mean that Plaintiffs need to take all of the depositions.

Accordingly, on or before January 21, 2020, the parties shall commence a meet and confer process regarding which, if any, of these depositions Plaintiffs require, where the depositions will take place, and reasonable limitations on their length and scope. On or before January 28, 2020, the parties shall provide the Court with a joint submission which identifies any remaining dispute

//
//
//
//

1 | regarding these depositions and/or sets forth any agreements, including deposition dates.

2 | **IT IS SO ORDERED.**

3 | Dated: January 17, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge