UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANET AID, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>REVEAL, CENTER FOR INVESTIGATIVE REPORTING, et al.,<br><br>    Defendants. | Case No. 17-cv-03695-MMC  (JSC)<br><br>**ORDER RE: FALSE CLAIMS ACT DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 263 |

Management of discovery in connection with Defendants' anti-SLAPP motion was assigned to the undersigned magistrate judge on September 10, 2018. Since that date, the Court has held numerous hearings and issued many orders. In an attempt to bring discovery to a close, on October 28, 2019, the Court ordered the parties to meet and confer and identify all of their remaining discovery requests and disputes. In particular, the Court ordered:

> If Plaintiffs contend that they need more discovery to respond to Defendants' anti-SLAPP motion than Defendants have already produced (other than the identified depositions), by November 5, 2019 Plaintiffs must identify to Defendants the additional discovery with specificity and the reasons they need the discovery.

(Dkt. No. 241 at 2.) The Court set a specific schedule requiring the parties to meet and confer on their remaining discovery requests and to file on the docket pleadings documenting those requests and responses. Finally, the Court also ordered the parties to meet and confer in person at the courthouse on November 21, 2019, and on that day the Court held a hearing and addressed all of the parties' remaining discovery disputes, with a few exceptions noted on the record. (*See* Dkt. Nos. 241, 245, 246, 247.)

Now pending before the Court is a joint discovery dispute letter regarding Plaintiffs'

1  request for all documents reflecting any discussions Defendants or their sources had regarding the
2  False Claims Act.  The discovery Plaintiffs now seek, however, was not requested in response to
3  the Court's October 28, 2019 order and was not raised at the November 21, 2019 hearing.  Instead,
4  the only discovery Plaintiffs requested on the issue was "discovery relating to a confidential
5  source who used the False Claims Act to inappropriately obtain certain statements.  When
6  Defendants were concerned that a key source could turn against them, Ngwira responded that
7  Malabwe would not do so because of the False Claims Act." (Dkt. No. 246 at 3.)  At the
8  November 21, 2019 hearing, after the parties met and conferred in person, Plaintiffs represented
9  that the matter was resolved.  (Dkt. No. 250 at 15:21-16:21.)  Plaintiffs' new request for all
10 documents referencing the False Claims Act is thus untimely.

11  Plaintiffs' "concern over redactions in the email relating to Mr. Malabwe, CIR 044464-
12 65," (Dkt. No. 263 at 4), is especially baffling.  This is the very email Plaintiffs referenced in
13 response to the Court's October 28, 2019 Order, (*see* Dkt. No. 246 at 3), yet they *never* requested
14 that the redactions be removed or that the Court review the redactions in camera.  Their current
15 request plainly violates the October 28, 2019 Order requiring them to identify *all* additional
16 needed discovery to respond to the anti-SLAPP motion.

17  Nor does Mr. Smith's subsequent deposition testimony excuse Plaintiffs' failure to request
18 False Claims Act documents in response to the October 28, 2019 Order.  Plaintiffs were well
19 aware of a False Claims Act issue and could have requested such documents at the time.  Indeed,
20 Plaintiffs contend that they in fact requested the documents in 2018.  (Dkt. No. 263 at 1-2.)  That
21 they did not think of requesting in response to the October 28, 2019 Order the documents that they
22 believe they should have produced earlier does not justify reopening discovery.  The entire point
23 of the October 28, 2019 Order was to surface any remaining discovery disputes; if Plaintiffs
24 believed that earlier requests had not been sufficiently answered, they were required to raise that
25 issue in response to the October 28, 2019 Order.

26  Plaintiffs' insistence that they somehow preserved the argument at the November 21, 2019
27 hearing is also wrong.  As the transcript shows, the issue "left to another day" was whether Mr.
28 Smith would improperly refuse to answer a specific question.  (Dkt. No. 250 at 15:25-16:9.)

2

1  There was no suggestion that an open issue was the production of documents on this topic. Thus,
2  Plaintiff's request to compel the production of additional documents is DENIED.
3        As for Mr. Smith's testimony, which occurred after November 21, 2019, Plaintiffs could
4  not have raised a challenge to Mr. Smith improperly refusing to answer questions on the grounds
5  of attorney-client privilege prior to the deposition, so the request, such as it is, is not untimely.
6  What the deposition transcript reflects, however, is that counsel instructed the witness not to
7  answer *if* the answer would involve The Center for Investigative Reporting's attorney's advice.
8  That instruction, on its face, is not improper given the question. And Mr. Smith testified that the
9  discussion involved advice from an attorney. (Dkt. No. 263-1 at 10.) While, upon further briefing
10 and taking of evidence, it might turn out that some of the questions could have been answered
11 without revealing attorney advice, the Court declines to embark upon that path. The relevance of
12 the testimony is simply too remote to make such an exercise proportional under Federal Rule of
13 Civil Procedure 26(b)(1). Plaintiff's request to compel further testimony is DENIED.
14       This Order disposes of Docket No. 263.
15       **IT IS SO ORDERED.**

Dated: February 24, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

United States District Court
Northern District of California

3