UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANET AID, INC., et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>REVEAL, CENTER FOR INVESTIGATIVE REPORTING, et al.,<br><br>  Defendants. | Case No. 17-cv-03695-MMC  (JSC)<br><br>**ORDER RE: PLAINTIFFS' MOTION FOR ISSUANCE OF LETTERS ROGATORY**<br><br>Re: Dkt. No. 258 |

Now before the Court is Plaintiffs' motion for issuance of letters rogatory pursuant to 28 U.S.C. § 1781 and Federal Rules of Civil Procedure 26(b)(1) and 28(b).  (Dkt. No. 258.) Plaintiffs' proposed letters rogatory seek the production of documents from and depositions of Malawian citizens Harrison Longwe, Kandani Ngwira, Innocent Chitosi, Mbachi Munthali, and Marko Zebiah (collectively, "Foreign Declarants").  (*Id.* at 5; *see also* Dkt. Nos. 258-1- 258-5, Exs. A-E.)  Defendants do not oppose Plaintiffs' motion, although they "disagree with the statements and characterizations of fact in that [m]otion."  (Dkt. No. 262 at 1.)  After consideration of Plaintiffs' motion and Defendants' statement of non-opposition, the Court vacates the hearing scheduled for March 5, 2020 and GRANTS Plaintiffs' motion.

**LEGAL STANDARD**

A letter rogatory is a formal request "from a court in which an action is pending[ ] to a foreign court to perform some judicial act."  22 C.F.R. § 92.54; *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004) (defining "letter rogatory" as "the request by a domestic court to a foreign court to take evidence from a certain witness").  The Federal Rules of Civil Procedure provide for the taking of depositions within foreign countries through letters rogatory.  *See* Fed. R. Civ. P. 28(b)(1)(B) ("A deposition may be taken in a foreign country . . .

under a letter of request, whether or not captioned a 'letter rogatory'; . . . ."). In accordance with Rule 28(b)(1)(B), "[t]he Department of State has power, directly, or through suitable channels . . . to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution." 28 U.S.C. § 1781(a)(2).

Courts have "inherent power to issue Letters Rogatory," *United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958), and "[w]hether to issue such a letter is a matter of discretion," *Barnes & Noble, Inc. v. LSI Corp.*, 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012). "When determining whether to exercise its discretion, a court will generally not weigh the evidence sought from the discovery request nor will it attempt to predict whether that information will actually be obtained." *Asis Internet Servs. v. Optin Global, Inc.*, No. C-05-05124 JCS, 2007 WL 1880369, at *3 (N.D. Cal. June 28, 2007). A court must instead apply "Rule 28(b) in light of the scope of discovery provided by the Federal Rules of Civil Procedure." *Id.* (collecting cases). Under Rule 26(b), "[p]arties may obtain discovery regarding nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

## DISCUSSION

Plaintiffs request the issuance of letters rogatory because Defendants' pending motion to strike the first amended complaint, (Dkt. No. 107), includes declarations of "all the Foreign Declarants" in support of that motion, (Dkt. No. 258 at 7). Plaintiffs assert that they "have the right to examine that testimony, under oath, to ensure its validity and to inquire about issues necessary for a formal response to Defendants' [m]otion [to strike]." (*Id.*) Plaintiffs further assert that the testimony sought from the Foreign Declarants is relevant to Plaintiffs' claims of defamation and proportional to the needs of the case. The Court agrees on both scores.

First, all Foreign Declarants submitted declarations in support of Defendants' motion to strike the first amended complaint, indicating that they are witnesses with relevant information. (*See* Dkt. Nos. 108; 115; 116; 117; 119.) Second, the first amended complaint identifies Mr. Longwe, Mr. Ngwira, and Mr. Zebiah as alleged sources of specific defamatory statements at issue. (*See* Dkt. No. 78 at ¶¶ 30, 75, 85-88, 97, 130, 187-88, 204.) Thus, the testimony of the

Foreign Declarants is relevant to Plaintiffs' claims. *See* Fed. R. Civ. P. 26(b)(1). Finally, the requested discovery does not run afoul of Rule 26(b)(2)(C), which provides that courts "must limit the frequency or extent of discovery otherwise allowed" if the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive." *See* Fed. R. Civ. P. 26(b)(2)(C). Here, there is no alternative source of the information sought.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiffs' motion for issuance of letters rogatory. The Court will sign and affix its seal to each of the letters rogatory submitted and return the letters with original signatures and seals to Plaintiffs' counsel for forwarding to the United States Department of State.

This Order disposes of Docket No. 258.

**IT IS SO ORDERED.**

Dated: February 24, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge