Samuel Rosenthal (pro hac vice)
sam.rosenthal@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave., N.W.
Washington, D.C. 20001
Telephone:  +1 202-689-2915
Facsimile   +1 202-712-2860

Phil Busman (pro hac vice)
Phil.busman@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave., N.W.
Washington, D.C. 20001
Telephone:  +1 202-689-2988

Cory E. Manning (State Bar # 213120)
cory.manning@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
1320 Main St., 17th Floor
Columbia, SC 29201
Telephone:  +1 803-255-5524
Facsimile   +1 803-256-7500

Crispin L. Collins (State Bar # 311755)
crispin.collins@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 301
Torrance, CA 90502
Telephone:  +1 424-221-7407
Facsimile   +1 424-221-7499

Christian J. Myers (pro hac vice)
Josh.myers@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave., N.W.
Washington, D.C. 20001
Telephone:  +1 202-689-2991

Attorneys for Plaintiffs
Planet Aid Inc. and Lisbeth Thomsen

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANET AID INC.; and LISBETH THOMSEN,<br><br>Plaintiffs,<br><br>v.<br><br>REVEAL, CENTER FOR INVESTIGATIVE REPORTING; MATT SMITH; and AMY WALTERS,<br><br>Defendants. | Case No. 17-cv-03695-MMC<br><br>**NOTICE OF MOTION AND MOTION FOR AN ORER EXTENDING THE PAGE LIMIT, SETTING A BRIEFING SCHEDULE AND OTHER ISSUES RELATING TO PLAINTIFFS' OPPOSITION TO THE MOTION TO STRIKE**<br><br>Date:          September 11, 2020<br>Time:         9:00 a.m.<br>Courtroom:  F<br>Judge:        Hon. Maxine Chesney |

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

MOTION FOR AN ENLARGEMENT
OF THE PAGE LIMIT FOR BRIEFING
17-CV-03695-MMC

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 11, 2020 at 9:00 a.m., or as soon thereafter as this matter can be heard before the Honorable Maxine Chesney, in Courtroom 7 of the San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102, or by video if the Court so directs, Planet Aid Inc. and Lisbeth Thomsen will and hereby do move the Court for an order (1) extending the page limit for Plaintiffs' response to the Motion to Strike filed by Defendants, see ECF 107, (2) allowing the parties to separately brief evidentiary issues relating to the motion, including the applicability of Fed.R.Civ.P. 56; and (3) setting a briefing and hearing schedule for the Motion.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Sam Rosenthal in Support of Motion, the papers and pleadings on file in this action, and upon such oral argument and other submissions that may be presented at or before the hearing on this Motion.

Dated:    August 7, 2020

Respectfully submitted,

NELSON MULLINS, SCARBOROUGH
AND RILEY, LLP

*/s/ Samuel Rosenthal*

Samuel Rosenthal

Attorney for Plaintiffs
Planet Aid Inc. and Lisbeth Thomsen

2

MOTION FOR AN ENLARGEMENT
OF THE PAGE LIMIT FOR BRIEFING
17-CV-03695-MMC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      STATEMENT OF FACTS

Defendants, Reveal, the Center for Investigative Reporting, Matt Smith, and Amy Walters (collectively, "Reveal") previously filed a motion pursuant to California Code of Civil Procedure § 425.16, for an order striking the First Amended Complaint ("FAC") filed by Plaintiffs Planet Aid, Inc. and Lisbeth Thomsen ("the anti-SLAPP Motion").

The anti-SLAPP Motion filed by Defendants is voluminous, by any standard.  The Motion is comprised of a memorandum of law accompanied by nineteen declarations, *see* ECF 108 through 127, as well as a request for the Court to take judicial notice of facts,  *See* ECF 128.  See Rosenthal Decl., ¶2.  In all, the Motion totals 1,767 pages of material.  *Id.*

In order to respond to the anti-SLAPP motion, Plaintiffs will be required to respond to the 1767 pages of material, as well as to provide the substantial evidence supporting its claims which has been obtained in this case.  *Id.*  While Magistrate Judge Corley limited discovery to material "essential" to Plaintiffs' response to the Motion, that will still require discussion of deposition testimony by six individuals who submitted declarations in this case in support of the anti-SLAPP Motion.  *Id.*  The last of those depositions was completed on Friday, July 31, 2020.

In addition to the six depositions, Defendants have also produced approximately 88,000 pages of material which they contend included material "essential" to Plaintiffs' response, as ordered by Magistrate Judge Corley.  That number of pages does not include additional audio recordings produced by Defendants on the basis that it complied with Magistrate Judge Corley's ruling ordering production of material "essential" to Plaintiffs' opposition.

It is anticipated that any response to the anti-SLAPP Motion will require demonstrating a prima facie case as to the statements set forth in the FAC alleged to be defamatory.  Additionally, Plaintiffs anticipate providing an explanation why much of the 1767 pages of material filed in support of the anti-SLAPP Motion would be inadmissible at trial, and therefore must be excluded from consideration at this stage.

Evidentiary issues go beyond standard objections.  Issues to be addressed include, for example, the admissibility of declarations from non-English speaking individuals, the foundation

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

MOTION FOR AN ENLARGEMENT
OF THE PAGE LIMIT FOR BRIEFING
17-CV-03695-MMC

offered for admission of audio recordings, and the admissibility of other statements allegedly obtained by Defendants in extensive interviews allegedly conducted by Defendants which the Plaintiffs have no opportunity to cross-examine.

As the Court will recall, one issue raised previously was whether declarations from individuals who are "in hiding," or who otherwise cannot be deposed because they are beyond the jurisdiction of the Court, should be excluded from consideration at the anti-SLAPP stage. See ECF 189. The Court previously denied a motion to exclude such evidence as premature, and directed the parties to address it in connection with the anti-SLAPP motion. Another issue to be addressed relates to assertions of privilege by Defendants to a broad variety of evidence acknowledged to be relevant to the anti-SLAPP motion, but either withheld entirely or produced with extensive redactions. Plaintiffs anticipate addressing whether evidence produced by Defendants must be excluded, or alternatively, Plaintiffs are entitled to an adverse inference from Defendants' non-production.

Finally, Plaintiffs anticipate addressing in the opposition to the anti-SLAPP Motion the applicability of Fed.R.Civ.P. 56(d), which allows the Court, in the alternative, to deny the motion at this stage based on the inability of Plaintiffs to obtain discovery.

<u>**ARGUMENT**</u>

**II.**     <u>**AN ENLARGEMENT OF THE 25 PAGE LIMIT FOR PLAINTIFFS' OPPOSITION, AND SEPARATE BRIEFING OF EVIDENTIARY ISSUES WOULD ASSIST IN OPPOSING THE ANTI-SLAPP MOTION.**</u>

Plaintiffs respectfully request that the Court allow Plaintiffs to file a Memorandum in opposition to the anti-SLAPP Motion not to exceed forty pages. An extension of the usual page limit is appropriate in light of the fact that this case is anything but usual. Defendants themselves have filed 1,767 pages of material in their motion, which must be addressed. Additionally, there are a large number of statements set forth in the FAC which are alleged to be defamatory. Resolution of the anti-SLAPP motion requires consideration of what standard is to apply in determining scienter, as well as the factual material offered in support of Plaintiffs' case and illustrating that a prima facie case exists for determining that each of the statements published by

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

MOTION FOR AN ENLARGEMENT
OF THE PAGE LIMIT FOR BRIEFING
17-CV-03695-MMC

Defendants are false. We anticipate assisting the Court in disentangling much of the evidence through use of an Exhibit pursuant to Fed.R. Evid.1006, but that document will not contain argument and thus is not a substitute for addressing the many legal and factual arguments which must be included in a legal memorandum.

We believe that it would be reasonable to allow a forty-page memorandum in opposition to be filed concerning the substance of the motion. We also respectfully request that Plaintiffs' objections to Defendants' evidence be presented in writing separately despite the default rule of Civil Local Rule 7-4. The issues relating to admissibility of evidence offered by Defendants is made more complicated by the particular declarations and evidence submitted by Defendants, which we believe can be addressed efficiently in a separate memorandum within the Court's ordinary page limits. Most importantly, the evidentiary objections concern whether the Court should avail itself of Fed.R,Civ. P 56(d), and deny the anti-SLAPP motion on the ground, inter alia, that Plaintiffs inability to depose individuals beyond the subpoena power of this Court has made it impossible to comply with the ruling in *Planned Parenthood v. Center for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018) (discovery a plaintiff to take discovery in responding to anti-SLAPP motions).

We believe that these issues should be presented in stages, and it would be most efficient for the Court and parties to address the admissibility of Defendants' evidence at the onset, possibly avoiding the need to brief, and certainly affecting the briefing, on the merits of the anti-SLAPP motion. In the event that the Court is desirous of considering the Rule 56(d) issue in advance of the issue on the merits of the anti-SLAPP motion, we would be prepared to expeditiously file that motion in a schedule to be set by the Court, or if the Court prefers, to file it simultaneously with the opposition to the anti-SLAPP Motion.

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

MOTION FOR AN ENLARGEMENT
OF THE PAGE LIMIT FOR BRIEFING
17-CV-03695-MMC

5

In the event that the Court wishes to have all issues briefed simultaneously, we would request that Plaintiffs be allowed to file their papers within thirty days of a ruling on this Motion. The Defendants would then file their reply in accordance with Fed.R.Civ.P.27, and a hearing would be set at a time convenient to the Court.

### CONCLUSION

It is respectfully requested that the Court enter an order allowing Plaintiffs to file a forty page opposition on the merits to the anti-SLAPP motion, brief separately any evidentiary issues and applicability of Fed.R.Civ.P. 56(d) to the Motion pursuant to a schedule to be set by the Court, and that in the event that the Court is desirous of having all issues briefed simultaneously, to allow Plaintiffs to file their papers within thirty days of the date of the Order addressing this Motion.

Dated:    August 7, 2020

Respectfully submitted,

NELSON MULLINS, SCARBOROUGH AND RILEY, LLP

_/s/ Samuel Rosenthal_
Samuel Rosenthal

Attorney for Plaintiffs
Planet Aid Inc. and Lisbeth Thomsen

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

MOTION FOR AN ENLARGEMENT
OF THE PAGE LIMIT FOR BRIEFING
17-CV-03695-MMC