Samuel Rosenthal (pro hac vice)
sam.rosenthal@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave., N.W.
Washington, D.C. 20001
Telephone:  +1 202-689-2915
Facsimile   +1 202-712-2860

Phil Busman (pro hac vice)
Phil.busman@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave., N.W.
Washington, D.C. 20001
Telephone:  +1 202-689-2988

Cory E. Manning (State Bar # 213120)
cory.manning@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
1320 Main St., 17th Floor
Columbia, SC 29201
Telephone:  +1 803-255-5524
Facsimile   +1 803-256-7500

Crispin L. Collins (State Bar # 311755)
crispin.collins@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 301
Torrance, CA 90502
Telephone:  +1 424-221-7407
Facsimile   +1 424-221-7499

Christian J. Myers (pro hac vice)
Josh.myers@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave., N.W.
Washington, D.C. 20001
Telephone:  +1 202-689-2991

Attorneys for Plaintiffs
Planet Aid Inc. and Lisbeth Thomsen

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PLANET AID INC.; and LISBETH THOMSEN,<br><br>Plaintiffs,<br><br>v.<br><br>REVEAL, CENTER FOR INVESTIGATIVE REPORTING; MATT SMITH; and AMY WALTERS,<br><br>Defendants. | Case No. 17-cv-03695-MMC<br><br><br>**DECLARATION OF SAMUEL ROSENTHAL IN SUPPORT OF MOTION FOR AN EXTENSION OF THE PAGE LIMIT AND FOR AN ORDER RELATING TO THE BRIEFING ON THE MOTION TO STRIKE**<br><br>Judge: Hon. Maxine Chesney |

Samuel Rosenthal, declares as follows:

NELSON MULLINS RILEY & SCARBOROUGH LLP

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

1. I am counsel to Plaintiffs Planet Aid, Inc. (Planet Aid) and Lisbeth Thomsen in the above captioned case. This Declaration is based on personal information, except where otherwise indicated.

2. Defendants, Reveal, the Center for Investigative Reporting, Matt Smith, and Amy Walters (collectively, "Reveal") previously filed a motion pursuant to California Code of Civil Procedure § 425.16, for an order striking the First Amended Complaint ("FAC") filed by Plaintiffs Planet Aid, Inc. and Lisbeth Thomsen ("the anti-SLAPP Motion").

3. The anti-SLAPP Motion filed by Defendants includes, in addition to a memorandum of law, nineteen declarations, *see* ECF 108 through 127, as well as a request for the Court to take judicial notice of facts, *See* ECF 128. In all, the Motion totals 1,767 pages of material.

4. In order to respond to the anti-SLAPP motion Plaintiffs will be required to respond to the 1767 pages of material, as well as evidence which has been obtained in this case. While Magistrate Judge Corley limited discovery to material "essential" to Plaintiffs' response to the Motion, that will still require discussion of testimony obtained in six depositions of individuals who submitted declarations in this case in support of the anti-SLAPP Motion. The last of those depositions was completed on Friday, July 31, 2020. As of the date of this declaration, the undersigned has yet to receive the deposition transcripts relating to the last two depositions taken last week.

5. In addition to the six depositions, Defendants have also produced approximately 88,000 pages of material which they contend included material "essential" to Plaintiffs' response, as ordered by Magistrate Judge Corley. That does not include additional audio recordings produced on the basis that it complied with Magistrate Judge Corley's ruling ordering production of material "essential" to Plaintiffs' opposition.

6. It is anticipated that any response to the anti-SLAPP Motion will require demonstrating a prima facie case as to each of the statements set forth in the FAC alleged to be defamatory. Additionally, Plaintiffs anticipate providing an explanation why much of the 1767

DECL. OF S. ROSENTHALSEEKING AN EXTENSION
OF PAGE LIMIT AND OTHER ISSUES RELATING TO BRIEFING .
17-CV-03695-MMC

pages of material filed in support of the anti-SLAPP Motion would be inadmissible at trial, and therefore must be excluded from consideration at this stage.

7.    Evidentiary issues go beyond standard objections.  Issues to be addressed include , for example, the admissibility of declarations, the foundation offered for admission of audio recordings, and the admissibility of other statements allegedly obtained by Defendants in extensive interviews allegedly conducted by Defendants.

8.    As the Court will recall, one issue was whether declarations from individuals who are "in hiding," or who otherwise cannot be deposed because they are beyond the jurisdiction of the Court, should be excluded.  The Court previously denied a motion to exclude such evidence as premature, and directed the parties to address it in connection with the anti-SLAPP motion.

9.    Finally, Plaintiffs anticipate addressing in the opposition to the anti-SLAPP Motion the applicability of Fed.R.Civ.P. 56(d), which allows the Court to deny the motion at this stage based on Plaintiffs' inability to obtain discovery from declarants who, for example, are in "hiding," or otherwise refuse to participate in discovery.

10.    This declaration is made under penalty of perjury.

Dated:  August 7, 2020

_Samuel Rosenthal_

_____

Samuel Rosenthal

DECL. OF S. ROSENTHALSEEKING AN  EXTENSION
OF PAGE LIMIT AND OTHER ISSUES RELATING TO BRIEFING .
17-CV-03695-MMC