THOMAS R. BURKE (Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA  94111
Telephone:(415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

AMBIKA K. DORAN (pro hac vice)
DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98101
Telephone:(206) 757-8030
Facsimile: (206) 757-7030
Email: ambikadoran@dwt.com

BRENDAN CHARNEY (Bar No. 293378)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017
Telephone:(213) 633-6800
Facsimile: (213) 633-6899
Email: brendancharney@dwt.com

SIMON J. FRANKEL (Bar No. 171552)
Email: sfrankel@cov.com
ALEXA HANSEN (Bar No. 267271)
Email: ahansen@cov.com
ETHAN FORREST (Bar No. 286109)
Email: eforrest@cov.com
ABIGAIL P. BARNES (Bar No. 313809)
Email: abarnes@cov.com
SEAN HOWELL (Bar No. 315967)
Email: showell@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Telephone:(415) 591-6000
Facsimile: (415) 955-6552

Attorneys for Defendants
REVEAL FROM THE CENTER FOR INVESTIGATIVE
REPORTING; MATT SMITH; and AMY WALTERS

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLANET AID, INC., and LISBETH THOMSEN,<br><br>Plaintiffs,<br><br>v.<br><br>REVEAL, CENTER FOR INVESTIGATIVE REPORTING, MATT SMITH, and AMY WALTERS,<br><br>Defendants. | Case No. 3:17-cv-03695-MMC-JSC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR AN ORDER EXTENDING THE PAGE LIMIT, SETTING A BRIEFING SCHEDULE, AND OTHER ISSUES RELATING TO PLAINTIFFS' OPPOSITION TO THE MOTION TO STRIKE**<br><br>Judge: Hon. Maxine M. Chesney<br>Date: September 11, 2020<br>Time: 9:00 a.m.<br>Courtroom: F |

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
Case No. 17-CV-03695-MMC-JSC

Plaintiffs' motion asks the Court to (1) nearly double their page limit for opposing Defendants' anti-SLAPP motion (Dkt. 107), which was filed over two years ago; (2) allow Plaintiffs to file separate, additional briefing addressing purported evidentiary and procedural issues that Plaintiffs say they cannot fit into an opposition brief; (3) give Plaintiffs another month to file their opposition after the Court decides this motion; and (4) give Defendants only one week from that filing to file a 15-page reply. *See* Dkt. 288.

The Court has already rejected everything Plaintiffs request. As Plaintiffs fail to identify any new reasons for granting their requests, the Court should deny Plaintiffs' motion and calendar Defendants' anti-SLAPP motion for an efficient briefing and argument schedule, as set out below.

**ARGUMENT**

***The Court has already declined to give Plaintiffs extra pages and extra briefing.*** As the Court may recall, in April 2018, the parties stipulated to a briefing schedule for the anti-SLAPP motion, opposition, and reply. Dkt. 83. This request explicitly included that Defendants would have 50 pages for their anti-SLAPP motion and Plaintiffs would have 50 pages for their opposition, due to the complexity of the case and the length of the Complaint. *Id.* By Order dated April 23, 2018, the Court denied this stipulation, requiring the parties to adhere to the Local Rules's limitations for their briefs. Dkt. 84. Consistent with the Court's Order, Defendants filed their anti-SLAPP motion within the page limitations in the Local Rules. *See* Dkt. 107.

Similarly, Plaintiffs previously asked the Court, in November 2019, to permit additional, separate briefing on purported evidentiary or procedural issues, apart from the anti-SLAPP opposition—and apart from a separate motion to exclude evidence Plaintiffs filed (Dkt. 200). Forrest Decl. ¶ 2. The Court rejected that request and directed Plaintiffs to address any such perceived evidentiary or procedural issues in their opposition brief. *Id.*

Plaintiffs' motion does not mention these prior Court rulings. Nor does Plaintiffs' motion offer any new reason why its request for additional pages and separate evidentiary briefing should be granted. Plaintiffs simply contend that, after roughly two years of discovery and having obtained documents from

2

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
Case No. 17-CV-03695-MMC-JSC

Defendants and taken several depositions, and needing to respond to Defendants' anti-SLAPP motion, it would be difficult to write a 25-page brief synthesizing the facts and presenting concise legal arguments to the Court.  Dkt. 288.  That is no different than any arguably complex case, where parties regularly adhere to the page limitations set out in the Local Rules.  And it would be unfair to allow Plaintiffs extra pages here, where Defendants' opening brief stayed within the Local Rules' limits, as the Court ordered in rejecting the parties' prior stipulation.  Certainly, Plaintiffs' motion has not met the standard for reconsideration of the Court's prior Order.

In the event that the Court does reconsider its prior Order and is inclined to grant Plaintiffs extra pages for their opposition brief, Defendants respectfully ask that their reply brief page limit be increased to 25 pages.

***The Court should reject Plaintiffs' proposed schedule.***  Plaintiffs also ask the Court to give them 30 days from the date of an order on their administrative motion to file their opposition, and then to give Defendants a week to file their reply.  Dkt. 288 at 5–6.

Plaintiffs' proposed schedule is neither reasonable nor appropriate.  Defendants' anti-SLAPP motion was filed in July 2018 (Dkt. 107), more than two years ago.  Presumably, Plaintiffs have been preparing their opposition briefing since then.  Given the stay of briefing in this case, *see* Dkt. 142, Plaintiffs have had at least two years' worth of extensions already.  There is no reason for them to have significant additional time.  Plaintiffs state that they have obtained numerous documents and recently concluded depositions, some of which they purportedly need to address in their opposition.  These are routine litigation events that do not warrant further prolonging this case.  Document discovery has been substantially complete for many months—the last significant document production was served in June 2019.  Forrest Decl. ¶ 3.  The last significant depositions were concluded in early March 2020.  *Id.* ¶ 4.  While Plaintiffs took two additional depositions in July 2020, these were both minor depositions that each lasted less than four hours.  *Id.* ¶ 5; *see* Dkts. 282, 287.  There is no justification for Plaintiffs to have even more additional time to oppose Defendants' motion.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
Case No. 17-CV-03695-MMC-JSC

There is also no reason to truncate Defendants' reply date, as Plaintiffs request. The Court previously ordered that Defendants would have one month to file their reply after the filing of the opposition. Dkt. 84. That timing made sense then, and it makes sense now—indeed, it makes even more sense now given the more than two years Plaintiffs have had to prepare their opposition. Plaintiffs' motion offers no justification for the Court to depart from its prior ruling.

For these reasons, the Court should reject Plaintiffs' scheduling request and should give Plaintiffs at most two weeks from the date of an order on this motion to file their opposition, and should retain the one month period for Defendants to file their reply after the opposition is filed.

## CONCLUSION

Defendants underscore the urgency of having this matter resolved promptly and efficiently. This case has dragged on for four years, as Plaintiffs have repeatedly sought transfer to Maryland and taken their time with discovery for a threshold motion. The anti-SLAPP motion can and should be decided expeditiously. The Court should require Plaintiffs to file their opposition brief, consistent with the Local Rules, as soon as possible, and should set this matter for hearing at the Court's earliest convenience after Defendants submit their reply.

DATED: August 11, 2020                    Respectfully submitted,

                                          COVINGTON & BURLING LLP

                                          By:  /s/Ethan Forrest
                                               Ethan Forrest

                                          Attorney for Defendants
                                          REVEAL FROM THE CENTER FOR
                                          INVESTIGATIVE REPORTING; MATT SMITH;
                                          and AMY WALTERS

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
Case No. 17-CV-03695-MMC-JSC