Samuel Rosenthal (pro hac vice)
sam.rosenthal@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave., N.W.
Washington, D.C. 20001
Telephone:  +1 202-689-2915
Facsimile   +1 202-712-2860

Phil Busman (pro hac vice)
Phil.busman@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave., N.W.
Washington, D.C. 20001
Telephone:  +1 202-689-2988

Cory E. Manning (State Bar # 213120)
cory.manning@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
1320 Main St., 17th Floor
Columbia, SC 29201
Telephone:  +1 803-255-5524
Facsimile   +1 803-256-7500

Crispin L. Collins (State Bar # 311755)
crispin.collins@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 301
Torrance, CA 90502
Telephone:  +1 424-221-7407
Facsimile   +1 424-221-7499

Christian J. Myers (pro hac vice)
Josh.myers@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave., N.W.
Washington, D.C. 20001
Telephone:  +1 202-689-2991

Attorneys for Plaintiffs
Planet Aid Inc. and Lisbeth Thomsen

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PLANET AID INC.; and LISBETH THOMSEN,<br><br>Plaintiffs,<br><br>v.<br><br>REVEAL, CENTER FOR INVESTIGATIVE REPORTING; MATT SMITH; and AMY WALTERS,<br><br>Defendants. | Case No. 17-cv-03695-JSC<br><br>**DECLARATION OF SAMUEL ROSENTHAL IN OPPOSITION TO MOTION TO STRIKE**<br><br>Judge: Hon. Maxine Chesney<br><br>**DATE:**        **November 20, 2020**<br>**TIME:**         **9:00 a.m.**<br>**LOCATION:**  **San Francisco Courthouse**<br>               **Courtroom 7- 19th Floor**<br>               **450 Golden Gate Ave.**<br>               **San Francisco, CA 94102** |

DECLARATION OF SAMUEL ROSENTHAL

Samuel Rosenthal declares:

1.      I am a partner in the law firm of Nelson Mullins, Scarborough and Riley, LLP.  I am counsel to Planet Aid in connection with the above-captioned lawsuit, and as such, have personal knowledge of the matters set forth below, except where otherwise indicated.    This declaration is submitted in opposition to the Motion to Strike, see ECF 107, and pursuant to Fed.Rule 56(d).

2.      Attached as Exhibit 1 is a true copy of the deposition of Amy Pyle in this action.

3.      Attached as Exhibit 2 are true copies of the following deposition exhibits marked at the deposition of Amy Pyle in this action.

| Exh. | Depo. Ex. No. | Beginning Bates No, ECF, etc. | Also marked as: | Description |
|------|---------------|-------------------------------|-----------------|-------------|
| 2(a) | 1-1 thru 1-31 | Various | | accounting records and emails. |
| 2(b) | 1-32 | CIR 08249 | Sullivan Ex. 12 | correspondence from USDA to Tom Meehan. |
| 2(c) | 1-33 | CIR 02051 | Sullivan Ex. 8. | email from Ron Croushorn re Planet Aid. |
| 2(d) | 1-34 | CIR 04446 | Sullivan Ex. 14. | email from Erin Means dated May 6, 2013. |
| 2(e) | 1-35 | CIR 41976 | | Email from Marie Lichtenberg to Brian Dutoi. |
| 2(f) | 3 | https://www.spj.org/ethicscode.asp | Walters Ex. 11 | SPJ Code of Ethics. |
| 2(g) | 4 | CIR 45568 | Smith Ex. 57. | HPP invoice for $36,821.15. |
| 2(h) | 5 | Revealnews.org | | 2014 bank statements hyperlinked to articles. |
| 2(i) | 6 | CIR 26607 | | April 11, 2016 google docs communication. |
| 2(j) | 7 | CIR 47013 | | Sept. 9, 2015 email from Smith to Pyle. |
| 2(k) | 31 | Twitter.com | | July 30, 2015 tweet from Amy Pyle re impact. |
| 2(l) | 33 | Revealnews.org | | revealnews.org page "About Us" |

NELSON MULLINS RILEY & SCARBOROUGH, LLP

| 2(m) | 34 | CIR 36640 | | May 12, 2016 email from Pyle to Walters, et al. re anonymous tips. |
| 2(n) | 35 | CIR-SR-000001 | | Jan. 30, 2015 email from Pyle re story. |
| 2(o) | 42 | ECF 117-4, Ex F | | invoice re school license fees. |
| 2(p) | 40 | CIR 81999 | Sullivan Ex. 9 | March 2, 2016 email from Pyle to Sullivan. |
| 2(q) | 41 | CIR 25749 | | March 24, 2016 email from Pyle to Salladay. |
| 2(r), (s) | | Intentionally blank | | |
| 2(t) | | Authenticated by B. Phiri Decl. | | Contract relating to Derrick Mpeta. |

4.     Exhibit 2(h) and 2(l), *supra*, were downloaded by me from revealnews.org. and were hyperlinked to the Defendants' stories at issue in this case.  Exhibit 2(l) was downloaded by me from revealnews.org. Exhibit 2(k) was downloaded by me from twitter page of Any Pyle. Exhibit 2(f) was downloaded by me from the internet at spj.org/ethciscode.asp.

5.     Attached as Exhibit 3 is a true copy of the deposition of Matt Smith, a defendant in this action.

6.     Attached as Exhibit 4 is a true copies of the following deposition exhibits marked at the deposition of Matt Smith in this action:

| Exh. | Depo. Ex. No. | Beginning Bates No, ECF, etc. | Also marked as: | Description |
|------|------|------|------|------|
| 4(a) | 28 | ECF 116 Ex. D | Sullivan Ex. 4; Rosenthal Ex. 21 | 2013 spreadsheet. |
| 4(b) | 29 | Revealnews.org | Sullivan Ex. 5; Rosenthal Ex. 22 | 2014 spreadsheet. |
| 4(c) | 40 | CIR 42452 | | Email re Chiku Malabwe. |
| 4(d) | 33 | CIR 07911 | | Log-Mon report. |
| 4(e) | 34 | CIR SR 0134 | | email from Matt to Simon. |
| 4(f) | 35 | https://www.nyasatimes.com/ | | news article re Ngwira. |

NELSON MULLINS RILEY & SCARBOROUGH, LLP

NELSON MULLINS RILEY & SCARBOROUGH, LLP

| | | | | |
|---|---|---|---|---|
| | | malawi-court-convicts-daily-times-journalist-over-extortion/ | | |
| 4(g) | 39 | CIR 25635 | | google docs message from Matt Smith re Chiku Malabwe. |
| 4(h) | 36 | Anti-corruption bureau | | Anti-corruption bureau filing. |
| 4(i) | 41 | | | email re interview request to Chiku from Matt Smith. |
| 4(j) | 45 | CIR 23956 | | interview notes re Paol Gade. |
| 4(k) | 2 | Revealnews.org | | May 23, 2016 Article |
| 4(l) | 48 | CIR 45785 | | Excerpt from Knud 18 transcript. |
| 4(m) | 49 | CIR 42469 | | invoice. |
| 4(n) | 50 | CIR 43579 | | Invoice. |
| 4(o) | 51 | CIR 43577 | | email re Mpeta payment. |
| 4(p) | 52 | CIR 42370 | | invoice. |
| 4(q) | 53 | CIR 43581A | | taxi receipt. |
| 4(r) | 32 | CIR 45857 | | Knud 7 transcript |
| 4(s) | 56 | CIR 43643 | | email between Smith and Ngwira re book translation. |
| 4(t) | 75 | CIR 44610 | | email between Smith and Ngwira re Kajumi. |
| 4(u) | 76 | Attached to declaration of Precious Kossamu | | Bank deposit slips. |

Declaration of Samuel Rosenthal
17-CV-03695-JSC

| | | | | |
|---|---|---|---|---|
| 4(v) | 64 | CIR 39468 | | 2008 draft audit statement |

7.     Exhibit 4(f) was downloaded by me from the internet at nyasatimes.com/Malawi-court-convicts-daily-times-journalist-over extortion.   Document 4(h) was obtained by the undersigned from the Malawi government anti-corruption bureau from the official files of that agency.   Exhibit 4(u) is addressed in the contemporaneously filed declaration of Precious Kossamu.

8.     Attached as Exhibit 5 is a true copy of the deposition of Amy Walters, taken in this action.

9.     Attached as Exhibit 6 are true copies of the following deposition exhibits marked at the deposition of Amy Walters:

| Exh. | Depo. Ex. No. | CIR Beginning Bates No, ECF, etc. | Also marked as: | Description |
|---|---|---|---|---|
| 6(a) | 11 | https://www.spj.org/ethicscode.asp | Pyle Ex. 3 | SPJ Code of Ethics. |
| 6(b) | 12 | Revealnews.org | | Ethics Guide |
| 6(c) | 13 | https://www.spj.org/ethics-papers-cbj.asp | | SPJ Position Checkbook Journalism |
| 6(d) | 18 | https://www.npr.org/2008/09/210615253/editor note | | NPR Editors Note. |
| 6(e) | 20 | CIR 48391 | | Harrison Longwe interview transcription. |
| 6(f) | 44 | CIR 70426 | Smith Ex. 55 | Mpeta interview. |
| 6(g) | 25 | CIR 25635 | | Google docs message. |
| 6(h) | 41 | ECF 78-22-40 | | Walters' tweets. |
| 6(i) | 32 | CIR 03681 | | Log-Mon Report. |
| 6(j) | 33 | CIR 07911 | | Log-Mon Report. |
| 6(k) | 38 | 78-22 at 5. | | Walters tweet attached to FAC. |
| 6(l) | 39 | 78-22 at 33 | | Walters tweet attached to FAC |
| 6(m) | 40 | CIR 24350 | | email re social media. |

DECLARATION OF SAMUEL ROSENTHAL
17-CV-03695-JSC

NELSON MULLINS RILEY & SCARBOROUGH, LLP

| 6(n) | 42 | CIR 36595 | Rosenthal Ex. 13 | Email from Sam Ward. |

10.     Exhibits 6(a) through (d) were downloaded by me from the internet cites listed above.  Exhibits 6(k) and (l) were downloaded from twitter.com

11.     Attached as Exhibit 7 is a true copy of the deposition of Robert Rosenthal, taken in this action.

12.     Attached as Exhibit 8 are true copies of the following deposition exhibits marked at the deposition of Robert Rosenthal:

| Exh. | Depo. Ex. No. | Beginning Bates Nos., ECF, etc. | Also marked as: | Description |
|---|---|---|---|---|
| 8(a) | 5 | ECF 235-7 | | E. Phiri Decl. |
| 8(b) | 13 | CIR 36595 | Walters Ex. 42 | Email from Sam Ward to Robert Rosenthal. |
| 8(c) | 15 | CIR 36845 | Sullivan Ex. 23. | Google Docs message from Kevin Sullivan |
| 8(d) | 16 | CIR 37446 | Sullivan Ex. 25 | Google Docs message. |
| 8(e) | 21 | ECF 116, Ex. D | Smith Ex. 28; Sullivan Ex. 4; Rosenthal Ex. 21 | Longwe Ex. D |
| 8(f) | 22 | Revealnews.com | Smith Ex. 29; Sullivan Ex. 5; Rosenthal Ex. 22. | 2014 spreadsheet |

13.     Attached as Exhibit 9 is a true copy of excerpts from the deposition of Deborah George, taken in this action.  Exhibit 8(f) was downloaded from the cloud at revealnews.org, and was hyperlinked to Planet Aid story.

14.     Attached as Exhibit 10 are a true copies of the following deposition exhibits marked at the deposition of Deborah George:

| Exh. | Depo. Ex. No. | Beginning Bates No. | Also marked as: | Description |
|---|---|---|---|---|
| 10(a) | 10 | CIR-DG-00125 | Smith Ex. 30; Sullivan 20 | George email to Sullivan, 7/16/15 |
| 10(b) | 8 | CIR-DG-00200 | Sullivan 19 | Pyle email, 5/28/15. |
| 10(c) | 14 | CIR-DG-00071 | | Sullivan email, 6/12/15. |

NELSON MULLINS RILEY & SCARBOROUGH, LLP

| 10(d) | 18 | CR-DG-000109 | | Pyle email, 8/12/15. |
|---|---|---|---|---|

15.     Attached as Exhibit 11 is a true copy of excerpts from the deposition of Robert Salladay, taken in this action.

16.     Attached as Exhibit 12 are true copies of the following deposition exhibits marked at the deposition of Robert Salladay in this action:

| Exh. | Depo. Ex. No. | BeginningBates No. | Also marked as | Description |
|---|---|---|---|---|
| 12(a) | 18 | NGWIRA482 | Smith Ex. 61; Pyle Ex.1-4. | 2007 KPMG audit report |
| 12(b) | 11 | CIR45568 | Pyle Ex. 4 | Federation invoice for reimbursement. |
| 12(c) | 13 | CIR 002051 | Pyle Ex. 1-33; Sullivan Ex. 8 | Croushorn memo |
| 12(d) | 15 | CIR 008249 | Pyle Ex. 1-32; Sullivan Ex. 12. | Malawi close USDA I |
| 12 (e) | 19 | CIR 25598 | Sullivan 24 | Salladay notes on draft |

17.     Attached as Exhibit 13 is a true copy of the deposition of Kevin Sullivan, taken in this action.

18.     Attached as Exhibit 14 are true copies of the following deposition exhibits marked at the deposition of Kevin Sullivan in this action:

| Ex. | Depo. Ex. No. | Beginning Bates No., ECF, etc. | Also Marked as: | Description |
|---|---|---|---|---|
| 14(a) | 2 | CIR 008921 | | Final Agreement Evaluation |
| 14(b) | 3 | ECF 117-4 | Pyle Ex. 42 | Cash deposit slips |
| 14(c) | 4 | ECF 116, Ex. D. | Smith Ex. 28; Rosenthal Ex. 21 | 2013 spreadsheet |
| 14(d) | 5 | Revealnews.org | Smith Ex. 29; Rosenthal Ex. 22. | 2014 spreadsheet |
| 14(e) | 8 | CIR 0002051 | | Crouchorn memo |
| 14(f) | 9 | CIR 81999 | 40 | Pyle email to Sullivan |
| 14(g) | 10 | ECF 112 | | Declaration of Kevin Sullivan in Support of Anti-SLAPP Motion |
| 14(h) | 11 | CIR 0041057 | Salladay 12 | Sindelar letter |
| 14(i) | 12 | CIR 0008249 | Pyle Ex. 1-32. | USDA letter |
| 14(j) | 13 | CIR 0000749 | | USDA reports |

NELSON MULLINS RILEY & SCARBOROUGH, LLP

DECLARATION OF SAMUEL ROSENTHAL
17-CV-03695-JSC

| 14(k) | 14 | CIR 0004446 | Pyle Ex. 1-34. | Email re Compliance Review Report |
|---|---|---|---|---|
| 14(l) | 16 | CIR 67141 | | Goggins field trip |
| 14(m) | 17 | CIR 0004249 | | Email to Jared Burnett |
| 14(n) | 18 | CIR-DG-00221 | | Initial radio script |
| 14(o) | 20 | CIR DC-00125 | George Ex. 10; Smith Ex. 30. | George email to Sullivan |
| 14(p) | 21 | CIR-SR-0041 | | Sullivan email to Reber |
| 14(q) | 23 | CIR0036845 | Rosenthal Ex. 15. | Google Doc, March 4, 2016 |
| 14(r) | 24 | CIR0025598 | Salladay Ex. 19. | Salladay email to Pyle |
| 14(s) | 25 | CIR0037446 | Rosenthal 16 | Google Docs, April 8, 2016 |
| 14(t) | 26 | CIR0000362 | | Letter from Mozambique Govt. |

19.     Attached as Exhibit 15 is a true copy of Defendant CIR's Corrected Objections and Responses to Planet Aid's First of Interrogatories, provided by Defendant CIR in this action and produced by Defendants to the undersigned.

20.     Attached as Exhibit 16 is a true copy of answers by Defendant CIR to Plaintiff Lisbeth Thomsen's Second Set of Interrogatories, provided by Defendant CIR in this action, and produced by Defendants to the undersigned.

21.     Attached as Exhibit 17 are true copies of documents obtained by the undersigned in response to document requests propounded by Plaintiffs in this action.  With the exception of exhibits 17(l) and (m), below, the documents contain bates number provided by Defendants when producing the documents.

| Ex. | BeginningBates No. | Description |
|---|---|---|
| 17(a) | CIR 40731 | Email from Ngwira to Smith. |
| 17(b) | CIR 37915 | Google docs message from Pyle. |
| 17(c) | CIR 44464 | Email re Chiku Malabwe. |
| 17(d) | CIR-SR-000557 | Email re Goteka |
| 17(e) | CIR 26219 | Email re Berlingske |
| 17(f) | CIR 50561 | Retraction request |

NELSON MULLINS RILEY & SCARBOROUGH, LLP

NELSON MULLINS RILEY & SCARBOROUGH, LLP

| 17(g) | CIR 50846 | Second retraction request |
|---|---|---|
| 17(h) | CIR 51580 | Third retraction letter |
| 17(i) | CIR 51645 | Fourth retraction letter |
| 17(j) | CIR 64817 | Email from Alonge |
| 17(k) | CIR-SR-0002 | Attachment to CIR-SR-0001. |
| 17(l) | Cassella production | 1.15.2016 email from Smith to Cassella. |
| 17(m) | Cassella production | 4.8.16 email from Cassella to Smith |
| 17(n) | CIR 41269 | Emails from Smith to Junge, and to Ngwira |
| 17(o) | CIR 37386 | Google docs message from R. Rosenthal |

22.     All document included in exhibits in the above paragraphs and bearing the bates stamp prefix "CIR," CIR-SR," "CIR-DG" and/or "NGWIRA" are true copies of documents obtained by the undersigned from Defendants in response to requests to produce documents.  . Exhibits 17(l) and 17(m) were produced to the undersigned by Stefan Cassella pursuant to a subpoena duces tecum served upon him.

23.     Attached as Exhibit 18 are true copies of social media downloaded which I caused to be downloaded from twitter.com, instagram.com and facebook.com:

| Ex. | Date | Location | Description |
|---|---|---|---|
| 18(a) | | @amlwalters; instagram.com | Chief at the pump |
| 18(b) | 3/26/16 | Twitter.com | Walters retweet |
| 18(c) | 3/23/16 | Twitter.com | Newsy tweet |
| 18(d) | 3/23/16 | Twitter.com | Fresh news tweet |
| 18(e) | 1/23 | Twitter.com | Smith tweet |
| 18(f) | 3/17/16 | Facebook.com | Walters facebook post. |

24.     The following are true copies of audio files which I caused to be created from audio files provided by Defendants in discovery, and which were marked at the deposition of Kevin Sullivan.  I have listened to the audio files listed below, which contain exactly the same content as exist on those corresponding portions of the audio files produced by Defendants, without any alterations or deletions of the files, other than material either before or after the clips set forth below:

NELSON MULLINS RILEY & SCARBOROUGH, LLP

| Deposition Exhibit No. | CIR identification | Speaker | Tape portion |
|---|---|---|---|
| 36 | CIR 20459 | Mbachi Munthali Matt Smith | 12:58 to 13:43 |
| 37 | HL 2 090415 | Harrison Longwe Matt Smith Amy Walters | 3:48 to 5:46 |
| 30 | Knud 18, 023895 | Knud Haargard | 00 to 1:35 |
| 32 | Knud 7,  023888 | Knud Haargard | 33:18 to 34:27 |
| 33 | Knud 7, 023888 | Knud Haargard Matt Smith | 49:32 to 49:55 |

25.     Exhibits attached to the First Amended Complaint as Exhibits A-E, B-I, N-Pre downloaded by me from revealnews.org. I caused Exhibit R to the FAC to be downloaded from https://www.kcrw.com/news/shows/press-play-with-madeleine-brand/opening-statements-in-paul-tanaka-trial-and-running-and-eating-through-los-angeles/how-does-planet-aid-use-your-old-clothing. I caused Exhibit S to the FAC to be downloaded from https://www.nbcwashington.com/news/local/behind-the-bins-what-did-planet-aid-do-with-your-taxpayer-dollars/62537/.

26.     This declaration is also submitted pursuant to Fed.R.Civ.P. 56 (d).  Plaintiffs have been unable to obtain discovery from several key sources proffered by Defendants, and therefore have been unable to address facts set forth in declarations from those individuals.  Incorporated herein is ECF 166, 167, 189 dealing with this issue.  It is reasonably believed that if discovery were permitted, it would show that statements contained in the declarations of the individuals set forth below are false in many material respects, or that other critical facts exist warranting denial of Defendants' motion.  To the extent that declarations of Smith and Walters repeat, or reference statements of those individuals throughout their declarations, it is believed that additional discovery would show the falsity of their declarations as well.  Set forth below are examples of facts believed to be critical to the Plaintiffs' opposition to Defendant's motion:

27.     The first such individual is Kandani Ngwira.  Plaintiffs have sought unsuccessfully through Defendants' counsel, who also represents Ngwira, to obtain

Declaration of Samuel Rosenthal
17-CV-03695-JSC

discovery from him.   It is reasonably anticipated that if called to testify, Ngwira could confirm that following facts;

- Statements in his declaration are false.

- Sources were paid money for information.  See Emmanuel Phiri Decl.  Others were given money despite Ngwira's assertion that two were paid "nothing whatsoever," compare ECF 115, ¶ 20, or others paid "strictly" upon receipts. *Id.  See* Phiri Decl., ¶¶ 88-100.  Yet others were offered well pumps or material.  See Chibwana Decl., ¶¶ 8-9. Based on the foregoing evidence, Plaintiffs have a good faith belief that Ngwira would admit that such improper payments and offers were made.  Because Defendants have denied that they were aware of any such payments or offers, the only one who can confirm such facts is Ngwira.  This fact is of critical importance since, as Defendants' Executive Director testified, if true, the facts set forth in Emmanuel Phiri's declaration, or others alleging they were offered inducemetns, would "call into question Reveal's reporting generally."  See R.Rosenthal Depo. Tr. at See Rosenthal Depo. Tr. at 130:9 to 131:19; 136:7-16; 161:5-11.

- Ngwira can testify to also offers of recoveries to sources under the False Claims Act on the theory that they were acting as "whistleblowers."  See Ex. 6(f), *supra.* (Ngwira telling a witness that he needed to "come on strong" in the interview to share in a recovery under the False Claims Act).  In another document, Mr. Ngwira acknowledged his understanding that one witness, Chiku Malabwe, would likely help them in their interview, and again referred to the False Claims Act recovery as being a motivating force.  *See infra*, Ex. 17(c).  Testimony is required from Ngwira because Smith could not recall whether there were conversations with other sources about the False Claims Act.  See Smith Depo. Tr. at 407:17 to 408:2.  This fact is also of critical importance given testimony by CIR's Executive Editor that any such offers would have been highly improper and called into question the reporting.  *See supra.*

- Unless Ngwira is asked to testify, there is no one who could testify to other individuals and documentary sources obtained by Ngwira since Defendants claimed that they could not recall either documents reviewed by them, see, e.g., Ex. 16, supra (Interrog. Answ. 15, 16), Walters Depo. Tr. at 353:6-11, 37:22 to 371:4; Smith Depo. Tr. at 345:22 to 346:7;  or individuals.  Walters Depo. Tr. at 217:1-10; 235:12-236:1.

- Ngwira would also testify that they had done nothing to corroborate other facts, even though Defendants recognized that such corroboration was required. For instance, Smith told Ngwira that they needed to corroborate information about fabricated invoices relating to book translations.  See Ex. 4(t), *supra.*  Smith claimed that he had no recollection of having obtained the information, see Smith Depo. Tr. at Smith Depo. Tr. at 431:9-19, necessitating Ngwira's testimony on that issue.

NELSON MULLINS RILEY & SCARBOROUGH, LLP

NELSON MULLINS RILEY & SCARBOROUGH, LLP

28.     Harrison Longwe.  Mr. Longwe was one of the key sources identified by Defendants.  It is reasonably believed that, if deposed, Mr. Longwe would admit the following facts:

- Statements in his declaration are false.

- That he was unaware of anything done by Planet Aid and/or DAPP Malawi which was fraudulent per se, but only things which he felt were "unusual," which he expressed to Defendants. See Ngunde Decl. (10/13/2018), ¶ 26.

- Longwe would testify that there are numerous factual errors and mistakes contained in his declaration,  as set forth in the Declaration of Bruce Phiri, and that he communicated facts to Defendants relating to such errors and mistakes.   Longwe would also confirm that various facts set forth in his declaration were never communicated to Defendants.

- Longwe would acknowledge that it was erroneous for him to allege in the statement included in the Podcast that 70% of USDA funds were siphoned away, see Podcast at 39, which was based on an erroneous assumption on his part, see Ex.6(e), *supra*, and that had he been aware of the correct assumptions, he would not have concluded that 70% of the funds had been siphoned away.

- The accounting records in Defendants' possession contained an accurate accounting of all income and expenses on the USDA projects. See B. Phiri, Meehan Decl., and that he communicated those facts to Defendants.  Mr. Longwe would admit also that Defendants had in their possession sufficient documentation showing that there was a proper accounting for all funds provided by the USDA.

29.     Marko Zebiah is another critical witness who provided a declaration in support of Defendants' motion.  It is anticipated that if Zebiah were to testify, he would establish the following facts:

- Statements in his declaration are false.

-  It was false to allege in his declaration that that he saw no benefit from the USDA Farmers' Club Program.  See ECF 117, ¶¶ 24-25,  Zebiah told Defendants that he believed that Farmers' Club yields where he was an instructor substantially increased. *See* Kachara Decl. ¶5.

- It was false to publish a statement that individuals interviewed by Defendants contributed 20-100% of their salaries to the Teachers Group.  It is reasonable to assume that Zebiah will testify that he made no such statement to Defendants. Zebiah also would authenticate bank records confirming that no

- 12 -

such amount had been contributed by him or anyone else in his group, as well as additional records indicating that money contributed by him ended up in an account in Zebiah's name.  See O. Thomsen Decl., ¶¶ 8-12.

- Zebiah and others received more money from Lisbeth Thomsen and others than they had contributed to the Teachers Group.  See O. Thomsen Decl.

30.   Another individual who provided a declaration but who refuses to be deposed is Patrick Goteka.   It is reasonably anticipated that if called to testify Mr. Goteka would provide the following facts:

- Statements in his declaration are false.

- He never told Defendants that at least half the US Government funds provided by the USDA had been fraudulently siphoned away, diverted or stolen.

- It is reasonably believed that Goteka would testify that he made Defendants aware that what they were publishing relating to his contributions, and those of others to the Teachers Group, were false based on documents which he showed to them reflecting that he and others had made only nominal contributions.

- It is also reasonably believed that Goteka would testify that Defendants were aware that it was false to allege that he had told them that at least half the US government funds were being fraudulently siphoned away, see Podcast at 39, since made no such statement.

- Goteka would also testify that he was provided substantial benefits in return for helping Defendants.   It is reasonably believed that if he were deposed he would testify that he was paid $800 to relocate, see Ex. 17(d), *supra*, he was offered a new computer to replace his broken one, and that all expenses were paid for him while in Malawi while meeting with Defendants.   Goteka would also be able to testify that he sought additional substantial benefits, including assistance in relocating to the United States.

- Goteka would also testify that he falsified the story about being in fear for his life, which was based in large part on the allegation that there was a car behind him while in Malawi. See ECF 126, ¶ 57.  Goteka would testify that he knew perfectly well that it was a friend of his, Kumbukani Mataka, see Mataka Decl., and that Goteka had absolutely no fear of being harmed by this individual, who he knew extremely well.

- While claiming that money was "forcefully" taken from his salary by Charlotte Danckert and Lisbeth Thomsen, it is reasonably believed that Mr. Goteka would acknowledge based on documentary evidence that this allegation is false and that he requested that the withdrawal in question be given to him as a loan.   See L. Thomsen Decl., ¶ 82.

NELSON MULLINS RILEY & SCARBOROUGH, LLP

NELSON MULLINS RILEY & SCARBOROUGH, LLP

- Mr. Goteka's duties as "campus manager" at the Amalika school did not include any responsibility for overseeing the USDA Program in Malawi. It is also anticipated that if called to testify that he had no role in any donor audits or reviews, and was unaware of any audit at Amalika school, as no such audit occurred or was contemplated, and that he had told Defendants such facts.

- Goteka was unaware of any decision or action by Amdi Petersen regarding the USDA programs, including the use of funds obtained from the USDA.

- Goteka was unaware of any finances regarding Jacaranda farm in Malawi, as he was a visitor at that farm for a total of a few weeks prior to returning home to Zimbabwe.

31.     Finally, defendants have submitted a declaration from Mbachi Munthali. Defendants believe that if called to testify Ms. Munthali would testify as follows:

- Statements in her declaration are false.

- Munthali would testify that she was unaware of any facts regarding the USDA program in Malawi, and had no recollection of there even having been a USDA program, and made Defendants aware of such facts. *See* Sullivan Tr. at 214:11 to 216:17.   It is also believed that she would testify that she made Defendants aware that the policies and procedures refenced in her declaration pre-existed her employment, and that she had no knowledge of what procedures were used in the USDA program.

- She would also testify that Defendants were made aware by her that because she was given no responsibilities or duties regarding any other donor program, see ECF 119 ¶5a, she was unaware of any misuse of funds regarding any such program, and made Defendants aware of such facts.  Further, because Ms. Munthali did not access procurement documents, see ECF 119, ¶5c, she had no personal knowledge as to what procedures or protocols were existing as to any purchases.

32.     Plaintiffs have made a diligent effort to obtain the testimony of each of the foregoing individuals.  See ECF 166, 167, 189.  As to Ngwira, Defendants repeatedly indicated for over a year that they would accept service of a subpoena for Ngwira.  ECF 189 at 2.  Plaintiffs have sought Ngwira's testimony through letters rogatory, which has failed to result in obtaining his testimony.  As reflected in prior filings, it is extremely unlikely that those letters rogatory will succeed in obtaining Ngwira's testimony at any point.  See ECF 166, 189.

NELSON MULLINS RILEY & SCARBOROUGH, LLP

33.     As to Zebiah and Longwe, Defendants have made repeated efforts to contact them directly.  As this Court is aware from prior motions practice, both individuals have refused to respond to frequent requests for them to participate in discovery.  As to Patrick Goteka, Defense counsel provided contact information who presumably could communicate with Goteka.  See ECF 189.  Repeated efforts to contact Goteka through the contact information provided by defense counsel has proved fruitless. *Id.*

34.     As to Munthali, the undersigned was prohibited by ethics rules from contacting her directly since she was an adverse party represented by counsel as a result of litigation with DAPP Malawi.  The undersigned attempted to obtain discovery from her by contacting her counsel identified in pleading filed by her in a lawsuit against DAPP Malawi.  No response was received from Ms. Munthali or her counsel.

35.     As to Innocent Chitosi, the undersigned, along with local counsel for Plaintiffs, repeatedly attempted to reach Mr. Chitosi, including leaving call back information.  See Ngunde Decl., ¶ 8. Mr. Chitosi failed to return any calls or communicate with the undersigned or counsel in Malawi.

36.     As to Harrison Longwe, the undersigned was able to begin an interview of him in Malawi, prior to the lawsuit being filed.  As reflected in the declaration of Chrispin Ngunde, filed in opposition to the Defendants' motion to strike, Mr. Longwe refused to continue the interview and got up and walked away.  See Ngunde Decl., ¶ 7.  As reflected in prior motions practice, the undersigned has made several attempts to reach him.  As reflected in prior filings, Mr. Longwe advised that he has no intention of participating in discovery, or providing any information as to the truthfulness of his declaration.

37.     There is little likelihood that Plaintiffs will be able to obtain testimony from any of the above individuals.  As to Ngwira and Munthali, because they are represented by counsel, it would be unethical for Plaintiffs' counsel to contact them directly.  As to all of the above individuals, Ms. Thomsen has made a diligent effort to see whether individuals known to her may be able to convince the above witnesses to cooperate in discovery.  All such efforts were unsuccessful.

Declaration of Samuel Rosenthal
17-CV-03695-JSC

NELSON MULLINS RILEY & SCARBOROUGH, LLP

38.     When all other efforts to secure the testimony of the above witnesses failed, Plaintiffs attempted to secure the assistance of the State Department through letters rogatory. See ECF 269.  It is unlikely that those efforts will result in being able to depose any of the individuals in question.  As explained in our previous filings, Defendants have refused to provide adequate addresses that would have allowed Plaintiffs or the Government of Malawi to serve those individuals with any process. Also, because Malawi is not a member of the Hague convention, any effort to obtain testimony from any of the five is bound to fail. Although a request has been made to the State Department for issuance of letters rogatory, there is little likelihood that this will succeed in securing their testimony, and Defendants have resisted even providing sufficient information with which to locate or serve any of them. By way of example, Patrick Goteka claims to be in hiding, and Defendants refuse to provide any information that would allow proper service.

39.     Ms. Thomsen has also made a diligent effort to secure cooperation from individuals in question, and attempted to locate individuals who might be in a position to implore them to participate in discovery.  To date, none of those efforts have been successful.

40.     I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on:  September 21, 2020                    /s/ Samuel Rosenthal
                                                    Samuel Rosenthal

Declaration of Samuel Rosenthal
17-CV-03695-JSC