Samuel Rosenthal (pro hac vice)
sam.rosenthal@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave., N.W.
Washington, D.C. 20001
Telephone: +1 202-689-2915
Facsimile: +1 202-712-2860

Phil Busman (pro hac vice)
Phil.busman@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
101 Constitution Ave., N.W.
Washington, D.C. 20001
Telephone: +1 202-689-2988

Cory E. Manning (State Bar # 213120)
cory.manning@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
1320 Main St., 17th Floor
Columbia, SC 29201
Telephone: +1 803-255-5524
Facsimile: +1 803-256-7500

Crispin L. Collins (State Bar # 311755)
crispin.collins@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 301
Torrance, CA 90502
Telephone: +1 424-221-7407
Facsimile: +1 424-221-7499

Attorneys for Plaintiffs
Planet Aid Inc. and Lisbeth Thomsen

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PLANET AID INC.; and LISBETH THOMSEN,<br><br>Plaintiffs,<br><br>v.<br><br>REVEAL, CENTER FOR INVESTIGATIVE REPORTING; MATT SMITH; and AMY WALTERS,<br><br>Defendants. | Case No. 17-cv-03695-JSC<br><br>**OBJECTIONS TO REPLY EVDIENCE PURSUANT TO LOCAL RULE 7-3(d)(1)**<br><br>Judge: Hon. Maxine Chesney<br><br>DATE:    July 30, 2021<br>TIME:<br>LOCATION:   San Francisco Courthouse<br>            Courtroom 7- 19th Floor<br>            450 Golden Gate Ave.<br>            San Francisco, CA 94102 |

Plaintiffs Planet Aid and Lisbeth Thomsen hereby object pursuant to Local Rule 7-3(d)(l) to the evidence offered for the first time in defendants' reply in support of their fee application.

Failure to offer evidence in their motion, leaving it for their reply, is sufficient to deny consideration of such evidence. See, e.g., *Nucci v. Rite Aid Corp.*, No. 19-CV-01434-LHK, 2020 WL 3187335, at *4 n.1 (N.D. Cal. June 14, 2020) ((" [T]he Court 'will not consider' the 'new

evidence raised for the first time in the reply.") (quoting *Roe v. Doe*, No. C 09-0682 PJH, 2009 WL 1883752, at *5 (N.D. Cal June 30, 2009)); *Tae Youn Shim v. Lawler*, No. 17-cv-04920-EMC, 2019 WL 2996443, at *7 (N.D. Cal. July 9, 2019) (exhibits submitted in support of the motion were "not file[d] with their initial motion. . . . [and that] Court therefore STRIKES these new exhibits." (citations omitted)); *Cubic Telecom Ltd. v. Wang*, No. 14-cv-02956-EDL, 2015 WL 12656238, at *5 (N.D. Cal. Aug. 20, 2015) ("new evidence or issues raised for the first time on [r]eply should not be considered." (citations omitted)).

Accordingly, plaintiffs hereby object to the additional fee information provided by defendants for the first time in their reply. See ECF 324-3. The declaration of Noel Nurrenbern makes the startling revelation that notwithstanding a fee application of almost $4 million, which they heavily defend because they spent so much time on document review, they actually had an outside vendor conducting the document review. ECF 324-3, ¶2. They offered no reason why they did not include this evidence with their initial motion. Especially in light of the fact that plaintiffs demonstrated that use of an outside vendor would have reduced all of the discovery costs to a fraction of what was charged, see Molner Declaration, this information should raise serious questions why defense counsel charged millions of dollars for document review. It also raises questions whether defendants' review was redundant of services being performed by an outside vendor.

Plaintiffs also pointed out in their opposition to the original fee application, it is fundamentally unfair to include information in the reply relating to fees on fees, knowing that by doing so they deprive the plaintiffs of an opportunity to respond to that evidence.

Second, plaintiffs object to the exhibits to the declaration of Annie Shi, ECF 324-4, which reflect tax returns by Planet Aid, showing amounts paid for legal services to Nelson Mullins. Again, there was no reason why this information was not included in the original moving papers, instead of raising it for the first in reply. Defendants also fail to lay even a rudimentary foundation for that evidence, which evidence is irrelevant in any event. Defendants ask the Court to speculate that because Planet Aid paid for legal services while this case was pending, all such payments must be presumed to relate solely to this case, and further, were related to the anti-SLAPP motion. That

assumption is not only unduly speculative, it is wrong.  For that reason, the additional fee materials and tax returns of Planet Aid should be excluded from consideration.

Respectfully submitted,

NELSON, MULLINS, SCARBOROUGH & RILEY

*/s/ Samuel Rosenthal (pro hac vice)*
Attorneys for Plaintiffs Planet Aid, Inc.
and Lisbeth Thomsen
