1

2

3

4
IN THE UNITED STATES DISTRICT COURT

5
FOR THE NORTHERN DISTRICT OF CALIFORNIA

6

7
PLANET AID, INC., et al.,                     Case No. 17-cv-03695-MMC

8
          Plaintiffs,

9
   v.                                    **ORDER DEFERRING RULING ON DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**

10
REVEAL, CENTER FOR

11
INVESTIGATIVE REPORTING, et al.,

          Defendants.

12

13
      Before the Court is defendants Reveal, Center for Investigative Reporting, Matt

14
Smith, and Amy Walters' "Motion for Attorneys' Fees and Costs," filed May 6, 2021.

15
Plaintiffs Planet Aid, Inc. and Lisbeth Thomsen have filed opposition, to which defendants

16
have replied, after which, with leave of Court, plaintiffs filed a surreply.  Having read and

17
considered the papers filed in support of and in opposition to the motion, the Court rules

18
as follows.[1]

19
      On August 25, 2016, plaintiffs filed the instant action, alleging defendants

20
published false and defamatory statements about plaintiffs.  On July 2, 2018, defendants

21
filed a "Special Motion to Strike Plaintiffs' Complaint," seeking an order dismissing the

22
operative complaint in its entirety pursuant to section 425.16 of the California Code of

23
Civil Procedure, California's "anti-SLAPP" statute.[2]  By order filed March 23, 2021, the

24
Court granted defendants' Motion to Strike and dismissed the above-titled action with

25

26
      [1] By order filed August 19, 2021, the Court took the matter under submission.

27
      [2] "Anti-SLAPP" is an acronym for "Anti-Strategic Lawsuit Against Public

28
Participation."  See Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 837 n.7 (9th Cir. 2001).

United States District Court
Northern District of California

1  prejudice.  On April 19, 2021, plaintiffs filed a notice of appeal from the order of dismissal,

2  which appeal presently is pending before the Ninth Circuit.

3  By the instant motion, defendants seek a total of $4,149,897.91 in attorney's fees

4  and costs.[3]  In opposing the motion, plaintiffs, at the outset, argue the Court "should defer

5  determination of the amount of fees and costs—or deny the motion without prejudice to

6  being renewed—until after the Ninth Circuit renders its decision [on their appeal]."  (See

7  Opp. at 6:22-24.)

8  An appeal from a decision on the merits does not foreclose an award of attorney's

9  fees by the district court.  See Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th

10  Cir. 1983) (holding district court "retained the power to award attorneys' fees after the

11  notice of appeal from the decision on the merits had been filed").  The district court may,

12  however, "in its discretion, 'rule on the claim for fees, [ ] defer its ruling on the motion, or

13  [ ] deny the motion without prejudice, directing . . . a new period for filing after the appeal

14  has been resolved.'"  See G.P.P., Inc. v. Guardian Prot. Prods., Inc., No. 1:15-CV-00321-

15  SKO, 2018 WL 932087, at *2 (E.D. Cal. Feb. 16, 2018) (quoting Fed. R. Civ. P. 54(d)

16  advisory committee's note to 1993 amendment).

17  "District courts have widely exercised their discretion to defer ruling on a motion for

18  attorneys' fees or to deny the motion without prejudice pending an appeal on the merits."

19  Freeman Inv. Mgmt. Co. v. Frank Russell Co., No. 13-CV-2856 JLS (RBB), 2017 WL

20  11420268, at *1 (S.D. Cal. Feb. 9, 2017).  Where, for example, "the claim for fees

21  involves substantial issues or is likely to be affected by the appellate decision, the district

22  court may prefer to defer consideration of the claim for fees until after the appeal is

23  resolved."  See Fed. R. Civ. P. 58 advisory committee's note to 1993 amendment.

24

25  _____

26  [3] The amount appears to be primarily attributable to fees incurred in conducting discovery in connection with the Motion to Strike.  (See Reply at 1:11-16); see also Cal. Code Civ. P. § 425.16(c)(1) (providing, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs"); Metabolife, 264 F.3d at 845 (holding provision of California's anti-SLAPP statute staying discovery upon filing of anti-SLAPP motion inapplicable in federal court).

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Here, plaintiffs argue, deferring resolution of the instant motion pending appeal is

2   preferable, given the significant amount of fees requested and their challenge to what

3   they describe as "the highly controversial application of California's anti-SLAPP law in

4   federal court."  (See Opp. at 1:15-17.)  In that regard, plaintiffs point out that, after the

5   Supreme Court's ruling in Shady Grove Orthopedic Associations, P.A. v. Allstate

6   Insurance Co., 559 U.S. 393 (2010),[4] the majority of circuits to have addressed the

7   applicability of state anti-SLAPP statutes in federal court have held such statutes

8   inapplicable.[5]  Although the Ninth Circuit has found to the contrary, that determination

9   was made before Shady Grove, see United States ex rel. Newsham v. Lockheed Missiles

10  & Space Co., 190 F.3d 963, 972-73 (9th Cir. 1999), and, as plaintiffs note, several Ninth

11  Circuit judges, subsequent to Shady Grove, have opined that such determination should

12  be reconsidered, see Makaeff v. Trump Univ., LLC, 736 F.3d 1180, 1188 (9th Cir. 2013)

13  (Watford, J., joined by Kozinski J., Paez J., and Bea, J., dissenting from denial of

14  rehearing en banc); CoreCivic Inc. v. Candide Grp. LLC, No. C-20-03792-WHA, 2021 WL

15  1267259, at *3 (N.D. Cal. Apr. 6, 2021) (noting, "[o]ur own court of appeals . . . has not

16  yet expressly decided how Shady Grove applies to a state anti-SLAPP statute"); see also

17  La Liberte, 966 F.3d at 86-87 (finding California's anti-SLAPP statute inapplicable in

18  federal court; "disagree[ing]" with Newsham).

19  In response, defendants, citing Smith v. Payne, No. C 12-01732 DMR, 2013 WL

20  1615850 (N.D. Cal. Apr. 15, 2013), contend "it is . . . in the interest of judicial economy for

21

22      [4] In Shady Grove, the Supreme Court set forth the following "framework" for
23  resolving potential conflicts between state laws and the Federal Rules of Civil Procedure:
    a federal court "must first determine whether [the Federal Rule of Civil Procedure]
24  answers the question in dispute[,] [and] [i]f it does, it governs—[state] law
    notwithstanding—unless it exceeds statutory authorization or Congress's rulemaking
25  power."  See Shady Grove, 559 U.S. at 396-97 (internal citation omitted).

26      [5] See La Liberte v. Reid, 966 F.3d 79, 87-88 (2d Cir. 2020); Klocke v. Watson, 936
    F.3d 240, 245 (5th Cir. 2019); Carbone v. Cable News Network, Inc., 910 F.3d 1345,
27  1357 (11th Cir. 2018); Los Lobos Renewable Power, LLC v. AmeriCulture, Inc., 885 F.3d
    659, 673 (10th Cir. 2018); Abbas v. Foreign Policy Grp., LLC, 783 F.3d 1328, 1333 (D.C.
28  Cir. 2015).

3

this Court to rule on [d]efendants' Fee Motion now, so that any potential appeal of the fee award can be combined with [p]laintiffs' appeal on the merits."  (See Reply at 3:1-6); see also Smith, 2013 WL 1615850, at *2 (declining to defer ruling on motion for attorney's fees and costs pending appeal of order granting anti-SLAPP motion).

In contrast to plaintiffs in the instant action, however, there is no indication the plaintiffs in Smith made any showing as to the likelihood of reversal on appeal, and the fees and costs sought therein, $42,548.71, represents a very small fraction of the fees and costs sought in the instant action.  See Smith, 2013 WL 1615850, at *1-2. Consequently, although it often is preferable to have "all issues arising out of a single lawsuit . . . considered in one appellate proceeding," see Metcalf v. Borba, 681 F.2d 1183, 1188 (9th Cir. 1982), in this instance, the circumstances warrant a different finding.

In particular, there being no suggestion that any party would be harmed by a delay in resolving the instant motion, and given the substantial showing plaintiffs have made as to the potential for reversal of the judgment on which defendants' entitlement to fees is predicated, see Automotive Techs. Int'l, Inc. v. Delphi Corp., No. 08-11048, 2011 WL 13209069, at *3 (E.D. Mich. June 16, 2011) (noting, "[t]here is no reason to render a decision on fees when key elements of the fee calculus[,] including which party is the prevailing party . . .[,] will be informed by the appellate outcome"), as well as the "bone-crushing labor required to vet the large amount of fees requested," see CoreCivic, 2021 WL 1267259, at *1, *6 (deferring calculation of attorney's fees and costs pending appeal),[6] the Court finds the balance of considerations weighs in favor of deferral pending the Ninth Circuit's determination as to whether, in light of Shady Grove, California's anti-SLAPP statute applies in federal court.[7]

_____

[6] The opening brief on appeal in CoreCivic, filed August 16, 2021, addresses at considerable length the issue of whether California's anti-SLAPP statute applies in federal court.  See Principal Br. of Pl.-Appellant CoreCivic, Inc. at 31-50, CoreCivic, No. 20-17285 (9th Cir. Aug. 16, 2021).

[7] The Court notes that some district courts, in deciding whether to stay post-judgment calculation of attorney's fees and costs pending appeal, have applied the factors set forth in Hilton v. Braunskill, 481 U.S. 770 (1987), or Landis v. North American

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

   Accordingly, the Court's ruling on defendants' Motion for Attorneys' Fees and Costs is hereby DEFERRED pending the Ninth Circuit's determination as to whether California's anti-SLAPP statute applies in federal court.  For administrative purposes, the Motion is hereby terminated without prejudice to renoticing as appropriate.

   **IT IS SO ORDERED.**

Dated: August 27, 2021

_____
MAXINE M. CHESNEY
United States District Judge

---

Co., 299 U.S. 248 (1936), and have disagreed as to which set of factors applies. Compare Green v. Kanazawa, Nos. 16-00054 & 16-00055, 2018 WL 6592045, at *1-2 (D. Haw. July 2, 2018) (applying Landis factors), with Personal Web Techs., LLC v. EMC Corp., No. 13-cv-01358-EJD, 2020 WL 1557441, at *1 (N.D. Cal. Apr. 1, 2020) (applying Hilton factors).  In this instance, however, under either test, the Court's decision, as set forth above, would remain unchanged.